James R. Lance (147173)
  jlance@knlh.com
Jacob M. Slania (200652)
  jslania@knlh.com
Dylan O. Malagrino (228052)
  dmalagrino@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
600 West Broadway, Suite 1100
San Diego, California 92101-3387
Telephone (619) 231-8666
Facsimile (619) 231-9593

Jeffrey A. Leon [PRO HAC VICE PENDING]
Kristopher J. Stark [PRO HAC VICE PENDING]
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois 60602-4224
Telephone (312) 977-4400
Facsimile (312) 977-4405

Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California corporation,<br><br>Defendant. | CASE NO. 07-CV-2172 BEN (JMA)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Ctrm: 3<br>Judge: Hon. Roger T. Benitez |

## 1. INTRODUCTION

Plaintiff United National Maintenance, Inc. ("United") respectfully requests that this Court issue an order shortening time to hear United's motion for a preliminary injunction and to set a hearing date on the motion to be heard on or before November 28, 2007. Currently United's Motion for Preliminary Injunction is scheduled for January 7, 2008 at 10:30 a.m. in

Courtroom 3. United requires expedited consideration of its motion because it is being irreparably injured as alleged in detail in its multi-count antitrust complaint which seeks to enjoin Defendant San Diego Convention Center Corporation, Inc. ("SDCC") from committing unlawful actions which threaten to create a monopoly over the sale of Trade Show Cleaning Services to large trade shows and conventions held at the San Diego Convention Center ("SDCC Facility"). SDCC's unlawful actions include implementing a policy on July 1, 2007 mandating that all Trade Show Cleaning Services within the SDCC Facility be performed by SDCC employees. United personnel physically cannot now enter the SDCC Facility, and United is losing its employees, prospective business opportunities and revenues that SDCC claims are not financially recoverable because of the asserted sovereign immunity.

Local Rule 7 does not specifically except preliminary injunction motions from the general rule which does not allow motions to be heard less than 28 days from filing. Under such a schedule, United would suffer another month of losses to its manpower, ultimately threatening its ability to reconstitute, and to its bottom line, damages the SDCC emphatically asserts are not recoverable at law should a preliminary injunction be issued. The presence of matters of irreparable harm clearly require expedited consideration beyond that contemplated by Local Rule 7.

## 2. FACTUAL SUMMARY

For the last 19 years, United has provided Trade Show Cleaning Services at the SDCC Facility and has continuously competed with SDCC throughout that time to sell such services to trade shows held at the SDCC Facility. Before SDCC's unlawful actions, United had a 40% market share of Trade Show Cleaning Service contracts for shows held at the SDCC Facility, with SDCC having the remaining 60%.

On July 1, 2007, SDCC elected to stop competing against United. Instead, SDCC barred United's employees from entering the SDCC Facility and mandated the exclusive use of SDCC employees for all Trade Show Cleaning Services at the SDCC Facility. SDCC's claimed "security" justification for this new policy is a sham as it is not applied to the thousands of other workers who regularly enter the SDCC Facility to set up or break down

1  trade shows. The policy is only applied to labor for the single category of trade services with
2  which the SDCC competes: Trade Show Cleaning. This action has effectively assured SDCC
3  a 100% market share in Trade Show Cleaning Services at the SDCC Facility. United has a
4  substantial likelihood of successfully showing that SDCC's policy is unlawful under the
5  antitrust laws.
6        This new policy is presently and continually causing United irreparable harm. United
7  has been allowed to continue to provide services at the SDCC Facility only if United uses
8  SDCC employees to perform Trade Show Cleaning Services. However, under this mandate,
9  United has been forced to accept unacceptable financial terms: the surrender to the SDCC of
10 100% or more of the Booth Cleaning revenue United earns under its contracts with general
11 contractors and a 70¢ per hour loss on the use of SDCC's workforce for the Facility Cleaning
12 portions of its contracts. SDCC has claimed that, as a governmental unit of the City of San
13 Diego, it is immune to paying damages for these losses, which would make the losses
14 irreparable.
15       In addition to the lost revenues, United is losing its workforce. Under the new policy,
16 United workers cannot enter the SDCC Facility. As such, they cannot work at all for United.
17 Because they are not working, they are not getting paid, and they are leaving United to find
18 other jobs, and the more time that passes, the more difficult it will be for United to recruit
19 them to come back. If United cannot reconstitute the bulk of its workforce, it will have lost its
20 ability to fairly compete in the San Diego market.
21       In an effort to avoid the tragic consequences of SDCC's new policy, United initiated
22 this action. United's Complaint alleges seven causes of action against SDCC: 1) Attempted
23 Monopolization in violation of Section 2 of the Sherman Act; 2) Denial of Essential Facilities
24 in violation of Section 2 of the Sherman Act; 3) Unlawful Group Boycott in violation of
25 Section 2 of the Sherman Act; 4) Exclusive Dealing in violation of Section 1 of the Sherman
26 Act; 5) Interference with Contract; 6) Interference with Prospective Business Advantage in
27 violation of California Business and Professions Code §§ 16700, *et seq.*, 17000, *et seq.*; and
28 7) Unfair Business Practices in violation of California Business and Professions Code §§

17000, *et seq*. In conjunction with the complaint, United is seeking a preliminary injunction under the federal antitrust counts seeking to enjoin SDCC's wrongful conduct.

