James R. Lance (147173)
  jlance@knlh.com
Jacob M. Slania (200652)
  jslania@knlh.com
Dylan O. Malagrino (228052)
  dmalagrino@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
600 West Broadway, Suite 1100
San Diego, California 92101-3387
Telephone (619) 231-8666
Facsimile (619) 231-9593

Jeffrey A. Leon [PRO HAC VICE PENDING]
Kristopher J. Stark [PRO HAC VICE PENDING]
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois 60602-4224
Telephone (312) 977-4400
Facsimile (312) 977-4405

Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California corporation,<br><br>Defendant. | CASE NO. 07-CV-2172 BEN (JMA)<br><br>**CERTIFICATE OF COUNSEL IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Ctrm: 3<br>Judge: Hon. Roger T. Benitez |

I, Jacob M. Slania, declare:

1. I am a partner with the law firm of Kirby Noonan Lance & Hoge, LLP, counsel of record for United National Maintenance, Inc. ("United") in the above-captioned action. All facts stated herein are true and correct of my own personal knowledge, and if called as a witness I could and would testify competently thereto.

2. This Certificate is submitted in support of United's *Ex Parte* Application for an Order Shortening Time to hear United's Motion for Preliminary Injunction, filed concurrently herewith.

3. This is an action that seeks injunctive relief to enjoin Defendant San Diego Convention Center Corporation, Inc. ("SDCC") from violating antitrust laws and to recover related damages for federal and pendant state claims.

4. There are seven causes of action in United's Complaint against SDCC: 1) Attempted Monopolization in violation of Section 2 of the Sherman Act; 2) Denial of Essential Facilities in violation of Section 2 of the Sherman Act; 3) Unlawful Group Boycott in violation of Section 2 of the Sherman Act; 4) Exclusive Dealing in violation of Section 1 of the Sherman Act; 5) Interference with Contract; 6) Interference with Prospective Business Advantage in violation of California Business and Professions Code §§ 16700, *et seq.*, 17000, *et seq.*; and 7) Unfair Business Practices in violation of California Business and Professions Code §§ 17000, *et seq.*

5. United's Motion for Preliminary Injunction should be heard on shortened time because United has a strong likelihood of success on the merits of the underlying action. United has a strong likelihood of success on the merits of the underlying action because SDCC has implemented a monopolistic policy that is presently and continually causing United irreparable harm. SDCC's new policy of requiring only SDCC employees to perform Trade Show Cleaning Services within the San Diego Convention Center is causing United to lose its skilled and knowledgeable workforce, which means SDCC will have been permitted to create a monopoly because United will lose the ability to compete. SDCC's new policy is causing United irreparable harm because United will be unlikely to reconstitute its workforce and SDCC insists United's monetary losses likely cannot be recouped because of SDCC's status as a public benefit corporation. There is a need to preserve the *status quo* in light of the continuing irreparable harm SDCC's actions are causing United and the likelihood that the irreparable harm—including but not limited to United's depleted workforce and lost revenues—will not be compensable by a damage award. United's Motion for Preliminary Injunction should be heard on shortened time because a balance of the hardships favors United.

6. On Thursday, November 15, 2007, I called counsel for SDCC, Regina Petty and Sotera Anderson of Wilson Petty Kosmo & Turner, LLP, to advise them of United's decision to request an Order Shortening Time to hear United's Motion for Preliminary Injunction. I was told Ms. Petty was out of the office, and that Ms. Anderson was unable to take my call. I left a detailed voicemail for Ms. Anderson, informing her of United's request that its Motion for Preliminary Injunction be heard on shortened time, before the end of November 2007. I also asked Ms. Anderson to inform me if SDCC would stipulate to such a shortened time schedule. As of the date and time of executing this certification, I had not received any response from Ms. Anderson.

7. Attached is a proposed order granting the application. On behalf of Plaintiff, I respectfully request the Court to set the briefing and hearing schedule to the earliest available court date.

The undersigned hereby certifies that the Application for an Order Shortening Time is made in good faith and for good cause.

DATED: November 15, 2007

/s/ Jacob M. Slania
Jacob M. Slania