James R. Lance (147173)
  jlance@knlh.com
Jacob M. Slania (200652)
  jslania@knlh.com
Dylan O. Malagrino (228052)
  dmalagrino@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
600 West Broadway, Suite 1100
San Diego, California 92101-3387
Telephone (619) 231-8666
Facsimile (619) 231-9593

Jeffrey A. Leon [PRO HAC VICE PENDING]
Kristopher J. Stark [PRO HAC VICE PENDING]
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois 60602-4224
Telephone (312) 977-4400
Facsimile (312) 977-4405

Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California corporation,<br><br>Defendant. | CASE NO. 07-CV-2172 BEN (JMA)<br><br>**UNITED NATIONAL MAINTENANCE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: 01/07/08<br>Time: 10:30 a.m.<br>Ctrm.: 3<br>Judge: Hon. Roger T. Benitez |

## UNITED NATIONAL MAINTENANCE'S MOTION

## FOR A PRELIMINARY INJUNCTION

Plaintiff United National Maintenance, Inc. ("United"), by and through its attorneys, hereby moves this Court for a preliminary injunction pursuant to 15 U.S.C. § 4 to enjoin Defendant the San Diego County Convention Center Corporation ("SDCC") from enforcing a

1 policy barring outside workers for firms that provide specialized cleaning, janitorial, maintenance and related services to conventions and trade shows ("Trade Show Cleaning Services") from entering the San Diego Convention Center ("SDCC Facility") and from requiring the exclusive use of SDCC workers, as well as related other relief. SDCC is a direct competitor of United's, and SDCC's policies give it a dangerous probability of successfully monopolizing the market for trade show cleaning services in San Diego in violation of the Sherman and Clayton Antitrust Acts.

In support of this motion, United refers the Court to the memorandum filed concurrently in support of this motion, and further states as follows:

1. United is a national company that provides Trade Show Cleaning Services to trade shows held at convention facilities nationwide.

2. The SDCC manages and operates the San Diego County Convention Center, which is the only facility capable of holding major trade shows in or around the San Diego metropolitan area.

3. For the last 19 years, United and the SDCC have competed to provide Trade Show Cleaning Services for shows held at the SDCC Facility. The main customers of such services who benefit from this competition are general contractors such as Champion and GES who promote the trade shows and handle all of the show's needs. Trade Show Cleaning is an outsourced service, and United and SDCC compete to serve as sub-contractors for these promoters.

4. United and the SDCC each have their own work forces in San Diego, along with the equipment and supplies necessary to perform the labor and time intensive tasks associated with trade show cleaning. These work forces are not cost effectively deployable in other cities, even those relatively nearby such as Los Angeles and Palm Springs.

5. According to SDCC, SDCC services 60% of the trade shows in the SDCC Facility and UNITED services the remaining 40%.

6.  SDCC has long coveted an even larger market share, and it has previously sought to obtain the customers currently served by United in San Diego through traditionally acceptable means: competing on service and/or price.

7.  In early 2007, SDCC made an aggressive push to get Champion and GES to terminate their relationship with United in San Diego and to contract instead with SDCC. Those efforts were rebuffed.

8.  Within months after the rejection of SDCC's competitive offers, the SDCC suddenly announced that United's workforce would no longer be permitted to enter the SDCC Facility to serve its customers, and that only SDCC employees could perform Trade Show Cleaning Services inside the SDCC Facility.

9.  The purported justification for this precipitously announced and suspiciously timed policy was unspecified security concerns. This justification was and is a sham intended to cloak the real reasons for SDCC's barring United's employees from the SDCC Facility: SDCC wanted all of the contracts for cleaning for itself. If customers would not agree on their own accord to shift to SDCC, then they would be forced to by this policy.

10. SDCC's true intentions are revealed through its course of conduct: SDCC has not applied this purportedly security-oriented policy to any of thousands of employees of outside contractors in other service areas who regularly have access to the SDCC Facility, including but not limited to installation and dismantlement contractors, electricians, plumbers, carpenters, freight handlers, carpet installers, display houses, decorators, sign hangers, advertisers, florists, photographers, caterers, riggers, and other general labor. Instead, this policy has been uniquely and exclusively applied to United and its workforce.

A.  SDCC refused without explanation United's offer to permit SDCC to submit its workforce to the same background checks allegedly performed on the SDCC workforce (to be done at United's expense) and also refused United's offer to perform the checks itself.

   B. United has been operating at the SDCC Facility for 19 years without a single security incident. Further, United's services contracts with employees in high profile convention center cities such as Las Vegas, Chicago, Orlando, Philadelphia, San Francisco, and Los Angeles, and none of those cities has a policy akin to that adopted by the SDCC, even though the SDCC Facility is substantially smaller than the convention centers at these other facilities.

  11. If not stopped, SDCC's exclusionary and illegal conduct gives it a dangerous probability of successfully monopolizing the market for Trade Show Cleaning Services in San Diego. With United unable to service its contracts with its own workforce, SDCC will soon have a 100% market share in this market.

  12. Further, the terms adopted by SDCC unwillingly force general contractors such and Champion and GES to agree with SDCC to boycott the services of United in violation of the antitrust laws, and its requirement of the exclusive use of its labor constitutes illegal exclusive dealing under the antitrust laws.

