# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California Corporation,<br><br>Defendant. | CASE NO. 07-CV-2172 BEN (JMA)<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[Doc. # 2]** |

    This is an antitrust action. Plaintiff United National Maintenance, Inc. ("United") alleges as follows. For the past 19 years, United has been providing trade show cleaning services at the San Diego Convention Center, gaining a 40% market share of the cleaning services contracts. Defendant San Diego Convention Center Corporation ("SDCCC") has had the remaining 60% share. As of July 1, 2007, SDCCC adopted a new policy, requiring that only SDCCC employees be used for any cleaning services at the Convention Center. United has been sustaining financial losses and losing its workforce.

    United brought this action on November 13, 2007. The Complaint seeks injunctive relief and compensatory, exemplary and punitive damages, including treble damages under the Sherman Act. On November 15, 2007, United filed a motion for a preliminary injunction, set for hearing on January 7, 2008. Also on November 15, 2007, United filed the present *ex parte* application to shorten that

1  hearing date. As of the date of this Order, SDCCC has not filed an opposition to the application.

2      United has not shown cause for shortening the hearing date. United argues that up until the current motion hearing date, it will continue suffering irreparable harm due to the continued loss of its workforce, which may not be fully reconstituted later; loss of the ability to compete for new business in the interim; and monetary losses, which may be unrecoverable due to SDCCC's asserted governmental immunity.

    First, the hearing date of January 7, 2008 is only approximately six weeks away, and was the first hearing date available on the Court's calendar.[1] Second, at this point it is not clear whether injunctive relief is available to United. Injunctive relief in antitrust actions is available under the same principles as equitable relief generally. *American Passage Media Corp. v. Cass Communications, Inc.*, 750 F.2d 1470, 1472 (9th Cir. 1985). If the harm is calculable and can be remedied by a damages award, injunctive relief is not appropriate. *Id.* at 1473. United's concerns over its inability to recover damages at this stage are based solely on the allegations of governmental immunity by SDCCC. Such immunity or its likelihood has not been established. Third, a full briefing schedule with sufficient time for the preparation of an opposition and a reply would ensure a careful consideration of the merits of the motion and serve the interests of justice.

    Accordingly, United's *Ex Parte* Application for an Order Shortening Time to Hear Plaintiff's Motion for a Preliminary Injunction is **DENIED.**

    **IT IS SO ORDERED.**

DATED: November 27, 2007

                                        Hon. Roger T. Benitez
                                        United States District Judge

---

[1] The present action was filed shortly before Thanksgiving and the following holiday season, which constricted the availability of time on the Court's calendar.