WILSON PETTY KOSMO & TURNER LLP
REGINA A. PETTY (106163)
SOTERA L. ANDERSON (211025)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
**E-mail:** rpetty@wpkt.com
**E-mail:** sanderson@wpkt.com

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER
CORPORATION, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE INC, A NEVADA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., A CALIFORNIA CORPORATION,<br><br>Defendant. | Case No. 07-CV-2172 BEN (JMA)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(f)**<br><br>Complaint Filed: November 13, 2007<br><br>Date:<br>Time:<br>Dept.:     3<br>Judge:    Hon. Roger T. Benitez<br>Trial Date: Not Set<br><br>**[EXEMPT FROM FEES – CAL. GOV. CODE, § 6103]** |

TABLE OF CONTENTS

I.   INTRODUCTION ..............................................................................................................1

II.  A MOTION TO STRIKE IS THE APPROPRIATE VEHICLE TO ATTACK
     IMPROPER CLAIMS FOR RELIEF ...............................................................................1

III. LEGAL ARGUMENT........................................................................................................2

     A.   SDCCC Is Immune From Damages Under The Local Government
          Antitrust Act Of 1984 For Plaintiff's First Four Causes Of Action
          Alleging Violation Of The Sherman Act ................................................................2

     B.   SDCCC Is Immune From Damages Under The Tort Claims Act For
          Plaintiff's Last Three Causes Of Action .................................................................4

     C.   Plaintiff's Claim For Punitive Damages Fails To Allege Conduct That
          Would Entitle It To Such Relief And, Therefore, The Court Should Strike
          Plaintiff's Request For Punitive Damages ..............................................................6

IV.  CONCLUSION...................................................................................................................7

-i-                                      Case No. 07-CV-2172 BEN (JMA)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN DIEGO CONVENTION
CENTER CORPORATION, INC.'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

# TABLE OF AUTHORITIES

**Federal Cases**

*Bureerong v. Uvawas*,
    922 F.Supp. 1450, n. 34 (C.D. Cal. 1996) ...............................................................................1

*Caribe Trailers Sys. v. Puerto Rice Maritime Shipping Author.*,
    475 F.Supp. 711 (D.D.C. 1979)...............................................................................................3

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*,
    1989 U.S. Dist. LEXIS 6726 (D. Ohio 1989) ..........................................................................1

*Fisichelli v. Methuen*,
    653 F.Supp. 1494 (C.D. Mass 1987) .......................................................................................2

*GF Gaming Corp. v. City of Black Hawk*,
    405 F.3d 876 (10th Cir. 2005) .................................................................................................2

*Kaplan v. Clear Lake City Water Authority*,
    1985 U.S. Dist. LEXIS 23805 (S.D. Tex. 1985) .....................................................................3

*Lazar v. Trans Union LLC*,
    195 F.R.D. 665 (C.D. Cal. 2000) ............................................................................................1

*Omni Outdoor Advertising v. Columbia Outdoor Advertising*,
    891 F.2d 1127 (4th Cir. 1989) .................................................................................................2

*Palm Springs Medical Clinic, Inc. v. Desert Hospital*,
    628 F. Supp. 454 (C.D. Cal. 1986) ....................................................................................2, 3

*Rosales v. Citibank,*
    133 F.Supp.2d 1177 (N.D. Cal. 2001) ....................................................................................1

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) ...................................................................................................1

*Southern Motor Carriers Rate Conf. v. United States*,
    471 U.S. 48, (1985).................................................................................................................3

*Tapley v. Lockwood Green Engineers, Inc.*,
    502 F.2d 559 (8th Cir. 1974) ...................................................................................................1

*Thatcher Enterprises v. Cache County Corp.,*
    902 F.2d 1472 (10th Cir. 1990) ...............................................................................................2

*Zapazta Gulf Marine Corp. v. Puerto Rice Maritime Shipping Authority*,
    682 F.Supp. 1345 (E.D. La 1988) ...........................................................................................3

-ii-    Case No. 07-CV-2172 BEN (JMA)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

**State Cases**

*Austin v. Regents of University of California*,
    89 Cal. App. 3d 354 (1979) ...........................................................................................4

