# Exhibit C

```
 1  James R. Lance (147173)
       jlance@knlh.com
 2  Jacob M. Slania (200652)
       jslania@knlh.com
 3  KIRBY NOONAN LANCE & HOGE LLP
    600 West Broadway, Suite 1100
 4  San Diego, California 92101-3387
    Telephone (619) 231-8666
 5  Facsimile (619) 231-9593

 6  Attorneys for Plaintiff
```

FILED
Clerk of the Superior Court

JUL 30 2007

By: C. BOYLE, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California corporation; and DOES 1-20, inclusive,<br><br>Defendant. | CASE NO. 37-2007-00072054-CU-BT-CTL<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES (VIOLATION OF CARTWRIGHT ACT); INTERFERENCE WITH CONTRACT; INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; VIOLATION OF UNFAIR PRACTICES ACT<br><br>[BUSINESS & PROFESSIONS CODE §§ 16700, ET SEQ., 1700, ET SEQ.] |

Plaintiff UNITED NATIONAL MAINTENANCE, INC. complains and alleges as follows:

### GENERAL ALLEGATIONS

1.  Plaintiff UNITED NATIONAL MAINTENANCE, INC. (hereinafter referred to as "UNITED NATIONAL") is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Nevada, authorized and qualified to transact, and transacting business in California. UNITED NATIONAL presently conducts business in San Diego County, California. UNITED NATIONAL is engaged in the business of providing booth cleaning, janitorial, and related services (hereinafter referred to as "Booth Cleaning Services") at convention Facility, and has developed a national expertise for providing such services at trade shows and conventions. UNITED NATIONAL has provided

KNLH\469912.1

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, ETC.

1. Booth Cleaning Services for over 40 years.

2. Defendant SAN DIEGO CONVENTION CENTER CORPORATION, INC. (hereinafter referred to as "SDCC") is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of California, and authorized to transact, and transacting, business in California, with its principal place of business in the City and County of San Diego, California. SDCC's Articles of Incorporation state that it is a non-profit public benefit corporation, and its business purpose is to operate and manage the San Diego Convention Center.

3. The true names, capacities, and involvement of Defendants sued herein as DOES 1 through 20, inclusive, whether individual, corporate, associate or otherwise, are unknown to UNITED NATIONAL, who therefore sues these Defendants by such fictitious names pursuant to Code of Civil Procedure section 474. Each of these Defendants named as a DOE was in some manner responsible for the events and happenings alleged herein, and for UNITED NATIONAL's injuries and damages. UNITED NATIONAL will amend this complaint to allege such fictitiously named Defendants' true names, capacities, and involvement once they are ascertained.

4. UNITED NATIONAL is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants was the agent, alter ego, co-conspirator, servant, employee, joint venturer and partner of each other, and at all times relevant herein was acting within the course and scope of such employment and/or relationship with the actual and/or apparent authority to do so.

## VENUE

5. Venue is appropriate in this judicial district because the acts complained of, and the liability and injuries alleged herein, arose and occurred within the City and County of San Diego.

## TRADE SHOW OPERATIONS

6. SDCC operates and manages the San Diego Convention Center located at 111 West Harbor Drive, San Diego, California (hereinafter referred to as "Convention Facility"),

1 the only convention center of its size in San Diego. The Convention Facility is truly unique.
2 SDCC leases the Convention Facility, pursuant to license agreements, to various trade
3 associations for daily periods to hold trade shows. These trade associations came into San
4 Diego from numerous other states. The licensee Trade Associations hire general contractors,
5 such as GES Exposition Services ("GES") and Champion Exposition Services ("Champion"),
6 to organize and manage the trade shows.

7.  The General Contractors, including but not limited to GES and Champion, have always had the absolute right to select companies to perform services associated with the trade shows, including Booth Cleaning Services. GES and other general contractors have utilized the services of UNITED NATIONAL to provide Booth Cleaning Services for more than 25 years. GES and other general contractors desire to continue to use the services of UNITED NATIONAL in the future.

8.  UNITED NATIONAL has provided its services in San Diego for trade shows since before the Convention Facility was even built. Once constructed, UNITED NATIONAL has continuously provided its services at the Convention Facility. General contractors such as GES and Champion have entered into long-term written contracts with UNITED NATIONAL to provide Booth Cleaning Services for those trade shows operated and managed by them. A redacted copy of the UNITED NATIONAL – GES Booth Cleaning Services contract is attached hereto as Exhibit 1, and a redacted copy of the UNITED NATIONAL – Champion Booth Cleaning Services contract is attached hereto as Exhibit 2.

