WILSON PETTY KOSMO & TURNER LLP
REGINA A. PETTY (106163)
SOTERA L. ANDERSON (211025)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rpetty@wpkt.com
E-mail: sanderson@wpkt.com

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER
CORPORATION, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE INC, A NEVADA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., A CALIFORNIA CORPORATION,<br><br>Defendant. | Case No. 07-CV-2172 BEN (JMA)<br><br>**DECLARATION OF BRAD GESSNER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint Filed: November 13, 2007<br><br>Date:        January 7, 2008<br>Time:       10:30 a.m.<br>Dept.:       3<br>Judge:      Hon. Roger T. Benitez<br>Trial Date: Not Set |

I, Brad Gessner, declare as follows:

1.    I am the General Manager of the San Diego Convention Center Corporation ("SDCCC"), the Defendant in this matter. I have been the General Manager since August 2006. I have worked for SDCCC for ___9_ years and have __30__ years of experience in the Public Assembly Facility Management industry. I have personal knowledge of the statements herein and know them to be true and correct and, if called, I would and could competently testify to the same.

2.    The Convention Center's clients hire show managers to produce their convention and trade shows. Show Managers have subcontracts with service providers for some functions including

-1-                                                                       Case No. 07-CV-2172 BEN (JMA)

pre-show, porter service, daily booth cleaning and post-event cleaning. SDCCC has always employed a full complement of cleaning staff and SDCCC has provided over 50% of contracted cleaning services at the Convention Center since it opened. Plaintiff United National Maintenance ("UNITED") has typically provided 40 to 45% of contracted cleaning services at the Convention Center. Other firms that have had cleaning subcontracts have included Total Clean and Century Cleaning.

3. SDCCC's policy change to enhance building security is not singling out cleaning vendors. This is not the first time that SDCCC has imposed requirements on contractors and vendors that may not comport with the contractors' preferences. More changes are being made that have or will affect other contractors and vendors such as ACE Parking and private security companies.

4. I have observed and/or have had reported to me various instances of problems with UNITED's workers which raised security concerns. When UNITED was the cleaning subcontractor prior to July 1, 2007, there would be 45 to 50 unknown UNITED workers in the Convention Center on a regular basis. SDCCC's personnel encountered communication problems with UNITED workers. UNITED's workers oftentimes fail to comply with the Convention Center's identification and credential requirements. This is particularly critical because of the lack of continuity in UNITED's work force. We have also discovered UNITED's workers in locations where they are not supposed to be.

5. SDCCC has a very strict policy which requires that employees turn in lost and found property so that we may attempt to return the item to its owner. It has been my experience with our cleaning staff that some lost items are found and turned in for every event where SDCCC provides cleaning services. UNITED's workers never turn in lost items. When a SDCCC employee's backpack was lost in Spring 2007, we discovered the backpack with other lost items that UNITED's workers had not turned in.

6. Consequently, the determination was made to adopt and implement a policy that required use of SDCCC staff for all cleaning in the building. SDCCC's policy is consistent with the practices of many public meeting facilities, and is less stringent than some which retain absolute

-2-   Case No. 07-CV-2172 BEN (JMA)
DECLARATION OF BRAD GESSNER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

exclusivity for all cleaning services. My staff visited the Boston Convention Center in Massachusetts earlier this year to prepare for hosting an organization's next convention in San Diego in 2008. Boston does not permit vendors to provide cleaning services at its facility.

7. SDCCC's policy requiring the use of SDCCC employees to perform the actual cleaning services does not prohibit a third party from administering the service, nor does it eliminate the Licensee's options. What the policy does do is require that the actual cleaning work be performed by SDCCC staff who have gone through SDCCC's employment screening process, as well as its training procedures, which includes considerable vetting and background checks, and extensive training after being hired. This provides a substantially increased level of safety and security and awareness in the Convention Center than previously existed. It also provides other smaller third party cleaning vendors the opportunity to compete because the actual cleaning services will be performed by SDCCC's highly trained staff.

8. Prior to the policy's July 1, 2007, effective date, notice of the new policy was given to all known General Contractors. Not wanting to prevent Plaintiff from conducting business at the Convention Center, but still wanting to ensure SDCCC's safety concerns were met, SDCCC has insisted that Plaintiff use SDCCC's permanent, previously screened workforce when UNITED is selected by a Licensee or General Contractor and has offered to discuss terms and conditions that would facilitate this relationship. UNITED and SDCCC have since entered into seven contracts whereby SDCCC provides all of the actual cleaning services and necessary supplies, while UNITED provides the administrative support (i.e., negotiation and securing the contracts and collecting the revenues), and the two share in the revenue 50-50. Despite the parties coming to an agreement by which both SDCCC's security concerns are met and Plaintiff's business interests are met, Plaintiff nonetheless filed a lawsuit in the San Diego Superior Court.

9. SDCCC's policy does not interfere with UNITED's contracts with General Contractors, such as Champion and GES. Even prior to this policy, there were events where Champion and GES served as General Contractors and SDCCC provided all cleaning services for the event. Plaintiff's ability to provide its cleaning service is not guaranteed by its contracts with GES and Champion.

I declare under penalty of perjury under the laws of the United States of America of the State of California that the foregoing is true and correct. Executed this 21 day of December, 2007, at San Diego California.

By: /s/ Brad Gessner
BRAD GESSNER

-4-   Case No. 07-CV-2172 BEN (JMA)

DECLARATION OF BRAD GESSNER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION