WILSON PETTY KOSMO & TURNER LLP
REGINA A. PETTY (106163)
SOTERA L. ANDERSON (211025)
550 West C Street, Suite 1050
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
**E-mail:**  rpetty@wpkt.com
**E-mail:**  sanderson@wpkt.com

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER
CORPORATION, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE INC, A NEVADA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., A CALIFORNIA CORPORATION,<br><br>Defendant. | Case No. 07-CV-2172 BEN (JMA)<br><br>**DECLARATION OF SOTERA L. ANDERSON IN SUPPORT OF DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint Filed:  November 13, 2007<br><br>Date:      January 7, 2008<br>Time:     10:30 a.m.<br>Dept.:     3<br>Judge:    Hon. Roger T. Benitez<br>Trial Date: Not Set |

I, Sotera L. Anderson, declare as follows:

1. I am an attorney duly licensed to practice before all courts in the State of California, including the United States District Court, Southern District of California.  I am an associate with the law firm of Wilson, Petty, Kosmo, & Turner, LLP, attorneys for Defendant SAN DIEGO CONVENTION CENTER CORPORATION, INC. ("SDCCC" and/or "Defendant"). I have first-hand personal knowledge of the facts contained in this declaration, and if called upon to testify I would and could competently do so.

2.      I began my employment with Wilson, Petty, Kosmo & Turner, LLP on August 20, 2007. One of the first files assigned to me to take over as the associate handling the file was a lawsuit Plaintiff filed in the San Diego Superior Court against SDCCC seeking injunctive relief and damages. Upon my assignment, I, among other things, reviewed the entire file. Upon my review of the file, I learned that Plaintiff sought, via *ex parte* application, a Temporary Restraining Order ("TRO") against SDCCC and an Order to Show Cause Why Preliminary Injunction Should Not Issue. On August 6, 2007, Judge Prager denied Plaintiff's request for a TRO and issued a Minute Order stating same. In the Minute Order, Judge Prager set a hearing date for Plaintiff's Motion for Preliminary Injunction for September 12, 2007. Accordingly, Plaintiff's motion papers were due approximately, August 20, 2007. After I had not received Plaintiff's motion I called Plaintiff's counsel's office and inquired whether Plaintiff intended to pursue the Preliminary Injunction. I was told no and that the motion had been taken off calendar.

3.      I then prepared and filed a Demurrer to Plaintiff's Complaint arguing that Plaintiff's entire claim was barred for failure to comply with the Tort Claims Act and because SDCCC enjoys governmental immunity as a public corporation. Plaintiff's Opposition to SDCCC's Demurrer was due November 15, 2007. Instead of receiving an Opposition, I received a voice mail from Plaintiff's counsel advising that Plaintiff was dismissing the state court action and that it has filed a Complaint in this Court. The voice mail also advised that Plaintiff was seeking a Preliminary Injunction.

I declare under penalty of perjury under the laws of the United States of America, as well as the laws of the State of California, that the foregoing is true and correct. Executed this 21st day of December, 2007.

/s/SOTERA L ANDERSON
SOTERA L. ANDERSON