FILED
CIVIL BUSINESS OFFICE 12
CENTRAL DIVISION

2007 SEP 14  A 10: 13

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1 | WILSON PETTY KOSMO & TURNER LLP
REGINA A. PETTY (106163)
2 | SOTERA L. ANDERSON (211025)
550 West C Street, Suite 1050
3 | San Diego, California 92101
Telephone: (619) 236-9600
4 | Facsimile: (619) 236-9669

5 | Attorneys for Defendant
SAN DIEGO CONVENTION CENTER
6 | CORPORATION, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC. a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 37-2007-00072054-CU-BT-CTL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: July 30, 2007<br><br>Date:        November 30, 2007<br>Time:       10:00 a.m.<br>Dept.:       71<br>Judge:      Hon. Ronald S. Prager<br>Trial Date: Not Set<br><br>[EXEMPT FROM FEES – GOV. CODE, § 6103] |

Defendant SAN DIEGO CONVENTION CENTER CORPORATION, INC. ("Defendant" or "SDCCC") hereby respectfully submits its Memorandum of Points and Authorities in Support of its Demurrer to Plaintiff UNITED NATIONAL MAINTENANCE, INC.'s ("Plaintiff" or "UNITED NATIONAL") Complaint.

## I.

## SUMMARY OF ARGUMENT

This is a straightforward motion, with only one appropriate answer. SDCCC enjoys governmental immunity for the specific causes of action raised in the Complaint. As such, Plaintiff's Complaint fails as a matter of law for it fails to state any facts sufficient to constitute a cause of action against SDCCC.

SDCCC is a public entity. No claim against a public entity can maintain in the absence of a statute which clearly imposes such liability. Plaintiff has raised four causes of action, two based on statute (Cartwright Act and Unfair Practices Act) and two based on common law (interference with contract and prospective economic advantage). Neither statute imposes liability on a public entity and common law claims are barred as they are not founded upon a statute. Plaintiff cannot maintain a civil action against SDCCC under either statutory or common law scheme.

SDCCC's Demurrer must be sustained without leave to amend for no amendment can cure the defects.

## II.

## STANDARD FOR DEMURRERS

The function of a demurrer is to test the sufficiency of a complaint. *Johnson v. County of Los Angeles* (1983) 143 Cal.App.3d 298, 306. A demurrer should be granted where the complaint "does not state facts sufficient to constitute a cause of action." Code of Civ. Proc., § 430.10, subd (e). In deciding the demurrer, the court must accept as true all allegations of fact, but it should <u>not</u> accept "contentions, deductions, or conclusions of . . . law." *Serrano v. Priest* (1971) 5 Cal.3d 584, 591.

Where the defects in a complaint cannot be cured by amendment, or where Plaintiff has already unsuccessfully amended, it is proper to sustain a demurrer without leave to amend. *Blank v.*

*Kirwan* (1985) 39 Cal.3d 311, 318; *Edgren v. Regents of Univ. of California* (1984) 158 Cal.App.3d 515, 521 (sustaining without leave for failure to exhaust administrative remedies).

### III.

### LEGAL ARGUMENT

Plaintiff's entire Complaint is barred by the doctrine of governmental immunity and, as such, Plaintiff has failed to state facts sufficient to constitute a cause of action against defendant.

In 1963, the California Legislature enacted several interrelated laws known as the Tort Claims Act. *Tokeshi v. State of California* (1990) 217 Cal.App.3d 999, 1004; Gov. Code, §§ 810-996.6. It is well settled under the Tort Claims Act that a "public entity" is not liable for tortuous injury unless the liability is specifically imposed by statute or the Constitution itself. See e.g., *Trinkle v. Cal. State Lottery* (1999) 71 Cal. App. 4th 1198, 1202; see also, *Colome v. State Athletic Com.* (1996) 47 Cal.App.4th 1444. To implement this concept, Government Code section 815, subdivision (a) expressly states "**except as otherwise provided by statute… [a] public entity is <u>not</u> liable** for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Gov. Code, § 815 subd. (a) (emphasis added). "The statute amounts to a legislative declaration that governmental immunity from suit is the rule and liability the exception. Thus, in the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable." *Trinkle v. California State Lottery* (1999) 71 Cal.App.4th 1198, 1202; Gov. Code, §§ 811.2 and 815, subd. (a). Therefore, common law claims may not, as a matter of law, be brought against public entities. Gov. Code, § 815, subd. (a); *Harshbarger v. City Colton* (1988) 197 Cal.App.3d 1335, 1339 ("Government Code section 815 abolished all common law or judicially declared liability for public entities."); *Michael J. v. Los Angeles County Dept. of Adoptions* (1988) 201 Cal.App.3d 859, 866 (claims against public entities must be based on statutes, not common law tort theories of liability).