### 3. UNITED IS ENTITLED TO THE RELIEF SOUGHT

Local Rule 7.1(e)(1) requires a "minimum filing date of 28 calendar days prior to the Monday for which [a motion] is noticed" for all motions "unless the court shortens time" from the 28 days. This general purpose rule applies to all motions, from the routine discovery dispute to the motion for a temporary restraining order or preliminary injunction. Given the urgent nature of a motion for preliminary injunction, which can only issue if some modicum of irreparable harm is possible, shortening of time is necessary here.

Rule 7.1 specifically empowers a court to shorten the time from 28 days' minimum notice as may be necessary for resolution of specific contested motions. *See also* Local Rule 7.1(a) ("Unless otherwise ordered by a judge of this district . . . the provisions of this rule [including 7.1(e)(1)] shall apply to all motions."). There is a specific subsection entitled "Applications For Orders Shortening Time," which states that "all applications for orders shortening time under these rules shall be submitted ex parte, be accompanied by a proposed order, and be served on all opposing parties." Local Rule 7.1(a)(5).[1]

United asks this Court to issue an order shortening time to hear its Motion for Preliminary Injunction because, during such a long notice period, United will continue to suffer harm that is irreparable such as (i) the continued loss of United's long-term employees and the likelihood, which increases with each passing day, that United will not be able to reconstitute its workforce even if an injunction is ultimately issued; (ii) the loss of competition, since United is not competing for new business at this time and customers are

---

[1] The Court also has the inherent power to control its calendar and the power to shorten time to hear motions under Rule 6(d) of the Federal Rules of Civil Procedure. Rule 6(d) explicitly fixes the time for hearings on noticed motions "unless a different period is fixed…by order of the court." Fed.R. Civ. P. 6(d). *See United States v. Fitch*, 472 F.2d 548, 549 n. 5 (9th Cir. 1973), *cert. denied*, 410 U.S. 914 (1973).

1  therefore not able to benefit from such competition; and (iii) monetary losses, which SDCC
2  claims are not recoverable because of its asserted sovereign immunity.

3        It is well established that urgency is "characteristic of the preliminary injunction
4  context." 11A CHARLES ALLEN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2949,
5  at 213-14 (2d ed. 1995); *see also GlaxoSmithKline Consumer Healthcare, L.P. v. Merix
6  Pharm. Corp.*, 197 Fed. Appx. 120, 124 (3d Cir. 2006) (acknowledging the "time-is-of-the-
7  essence nature of preliminary injunction proceedings"). Courts commonly hold hearings
8  regarding motions for preliminary injunctive relief on shortened notice to the opposing party.
9  *See, e.g., Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1153-54
10  (10th Cir. 2001 (one day's notice); *Ciena Corp. v. Jarrard*, 203 F.3d 312, 320 (4th Cir. 2000)
11  (two days' notice); *Anderson v. Davila*, 125 F.3d 148, 156-57 (3d Cir. 1997) (three days'
12  notice); *Illinois ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1340-41 (7th Cir. 1989) (one day's
13  notice); *U.S. v. State of Al.*, 791 F.2d 1450, 1458 (11th Cir. 1986) (one to three days' notice).

14        United is without fault in creating this situation which requires *ex parte* relief. United
15  has concurrently filed its Motion for Preliminary Injunction herewith, which immediately
16  followed the filing of its Complaint.
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

## 4. CONCLUSION

For the foregoing reasons, good cause exists for the issuance of an Order Shortening Time to hear United's Motion for Preliminary Injunction. Accordingly, United respectfully asks the Court to shorten the time to hear its Motion for Preliminary Injunction to the earliest available court date.

DATED: November 15, 2007

By: /s/ Jacob M. Slania
Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.

James R. Lance (147173)
Jacob M. Slania (200652)
Dylan O. Malagrino (228052)
**KIRBY NOONAN LANCE & HOGE LLP**
600 West Broadway, Suite 1100
San Diego, California 92101-3387
Tel: (619) 231-8666
Fax: (619) 231-9593

Jeffrey A. Leon [PRO HAC VICE PENDING]
Kristopher J. Stark [PRO HAC VICE PENDING]
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, IL 60602-4224
Tel: (312) 977-4400
Fax: (312) 977-4405