  13. The SDCC Facility itself constitutes an essential facility for United to perform its services, and SDCC's denial of access to the Facility is a violation of the essential facilities doctrine well-recognized under the antitrust laws.

  14. United is being irreparably harmed by SDCC's policy in at least four ways:

   A. In forcing United to use SDCC labor to satisfy its contractual obligations to perform Trade Show Cleaning Services in San Diego, SDCC has forced United to pay fees and costs that turn formerly profitable engagements into significant money-losers for United. United performs its work based on an hourly wage cap and a cap on the maximum number of hours and a percentage of gross revenues of cleaning services sold to exhibitors, and SDCC charges United more than its contractual hourly rate and performs inefficiently causing United to pay for that time without being able to pass on the cost to the customer while also forcing United to remit 100% or more of the revenue received from services provided to exhibitors.

   B. United is contractually unable to walk away from its obligations in San Diego because it has long-term national master contracts with GES and Champion. Both GES

1  and Champion have refused to relieve United of its obligations in San Diego as a result of
2  SDCC's policy, and have informed United that its entire national contract will be at risk if it
3  refuses to perform in San Diego.

4        C.    Without jobs, United's hourly workforce is not being paid. These
5  employees are thus slowly seeking other employment. Much of United's competitive
6  advantage comes from the efficiency and specialized knowledge obtained by its workforce
7  over time, and United will have work force left if an injunction is not entered on a preliminary
8  basis, rendering it unable to compete.

9        D.    United is not competing for or pursuing new contracts in San Diego,
10 harming competition because SDCC is the only permitted bidder, as well as harming United
11 by costing it lost opportunities to earn profits.

12    15.    The harm noted above is irreparable because United cannot survive in San
13 Diego without its workforce. United has already lost 47 of these 51 employees. As more time
14 passes, the less likely the chances of reconstituting its workforce becomes and ultimately its
15 ability to maintain a business that can compete in San Diego. Furthermore, SDCC has
16 claimed, in a separate state law proceeding initiated by United challenging this same conduct
17 (now re-filed as pendent to these federal claims), that it is, "[a]s a public entity, . . . statutorily
18 immune from liability and punitive damages . . . ." (SDCC's State Court Mem. of P. & A. in
19 Opp'n to United's Mot. for a TRO at p. 214, Ex. 15.) Given the SDCC's predictable assertion
20 of sovereign immunity here and the presence of the Local Government Antitrust Act, 15
21 U.S.C. §§ 35, 36, which shields certain municipalities and subdivisions from liability for
22 antitrust damages while explicitly authorizing injunctive relief as the sole and exclusive
23 remedy, SDCC cannot at the same time contend that the financial damages suffered by United
24 will not be recoverable at law and that United is, at the same time, not being irreparably
25 harmed.

26    16.    For the reasons stated herein and in the supporting memorandum, United has a
27 significant probability of prevailing on the merits of its claims, and the balance of hardships
28 clearly favors United as there is no tangible harm to SDCC from returning to the status quo

1  that prevailed and served customers so well for the past 19 years.  United's harm is well
2  established above.
3       WHEREFORE, United requests that a preliminary injunction pursuant to FRCP Rule
4  65 be entered and that SDCC be enjoined as follows:
5       A.   SDCC will be required to immediately rescind its policy barring United
6  from using its own employees from servicing its customers in San Diego.
7       B.   SDCC will be barred from requiring outside contractors such as United
8  to exclusively use and hire SDCC's employees to perform trade show cleaning services.
9       C.   SDCC will be required to immediately share with United the security
10 check procedures employed by SDCC on its own employees so that United can expeditiously
11 run these same checks on its own work force.
12      D.   SDCC will be required to permit any United employee that passes the
13 screening shared as part of "C" above to enter the facility when United has a contract to
14 perform Trade Show Cleaning services.
15      E.   SDCC will be barred from communicating with Champion and GES
16 about trade show cleaning services as United has valid and existing contracts for providing
17 those services in San Diego with GES and Champion.
18      F.   SDCC will be precluded from discussing publicly or with current or
19 potential customers security concerns associated with United or its employees, or disparaging
20 United in another manner or form.
21      G.   SDCC will be barred from establishing any other rule or policy that
22 flows from its control of the SDCC Facility that would give it a competitive advantage in
23 seeking Trade Show Cleaning contracts.
24 ///
25 ///
26 ///
27 ///
28 ///

      H.    SDCC will be required to permit access to United's employees on the same and identical terms and conditions by which SDCC's Trade Show Cleaning employees are allowed access for purposes of performing trade show cleaning services.

      I.    Such further relief as is necessary to effectuate this Court's Order.

DATED:

By: /s/ Jacob M. Slania
    Attorneys for Plaintiff
    UNITED NATIONAL MAINTENANCE, INC.

James R. Lance (147173)
Jacob M. Slania (200652)
Dylan O. Malagrino (228052)
**KIRBY NOONAN LANCE & HOGE LLP**
600 West Broadway, Suite 1100
San Diego, California 92101-3387
Tel: (619) 231-8666
Fax: (619) 231-9593

Jeffrey A. Leon [PRO HAC VICE PENDING]
Kristopher J. Stark [PRO HAC VICE PENDING]
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, IL 60602-4224
Tel: (312) 977-4400
Fax: (312) 977-4405