*Colome v. State Athletic Com.*,
    47 Cal. App. 4th 1444 (1996) .........................................................................................4

*Cyrus v. Haveson*,
    65 Cal. App. 3d 306 (1976) ............................................................................................6

*Harshbarger v. City Colton*,
    197 Cal. App. 3d 1335 (1988) ........................................................................................5

*Hoch v. Allied-Signal, Inc.*,
    24 Cal. App. 4th 48 (1994) .............................................................................................6

*Michael J. v. Los Angeles County Dept. of Adoptions*,
    201 Cal. App. 3d 859 (1988) ..........................................................................................5

*Trinkle v. Cal. State Lottery*,
    71 Cal. App. 4th 1198 (1999) ......................................................................................4, 5

**Federal Statutes**

15 U.S.C. § 34 ...........................................................................................................................3

15 U.S.C. § 35 .......................................................................................................................1, 2

**State Statutes**

Business and Professions Code section 17000 ..................................................................4, 6, 7

Civil Code section 3294 .........................................................................................................4, 6

Government Code section 54950 ...........................................................................................3, 5

Government Code section 811.2 .................................................................................................5

Government Code section 814 ........................................................................................1, 4, 5, 7

Government Code section 815 ........................................................................................1, 4, 5, 7

Government Code section 818 ........................................................................................1, 4, 5, 7

Government Code section 945.4 .....................................................................................1, 4, 5, 7

**Federal Rules**

Federal Rule of Civil Procedure 12(f) ........................................................................................1

Defendant SAN DIEGO CONVENTION CENTER CORPORATION, INC. ("SDCCC") moves to strike portions of Plaintiff's Complaint related to damages which have been improperly plead as follows:

## I.

## INTRODUCTION

Plaintiff's Complaint raises seven causes of action for which it seeks damages. Plaintiff seeks "damages," "compensatory damages," "trebled" damages, "attorneys' fees," "interest," and "punitive damages." SDCCC is a public entity and, therefore, Plaintiff is not entitled to any monetary damages under any theory of liability raised in the Complaint. 15 U.S.C. § 35; Cal. Gov. Code §§ 814, 815, 818, 945.4. Accordingly, the Court should strike all requests for monetary damages.

## II.

## A MOTION TO STRIKE IS THE APPROPRIATE VEHICLE TO ATTACK IMPROPER CLAIMS FOR RELIEF

Before responding to a pleading, a party may move to strike any "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is the elimination of issues where, as a matter of law, no set of facts will support the issues subject to a motion to file." *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 1989 U.S. Dist. LEXIS 6726 (D. Ohio 1989). They are designed "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial …" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike is an appropriate remedy to remove damage claims that are not recoverable for a particular claim or otherwise not supported by the allegations in the Complaint. In fact, Courts have systematically granted motions to strike prayers for relief when, from the face of the Complaint, the Court determines that certain remedies are improper. *See e.g., Bureerong v. Uvawas*, 922 F. Supp. 1450, n. 34 (C.D. Cal. 1996), citing *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559 (8th Cir. 1974); *Rosales v. Citibank,* 133 F. Supp.2d 1177, 1180 (N.D. Cal. 2001); *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

## III.

## LEGAL ARGUMENT

### A. SDCCC Is Immune From Damages Under The Local Government Antitrust Act Of 1984 For Plaintiff's First Four Causes Of Action Alleging Violation Of The Sherman Act

Plaintiff seeks to recover damages in the form of compensatory damages, trebled damages, interest, attorneys' fees and punitive damages, for alleged violations of the Sherman Act, Plaintiff's first four causes of action. Complaint, ¶¶ 79 and under prayer for relief ¶¶ 3, 4, 5, 6, and 7. With respect to Plaintiff's prayer for interest, attorneys' fees and punitive damages, Plaintiff fails to specifically state which cause of action it is entitled to recover such damages. Plaintiff is not entitled to any monetary damages from SDCCC under the Local Government Antitrust Act of 1984.

The Local Government Antitrust Act of 1984 specifically provides that "no damages, interest on damages, costs, or attorney's fees may be recovered…from any local government, or official or employee thereof acting in an official capacity." 15 U.S.C. § 35; Pub. L. No. 98-544, §3(a). In fact, "[l]ocal governments have absolute immunity under the Local Government Antitrust Act of 1984 for damages resulting from [antitrust] violations." *Palm Springs Medical Clinic, Inc. v. Desert Hospital*, 628 F. Supp. 454 (C.D. Cal. 1986); *see also Omni Outdoor Advertising v. Columbia Outdoor Advertising*, 891 F.2d 1127 (4th Cir. 1989) (damages were not permitted against the City where the city and a billboard company conspired to keep a rival billboard company out of the City.); *GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876 (10th Cir. 2005) (mayor, city attorney, and city manager immune from liability and damages for violations of the Sherman Act); *Thatcher Enterprises v. Cache County Corp.,* 902 F.2d 1472 (10th Cir. 1990) (city and county immune from damages); *Fisichelli v. Methuen*, 653 F. Supp. 1494 (C.D. Mass 1987) (city and city officials are immune from federal antitrust damage awards if acting within their official capacities).

The Local Government Antitrust Act of 1984 "was passed by the Congress of the United States as a clear affirmation of the strong public policy against subjecting governmental agencies and their officials to the chilling financial threat of treble damages, which accompanies antitrust liability, and as an express legislative determination that local governments need the protection accorded as

well as state governments, agencies and officials." *Kaplan v. Clear Lake City Water Authority*, 1985 U.S. Dist. LEXIS 23805 (S.D. Tex. 1985).

For purposes of the Act, "local government" is defined to include a city and "any other general [and special] function governmental unit established by State law…" 15 U.S.C. § 34(1)(A)and (B); Pub. L. No. 98-544, §2(1)(B); *see e.g., Palm Springs Medical Clinic, Inc.*, *supra*, 628 F. Supp. 454 (hospital district considered "local government" under the Act as a "special function governmental unit"); *Zapazta Gulf Marine Corp. v. Puerto Rice Maritime Shipping Authority*, 682 F. Supp. 1345 (E.D. La 1988) (Puerto Rico Maritime Shipping Authority considered "local government" under the Act as a "special function governmental unit"). SDCCC falls into this category.  SDCCC is a public corporation established by the City of San Diego. See SDCCC Articles of Incorporation attached as Exhibit A to Request for Judicial Notice.  The City of San Diego is SDCCC's sole member and appoints the board of directors. *Id*. at p. 3.  SDCCC is subject to California's opening meetings law (the "Brown Act" contained in section 54950, *et seq.* of the California Government Code) and other laws governing the conduct of business of a public entity. All of SDCCC's decision makers must comply with the Political Reform Act and the San Diego Ethics Ordinance.  SDCCC functions as an extension of, and an instrumentality of, the City as its non-profit public corporation whose sole purpose is to manage, market and operate the San Diego Convention Center for the benefit of the City and the general public.

Moreover, even if SDCCC was not considered a "local government," it would still be immune as it acts in compliance with clearly articulated government policies and programs as discussed above, as well as in SDCCC's Motion to Dismiss which is incorporated by reference herein as though fully set forth herein, and, therefore, is protected from antitrust liability to the same extent as the government entity. *See Southern Motor Carriers Rate Conf. v. United States*, 471 U.S. 48, 56-57 (1985); *see also Caribe Trailers Sys. v. Puerto Rice Maritime Shipping Author.*, 475 F. Supp. 711, 724 (D.D.C. 1979).

Accordingly, the Local Government Antitrust Act of 1984 protects SDCCC from damages for Plaintiff's alleged antitrust violations.  Plaintiff's request for damages should, therefore, be stricken from the Complaint as improper.

### B. SDCCC Is Immune From Damages Under The Tort Claims Act For Plaintiff's Last Three Causes Of Action

Plaintiff fifth, sixth and seventh causes of action are state claims. Plaintiff seeks to recover damages for which it is not entitled to under any current state theory of liability. Specifically, Plaintiff seeks to recover compensatory damages, as well as punitive damages, under each of its three state claims - Interference with Contract, Interference with Prospective Business Advantage, and Violation of Business and Professions Code section 17000. Complaint, ¶¶ 101, 102, 108, 109, 111, and 112, and under prayer for relief ¶¶ 3 and 5. Plaintiff also seeks to recover attorneys' fees, but it does not specifically state for which cause of action it is entitled to recover such damages. Complaint, under prayer for relief ¶ 7. The Complaint alleges no legal authority, statutory or otherwise, that would entitle Plaintiff to recover any of these types of damages. Accordingly, the Court should strike such prayers for relief from the Complaint.

In 1963, the California Legislature enacted several interrelated laws known as the Tort Claims Act. *Tokeshi v. State of California*, 217 Cal. App. 3d 999, 1004 (1990); Cal. Gov. Code, §§ 810-996.6. It is well settled under the Tort Claims Act that a "public entity" is not liable for money damages, including attorneys' fees and punitive damages, unless the liability is specifically imposed by statute or the Constitution itself. Cal. Gov. Code §§ 814, 815, 945, 945.4; s*ee e.g. Trinkle v. Cal. State Lottery*, 71 Cal. App. 4th 1198, 1202 (1999); *see also Colome v. State Athletic Com.*, 47 Cal. App. 4th 1444 (1996). In fact, California Government Code section 818 specifically states that punitive damages may not be imposed against a public entity. Cal. Gov. Code, § 818 (public entity is not liable for damages awarded under section 3294 of the Civil Code); *Austin v. Regents of University of California*, 89 Cal. App. 3d 354, 358 (1979) (affirming trial court's decision to strike punitive damages claim against public entity).

To implement these concepts, California Government Code section 815, subdivision (a) expressly states "**except as otherwise provided by statute… [a] public entity is not liable** for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code, § 815 subd. (a) (emphasis added). "The statute amounts to a legislative declaration that governmental immunity from suit is the rule and liability the exception.

Thus, **in the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable**." *Trinkle v. California State Lottery*, 71 Cal. App. 4th 1198, 1202 (1999); Cal. Gov. Code, §§ 811.2 and 815, subd. (a). Therefore, **common law claims may not, as a matter of law, be brought against public entities**. Cal. Gov. Code, § 815, subd. (a); *Harshbarger v. City Colton*, 197 Cal. App. 3d 1335, 1339 (1988) ("Government Code section 815 abolished all common law or judicially declared liability for public entities."); *Michael J. v. Los Angeles County Dept. of Adoptions*, 201 Cal. App. 3d 859, 866 (1988) (claims against public entities must be based on statutes, not common law tort theories of liability).

The term "public entity" is defined in the California Government Code. Public entity under California Government Code section 811.2 "includes . . . a city . . . and any other political subdivision <u>or public corporation</u> in the State." Cal. Gov. Code, § 811.2.

SDCCC is a public corporation, established by the City of San Diego. *See* SDCCC Articles of Incorporation attached as Exhibit A to Request for Judicial Notice. The City of San Diego is SDCCC's sole member and appoints the board of directors. *Id.* at p. 3. SDCCC is subject to California's open meetings law (the "Brown Act" contained in section 54950, *et seq.* of the CaliforniaGovernment Code) and other laws governing the conduct of business of a public entity. All of SDCCC's decision makers must comply with the Political Reform Act and the San Diego Ethics Ordinance. In all respects, SDCCC functions as a public entity performing a service for the City and the public. As a public corporation, SDCCC's sole purpose is to manage, market and operate the San Diego Convention Center for the benefit of the City and the general public.

As a public entity, the only relief available to Plaintiff, if any, for the specific state causes of action raised in the Complaint is injunctive relief. Cal. Gov. Code, §§ 814, 815, 945.4, 818, 945.4. Accordingly, Plaintiff's prayer for damages for causes of action five, six and seven, whether they be compensatory, punitive or in the form of attorneys' fees, are improper and should be stricken from the Complaint.

1  **C.  Plaintiff's Claim For Punitive Damages Fails To Allege Conduct That Would Entitle It To Such Relief And, Therefore, The Court Should Strike Plaintiff's Request For Punitive Damages**

Plaintiff seeks punitive damages as relief for its state claims - Interference with Contract, Interference with Prospective Business Advantage, and Violation of Business and Professions Code section 17000. Complaint ¶¶ 102, 109, 112, under prayer for relief ¶ 5. Even if punitive damages were permitted against a public entity such as SDCCC, Plaintiff's request for punitive damages as relief for its state claims fail in that the Complaint does not allege conduct that would entitle it to such relief and does not comply with California Civil Code section 3294, subdivision (b). Section 3294 provides, in pertinent part, as follows:

> (a)  In an action for breach of an obligation not arising from contract, where the defendant has been guilty of <u>oppression, fraud or malice</u>, the plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Cal. Civ. Code, § 3294 (emphasis added).

Malice means "conduct intended by the defendant to cause injury" or conduct "carried on by the defendant with willful and conscious disregard of the rights of others." Cal. Civ. Code, § 3294, subd. (c)(1). "To establish conscious disregard, the plaintiff must show 'that the defendant was aware of the probable dangerous consequences of his conduct, and that he willfully and deliberately failed to avoid those consequences.'" *Hoch v. Allied-Signal, Inc.*, 24 Cal. App. 4th 48, 61 (1994). "'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship…" Cal. Civil Code, § 3294, subd. (c)(2). "'Fraud' means an intentional misrepresentation, deceit, or concealment of material fact" with the intent to deprive someone of their rights. *Id*. at § 3294, subd. (c)(3).

Any oppression, malice, or fraud must be "proven by clear and convincing evidence." Cal. Civil Code, § 3294, subd. (a). Plaintiff must plead the specific facts that meet these requirements. *Cyrus v. Haveson*, 65 Cal. App. 3d 306, 316-317 (1976). Plaintiff has failed to plead any facts whatsoever, let alone sufficient to satisfy any of the requirements.

Plaintiff's Complaint is completely void of any facts to justify an award of punitive damages, even if it were entitled to punitive damages, which it is not. Considering Plaintiff has failed to allege

-6-   Case No. 07-CV-2172 BEN (JMA)

1  any facts that would support an award of punitive damages, Plaintiff's claim for such should be
2  stricken in its entirety.

### IV.
### **CONCLUSION**

For all the foregoing reasons, Defendant SDCCC respectfully requests the Court to grant its Motion to Strike in its entirety by striking all allegations for "damages," "compensatory damages," "trebled" damages," "attorneys' fees," and "punitive damages" from Plaintiff's Complaint. Specifically, SDCCC requests that the Court strike the following portions of the Complaint:

First Cause of Action for Attempted Monopolization:
- p. 22, ¶ 79, in its entirety. 15 U.S.C. § 35.

Fifth Cause of Action for Interference with Contract:
- p. 27, ¶ 101, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4.
- p. 27, ¶ 102, in its entirety. Cal. Gov. Code §§ 814, 815, 818, 945.4.

Sixth Cause of Action for Interference with Prospective Business Advantage:
- p. 28, ¶ 108, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4.
- p. 28, ¶ 109, in its entirety. Cal. Gov. Code §§ 814, 815, 818, 945.4.

Seventh Cause of Action for Violation of Business and Professions Code section 17000:
- p. 28, ¶ 111, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4.
- p. 28, ¶ 112, in its entirety. Cal. Gov. Code §§ 814, 815, 818, 945.4.

Prayer for Relief:

- p. 29, ¶ 3, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4; 15 U.S.C. § 35.
- P. 29, ¶ 4, in its entirety. 15 U.S.C. § 35.
- p. 29, ¶ 5, in its entirety. Cal. Gov. Code §§ 814, 815, 818, 945.4; 15 U.S.C. § 35.
- p. 29, ¶ 6, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4; 15 U.S.C. § 35.
- p. 29, ¶ 7, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4; 15 U.S.C. § 35.

Dated:    December 5, 2007            **WILSON PETTY KOSMO & TURNER LLP**

By:    /SOTERA L. ANDERSON
REGINA A. PETTY
SOTERA L. ANDERSON

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER CORPORATION