9.  Under these contracts, freely negotiated and entered into in the marketplace, GES and Champion agreed to pay UNITED NATIONAL 50% of the revenues received from trade shows exhibitors for Booth Cleaning Services. From that 50%, UNITED NATIONAL has to pay its overhead and operating costs, including paying its local San Diego employees. The remainder of any revenue constitutes UNITED NATIONAL's profit margin.

10. Even though SDCC purports to be a non-profit corporation, in 2007 it implemented a policy that effectively eliminates the general contractors' right to use UNITED NATIONAL by requiring UNITED NATIONAL to surrender to SDCC the entire 50% of

KNLH\469912.1
-3-
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, ETC.

*Kirby Noonan Lance & Hoge LLP*
*600 West Broadway, Suite 1100 San Diego, California 92101-3387*

1 revenue UNITED NATIONAL would receive under its contracts with its clients, and to pay an
2 hourly rate of $17.00 per man hour for move-in and move-out cleaning.

3   11.   In May, 2007, UNITED NATIONAL learned that SDCC had notified general
4 contractors that effective July 1, 2007, all Booth Cleaning Services within the Convention
5 Facility would have to be performed by SDCC employees. On or about June 25, 2007, SDCC
6 wrote a letter to UNITED NATIONAL informing UNITED NATIONAL that UNITED
7 NATIONAL could continue to work at the Convention Facility, but that UNITED
8 NATIONAL would have to use SDCC employees to perform Booth Cleaning Services. A
9 true and correct copy of SDCC's letter is attached hereto as Exhibit 3. Under this mandatory
10 arrangement, SDCC would require UNITED NATIONAL to surrender to SDCC the full 50%
11 of revenue UNITED NATIONAL is entitled to under its contracts with the general
12 contractors, such as GES and Champion. On or about July, 2007, SDCC confirmed these facts
13 in an e-mail to UNITED NATIONAL. A true and correct copy of the e-mail string between
14 SDCC and UNITED NATIONAL referencing the cost are attached hereto as Exhibit 4.

15   12.   Clearly, UNITED NATIONAL cannot operate under SDCC's mandatory
16 proposal. SDCC's proposal leaves no revenue for UNITED NATIONAL to operate at the
17 Convention Facility. SDCC's proposal to UNITED NATIONAL is simply an offer to commit
18 financial suicide in the San Diego market.

19   13.   At the same time that SDCC notified UNITED NATIONAL of its new Booth
20 Cleaning Services policy, SDCC also sent a written proposal to UNITED NATIONAL's
21 customers regarding its ability to provide Booth Cleaning Services on the same terms offered
22 by UNITED NATIONAL. This proposal to general contractors states that SDCC will provide
23 Booth Cleaning Services for all events at the Convention Facility and that the cost for
24 providing such services will be 50% of all revenues received by the general contractor for
25 Booth Cleaning Services. A true and correct copy of SDCC's Booth Cleaning Services
26 proposal sent to general contractors is attached hereto as Exhibit 5 and incorporated herein by
27 this reference. SDCC has also told the general contractors that if they do not accept SDCC's
28 proposal that SDCC will provide all Booth Cleaning Services and retain 100% of all Booth

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

KNL-H469912.1
-4-
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, ETC.

1  Cleaning Services revenue. This would prove extremely detrimental to the general
2  contractors, such that the general contractors are faced with no option, or they stand to lose all
3  Booth Cleaning Service revenues.

4      14.    SDCC told UNITED NATIONAL and the general contractors that it would no
5  longer allow outside employees to perform Booth Cleaning Services at the Convention
6  Facility allegedly because doing so presented security issues. UNITED NATIONAL asked
7  SDCC what security issues its employees presented and assured SDCC that UNITED
8  NATIONAL would provide and comply with an appropriate security protocol. To date, the
9  only security issues articulated by SDCC to UNITED NATIONAL was that some unidentified
10 UNITED NATIONAL employees were not wearing an appropriate name tag. In fact, SDCC
11 had informed UNITED NATIONAL that if UNITED NATIONAL employees wore the
12 UNITED NATIONAL shirt and the daily, colored wristband issued by SDCC that the name
13 tags were not necessary. This single issue was never brought to UNITED NATIONAL's
14 attention as a serious concern that might prevent it from operating at the Convention Facility
15 in the future.

16     15.    By virtue of managing and operating the Convention Facility for a number of
17 years, SDCC had complete knowledge of UNITED NATIONAL's Booth Cleaning Services
18 contracts with GES and Champion. SDCC, armed with such knowledge, is now attempting to
19 wrongfully deprive UNITED NATIONAL of its San Diego business operations, under the
20 guise of dealing with a "security issue." SDCC is actually preventing any competition from
21 for-profit businesses concerning Booth Cleaning Services at the Convention Facility. SDCC
22 is doing so unfairly and illegally by using its position of power and control of the Convention
23 Facility to force UNITED NATIONAL out of business and to force general contractors to use
24 SDCC services exclusively.

25     **FIRST CAUSE OF ACTION**
26 **(Violation of Business and Professions Code §§16700, *et seq.*, Against All Defendants)**

27     16.    UNITED NATIONAL realleges and incorporates herein by this reference each
28 and every one of the allegations contained in paragraphs 1 through 15 as though fully set forth

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

herein.

17. At all times mentioned herein, UNITED NATIONAL has been engaged in providing Booth Cleaning Services at the Convention Facility, and UNITED NATIONAL competed with other businesses to provide those services.

18. The lease of the Convention Facility, pursuant to license agreements between SDCC and Trade Associations, is a unique right to use the Convention Facility, and constitutes the "tying product." The Booth Cleaning Services, which SDCC has now mandated are to be provided exclusively by SDCC personnel, is the "tied product." Up until recently, those two separate products had never been tied together. SDCC is doing so under the guise that there is a "security issue" when in fact there is no such security issue, as discussed in paragraphs 14 and 15, above.

19. SDCC controls the Convention Facility in San Diego, and thus has sufficient economic power to coerce Trade Associations, general contractors and UNITED NATIONAL to exclusively use the Booth Cleaning Services of SDCC, which is the "tied product."

20. SDCC's absolute requirement that all Booth Cleaning Services be performed exclusively by SDCC personnel restrains the Trade Associations, as licensees of the Convention Facility, as well as the general contractors, from selecting the service provider of its choice to perform Booth Cleaning Services.

21. As a direct consequence of Defendants' acts, competition in the Booth Cleaning Services in the San Diego area has been, and will be, restrained, suppressed, and eliminated. The Trade Associations, general contractors, UNITED NATIONAL and the general public have been, and will be, deprived of the benefit of free, competitive providers of such services and have been, and will be, forced to enter into exclusive, in-house agreements with SDCC to provide the services.

22. Defendants' continuing wrongful conduct as alleged hereinabove, unless and until restrained by order of this court, will cause great and irreparable harm to UNITED NATIONAL, including, but not limited to, UNITED NATIONAL not being permitted to work at trade shows at the Convention Facility, and thereby being forced to fire its entire staff in

San Diego. UNITED NATIONAL will also be unable to comply with its contractual obligations with established customers (i.e., GES and Champion) to provide Booth Cleaning Services.

23. UNITED NATIONAL has no adequate remedy at law for the injuries currently being suffered or which will result in the future from Defendants' continued wrongful conduct. In addition, damages have resulted and will result from said wrongful acts including, but not limited to, the loss in excess of $500,000 annually in revenue from the San Diego market, and the corresponding laying off of at least 50 full and/or part-time San Diego based employees. General contractors, Trade Associations, and other members of the public will be forced to file similar suits unless this Court restrains Defendants.

24. The foregoing wrongful acts of Defendants constitute violations of sections 16700 *et seq.* of the California Business and Professions Code, entitling UNITED NATIONAL to, among other things, preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION
### (Interference with Contract Against All Defendants)

25. UNITED NATIONAL realleges and incorporates herein by this reference each and every one of the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

26. As alleged in paragraph 8 above, UNITED NATIONAL has established contractual business relationships with GES and with Champion, whereby UNITED NATIONAL provides the Booth Cleaning Services for trade shows at the Convention Facility for which GES or Champion are the general contractors.

27. SDCC knew of the above described contractual business relationships existing between UNITED NATIONAL and the general contractors. SDCC has known of said business relationships for many years by virtue of its operation and management of the Convention Facility.

28. The aforementioned acts of SDCC, mandating that only SDCC personnel are authorized to perform Booth Cleaning Services at the Convention Facility, and requiring

payments be made to SDCC in conjunction therewith, demonstrates SDCC's intent to disrupt and destroy UNITED NATIONAL'S established contractual business relationships. SDCC committed these acts with the intent to harm UNITED NATIONAL financially, and to induce the general contractors to sever their business relationships with UNITED NATIONAL, and to terminate UNITED NATIONAL's San Diego business. SDCC's stated reason for requiring its employees to perform Booth Cleaning Services, a "security issue," is pretextual and false, as mentioned in paragraphs 14 and 15 above.

29. As a proximate result of SDCC's conduct, UNITED NATIONAL has and will suffer irreparable injury and will sustain damages, including but not limited to the loss of at least $500,000 annually in San Diego based revenue, as well as the loss of its San Diego based employees.

30. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages pursuant to California Civil Code section 3294 in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
(Interference with Prospective Business Advantage Against All Defendants)

31. UNITED NATIONAL realleges and incorporates herein by this reference each and every one of the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

32. UNITED NATIONAL has prospective business relationships with other general contractors, including but not limited to Brede National, Paradice, and others, for Booth Cleaning Services at the Convention Facility.

33. SDCC knew of the above described prospective business relationships existing between UNITED NATIONAL and other general contractors. SDCC has known of said business relationships for many years by virtue of its operation and management of the Convention Facility.

34. The aforementioned acts of SDCC, mandating that only SDCC personnel are authorized to perform Booth Cleaning Services at the Convention Facility, and requiring

KNLH\469912.1

-8-

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, ETC.

payments be made to SDCC in conjunction therewith, demonstrate SDCC's intent to disrupt and destroy UNITED NATIONAL'S prospective business relationships. SDCC committed these acts with the intent to harm UNITED NATIONAL financially, and to induce the general contractors to sever their business relationships with UNITED NATIONAL, and to terminate UNITED NATIONAL's San Diego business. SDCC stated reason for requiring its employees to perform Booth Cleaning Services, a "security issue," is pretextual and false, as mentioned in paragraphs 14 and 15, above.

35. The above described acts of UNITED NATIONAL are wrongful by a measure other than the interference itself, because the acts constitute violations of California Business and Professions Code §§16700, *et seq.* and 17000, *et seq.*

36. As a proximate result of SDCC's conduct, UNITED NATIONAL has and will suffer irreparable injury and will sustain damages, including but not limited to the loss of at least $500,000 annually in San Diego based revenue, as well as the loss of its San Diego based employees.

37. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages pursuant to California Civil Code section 3294 in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
(Violation of Business and Professions Code §§17000, *et seq.*, Against All Defendants)

38. UNITED NATIONAL realleges and incorporates herein by this reference each and every one of the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

39. The aforementioned acts of Defendants constitute violations of the Unfair Business Practices Act, sections 17000, *et seq.*, of the Business and Professions Code. As a proximate result of the above mentioned acts of Defendants, UNITED NATIONAL has and will continue to sustain irreparable harm, entitling UNITED NATIONAL to damages and preliminary and permanent injunctive relief pursuant to Business and Professions Code section 17203.

40. The aforementioned acts were done by Defendants willfully and maliciously and with the intent to injure and oppress UNITED NATIONAL and, by reason thereof, UNITED NATIONAL is entitled to exemplary and punitive damages in an amount according to proof at trial, pursuant to Civil Code section 3294.

WHEREFORE, UNITED NATIONAL prays for judgment against Defendants, and each of them, as follows:

1. For an order requiring Defendants, and each of them, to show cause, if any, why they should not be enjoined as set forth below, during the pendency of this action;

2. That the Court issue a temporary restraining order and, thereafter, a preliminary and permanent injunction, enjoining Defendants, and each of them, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from directly or indirectly or in any manner (a) entering into Booth Cleaning agreements for the San Diego Convention Center which require that SDCC employees and/or personnel to be used as the exclusive, in-house provider of Booth Cleaning Services and (b) engaging in unlawful restraints of trade, unfair business practices, and interference with both contractual and prospective business relationships by prohibiting general contractors and Trade Associations from utilizing the company of their choice to provide Booth Cleaning Services at the Convention Facility;

3. For compensatory damages in an amount according to proof at trial;

4. That said damages be trebled pursuant to Business and Professions Code section 17082 (on the Fourth Cause of Action only);

5. For exemplary and punitive damages in an amount according to proof at trial;

6. For interest thereon at the maximum legally permissible rate;

7. For reasonable attorney's fees as allowable by law;

8. For costs of suit herein incurred; and

KNLH469912.1

-10-
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, ETC.

9.    For such other and further relief as the Court may deem just and proper.

DATED: July 30, 2007          KIRBY NOONAN LANCE & HOGE LLP

By: *Jacob M. Slania*
James R. Lance
Jacob M. Slania
Attorneys for Plaintiff