The term "public entity" is defined in the Government Code. Public entity under Government Code section 811.2 "includes . . . a city . . . and any other political subdivision <u>or public corporation</u> in the State." Gov. Code, § 811.2.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT

1. SDCCC is a public corporation, established by the City of San Diego. See SDCCC Articles of Incorporation attached as Exhibit A to Request for Judicial Notice. The City of San Diego is SDCCC's sole member and appoints the board of directors. *Id.* at p. 3. SDCCC is subject to California's opening meetings law (the "Brown Act" contained in section 54950, *et seq.* of the Government Code) and other laws governing the conduct of business of a public entity. All of SDCCC's decision makers must comply with the Political Reform Act and the San Diego Ethics Ordinance. In all respects, SDCCC functions as a public entity performing a service for the City and the public. As a public corporation, SDCCC's sole purpose is to manage, market and operate the San Diego Convention Center for the benefit of the City and the general public.

As a public entity, SDCCC is statutorily immune from liability (Gov. Code, § 815, subd. (a)) and punitive damages (Gov. Code, § 818 ["public entity is not liable for damages awarded under section 3294 of the Civil Code]; *Austin v. Regents of University of California* (1979) 89 Cal.App.3d 354, 358 [affirming trial court's decision to strike punitive damages claim against public entity]).

As discussed below, all four causes of action alleged in Plaintiffs Complaint are barred by governmental immunity.

### A. SDCCC Is Immune From Liability Under The Cartwright Act

Plaintiff's first cause of action is for violation of Business and Professions Code sections 16700, *et seq.*, which is a statute otherwise known as the Cartwright Act. Nowhere in the statute is there a provision imposing governmental liability for violations of the act. Because there is no statute making public entities liable under the Cartwright Act, the general rule of governmental immunity must prevail and Plaintiff's first cause of action fails as a matter of law.

### B. Interference With Contract And Interference With Prospective Economic Advantage Are Common Law Torts Which Are Not Permitted Against Public Entities

Plaintiff's second cause of action for interference with contract and third cause of action for interference with prospective economic advantage are not founded on any statute, but rather common law principles. As noted above, the Tort Claims Act provides that all public entities are immune from liability **unless** the Legislature expressly provides for such liability. Gov. Code, §§ 811.2 and 815, subd. (a). Plaintiff's common law claims fail as a matter of law as a public

corporation may not be sued on common law theories of liability. Gov. Code § 815, subd. (a); *Harshbarger, supra*, 197 Cal.App.3d at 1339 ("Government Code section 815 abolished all common law or judicially declared liability for public entities."); *Michael J., supra*, (1988) 201 Cal.App.3d 859, 866 (claims against public entities must be based on statutes, not common law tort theories of liability). Accordingly, Plaintiff's second and third causes of action are barred by governmental immunity.

### C. SDCCC Is Immune From Liability Under The Unfair Practices Act

Similar to Plaintiff's first cause of action, Plaintiff's fourth cause of action is barred by governmental immunity. Plaintiff's fourth cause of action is for violation of Business and Professions Code sections 17000, *et seq.*, which is also a statute, more commonly referred to as the Unfair Practices Act or the Unfair Trade Practices Act. Nowhere in the statute is there a provision imposing governmental liability for violations of the Act. The Unfair Practices Act applies to specific "persons" and the law is clear that a "public entity" is not a "person" within the meaning of the Act and, therefore, cannot be sued under the Act. See, Bus. & Prof. Code §§ 17201 and 17506; see also, *Cal. Med. Ass'n v. Regents of the Univ. of Cal.* (2000) 79 Cal. App. 4th 542, 551; *Janis v. Cal. State Lottery Com* (1998) 68 Cal.App.4th 824, 831, citing, *Community Memorial Hospital v. County of Ventura* (1996) 50 Cal.App.4th 199, 209 and *Santa Monica Rent Control Bd. v. Bluvshtein* (1991) 230 Cal.App.3d 308. Courts have held that public entities cannot be sued under this Act even if they engage in commercial activity. See e.g., *Trinkle, supra*, 71 Cal. App. 4th 1198, 1202. Thus, SDCCC is protected by governmental immunity and Plaintiff's fourth cause of action fails as a matter of law.

### IV.

### CONCLUSION

Plaintiff's entire Complaint, including the first, second, third and fourth causes of action, fail as a matter of law. SDCCC is a public entity and considering neither the Cartwright Act, nor the Unfair Practices Act expressly imposes liability upon a public entity, SDCCC is immune from liability. Further, public entities cannot be sued for common law torts such as interference with contract and interference with prospective economic advantage. Accordingly, SDCCC requests that

1  the Court sustain its Demurrer to Plaintiff's Complaint, without leave to amend, for Plaintiff's failure
2  to state facts sufficient to constitute a cause of action against SDCCC.

4  Dated:      September 13, 2007          **WILSON PETTY KOSMO & TURNER LLP**

6                                          By:  _/s/ Sotera L. Anderson_
7                                               Regina A. Petty
                                                Sotera L. Anderson

8                                               Attorneys for Defendant
9                                               SAN DIEGO CONVENTION CENTER
                                                CORPORATION, INC.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN DIEGO CONVENTION
CENTER CORPORATION, INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT