WILSON PETTY KOSMO & TURNER LLP
REGINA A. PETTY (106163)
SOTERA L. ANDERSON (211025)
550 West C Street, Suite 1050
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
**E-mail:**  rpetty@wpkt.com
**E-mail:**  sanderson@wpkt.com

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER
CORPORATION, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE INC, A NEVADA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., A CALIFORNIA CORPORATION,<br><br>Defendant. | Case No. 07-CV-2172 BEN (JMA)<br><br>**DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO FILE DECLARATION CONTAINING CONFIDENTIAL SECURITY PROTOCOL INFORMATION UNDER SEAL**<br><br>Complaint Filed:  November 13, 2007<br><br>Date:<br>Time:<br>Dept.:       3.<br>Judge:      Hon. Roger T.  Benitez<br>Trial Date:  Not Set<br><br>[EXEMPT FROM FEES –GOV. CODE, §  6103] |

**I.**

**INTRODUCTION**

Plaintiff requests that the Court issue a Preliminary Injunction against Defendant San Diego Convention Center Corporation, Inc. ("SDCCC") preventing SDCCC from implementing its security policy requiring all cleaning services be performed by SDCCC's employees who have been screened and trained. In support of Plaintiff's motion, Plaintiff claims that SDCCC's security policy makes no sense and that identification badges alone should be sufficient for SDCCC to allow Plaintiff's workforce into the Convention Center. Plaintiff is simply wrong and does not appreciate the gravity of SDCCC's security concerns. Plaintiff also does not appreciate or understand the security measures SDCCC has implemented to ensure the Convention Center and its occupants are safe and secure from danger. SDCCC opposes Plaintiff's attempt to limit SDCCC's ability to protect the public, as well as SDCCC's personnel and property.

To support its Opposition to Plaintiff's Motion for Preliminary Injunction and provide this Court with sufficient evidence to meaningfully rule on Plaintiff's Motion, SDCCC is submitting a declaration from Chuck Gutensohn, SDCCC's Security Manager. Mr. Gutensohn's declaration contains confidential information related to SDCCC's specific security protocols, including its policies and procedures designed to secure and protect the Convention Center and those that visit and work in the facility. Due to the confidential nature of the information contained in Mr. Gutensohn's declaration and the potential devastating affects disclosure of such information could have in the hands of the would be criminal or terrorist, SDCCC seeks to have his declaration filed under seal.

**II.**

**THE COURT HAS INHERENT AUTHORITY TO PERMIT DOCUMENTS TO BE FILED UNDER SEAL**

While there are no federal procedural rules or general statutes governing the sealing of documents, Courts have inherent authority over all files and records filed with the Court and the power to grant orders of confidentiality over materials not in the Court file. *Seattle Times Co. v. Rhinehart* (1984) 467 U.S. 20, 33. In fact, "in the absence of procedural rules specifically covering a

situation, the court may, pursuant to its inherent power…fashion a rule not inconsistent with the Federal Rules." *Franquez v. United States* (9th Cir. 1979) 604 F.2d 1239, 1244-45. Rule 26(c) of the Federal Rules of Civil Procedure provides that, "for good cause shown," the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury." *Pansy v. Borough of Stroudsburg* (3d Cir. 1994) 23 F.3d 772. The *Pansy* Court delineated the following factors that a Court should consider when determining whether good cause exists:

  1) whether the disclosure will violate any privacy interests;

  2) whether the information is being sought for a legitimate purpose or for an improper purpose;

  3) whether disclosure of the information will cause a party embarrassment;

  4) whether the confidentiality is being sought over information important to public health and safety;

  5) whether the sharing of information among litigants will promote fairness and efficiency;

  6) whether a party benefitting from the order of confidentiality is a public entity or official; and

  7) whether the case involves issues important to the public;

*Pansy v. Borough of Stroudsburg* (3d Cir. 1994) 23 F.3d 772, 787-91.

  The party seeking the protective order bears the burden of showing the specific need for the order, which is typically met by showing that harm or prejudice would follow disclosure. *Blankenship v. Hearst Corp.* (9th Cir. 1975) 519 F.2d 418, 429. Once the party has demonstrated the need for confidentiality, the Court must balance the public's interest with the privacy needs of litigants. *Phillips v. General Motors Corp.* (9th Cir. 2002) 307 F.3d 1206. If the Court issues a protective order, the order must be narrowly drawn to reflect the balance between these competing interests. *Citizens First National Bank v. Cincinnati Ins. Co.* (7th Cir. 1999) 178 F.3d 943, 946.

**III.**

**GOOD CAUSE EXISTS FOR CHUCK GUTENSOHN'S DECLARATION TO BE FILED UNDER SEAL AS IT CONTAINS CONFIDENTIAL SECURITY PROTOCOL INFORMATION, THE DISCLOSURE WHICH COULD HARM THE PUBLIC**

At the heart of the instant case is SDCCC's security protocol. Plaintiff calls into question SDCCC's motives for implementing a security policy requiring the use of SDCCC personnel to perform cleaning services at the Convention Center and, likewise, calls into question SDCCC's security procedures. Mr. Gutensohn's declaration in support of SDCCC's Opposition to Plaintiff's Motion for Preliminary Injunction contains confidential information related to SDCCC's security protocol that, if made available to the public, could potentially have devastating affects on the security of the Convention Center and its occupants.

SDCCC operates and manages the San Diego Convention Center, one of the nation's largest convention centers and one of the top five convention centers in the United States. Public facilities, where large numbers of people congregate, such as the Convention Center, are identified as priority safety concerns at the local, state and federal levels of government. The protection of the public, as well as of SDCCC's personnel and property, is one of SDCCC's primary responsibilities. For several years, SDCCC's management has been engaged in an evaluation process to enhance security through the development and implementation of significant policy and operational changes to its overall security program with the assistance of private and governmental consultants and in cooperation with law enforcement. Brad Gessner, the Convention Center's general manager, and Chuck Gutensohn, the security manager, have direct responsibility for this initiative. Under their guidance and direction, SDCCC has revised policies, improved procedures, expanded training on security matters and utilized employee incentive programs to instill a culture of security at the Convention Center. SDCCC has undertaken various corrective steps related to controlling access to the building by all contractors and vendors. A number of considerations relating to security resulted in the adoption of a policy that required the use of SDCCC staff for all cleaning services in the facility.

Plaintiff claims that SDCCC's security policy requiring the use of SDCCC employee to perform cleaning services is a sham and that SDCCC's policy makes no sense as photo identification

1 badges should be sufficient to secure the Convention Center.  Plaintiff's argument is evidence alone that it simply does not understand or appreciate the risks involved in allowing cleaning crews, who have not been properly screen and trained on SDCCC's emergency and security protocols, unfettered access to the facility.  It is easy for Plaintiff to place its profits over the security of the people because Plaintiff does not bear any of the responsibility for security and safety related to the use of the Convention Center.

In deciding Plaintiff's Motion for Preliminary Injunction, the Court should be afforded the full benefit of knowing what SDCCC's security protocol entails and how it came to be established and implemented.  However, to do so, the specifics cannot be divulged to the public. In fact, some of the specific information is exempt from disclosure under the Criminal Justice Records Act (CRS Sec. 24-72-302, et seq.).  Mr. Gutensohn's declaration contains information from the California National Guard Homeland Defense FSIVA Vulnerability Assessment for the SDCCC which is strictly exempt from disclosure under the Criminal Justice Records Act (CRS Sec. 24-72-302, et seq.).  It contains information that Mr. Gutensohn has been specifically advised "is to be controlled, handled, transmitted, distributed, and disposed of in accordance with Office of Preparedness, Security & Fire Safety (OPSFS) policy relating to 'law enforcement sensitive' records and 'specialized details of security arrangements or investigations' and is not to be released to the public or other personnel who do not have a valid 'need to know' without prior OPSFS approval."

Additionally, disclosure of the information contained in is declaration would make the vulnerabilities of the Convention Center known to would be criminals or terrorists and SDCCC's security procedures would no longer be effective if they found their way into the hands of the would be criminal.  That is, to be effective in reducing the risks of theft and physical injury or damage, the specifics of SDCCC's security program cannot be made public.  For instance, the would be criminal or terrorist need not know which doors of the Convention Center SDCCC observes regularly or which access points are unlocked at which times of the day.  They need not know what specific procedures are in place to identify "friend" versus "foe."  They need not know what specific training SDCCC employees undergo in cases of emergency for fear that the would be criminal or terrorist

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO FILE DECLARATION CONTAINING CONFIDENTIAL SECURITY PROTOCOL INFORMATION UNDER SEAL

would attempt to circumvent SDCCC's procedures. Mr. Gutensohn's declaration contains specific information about SDCCC's security program that if disclosed would do more harm than good.

## IV.

## CONCLUSION

For the foregoing reasons, SDCCC requests that it be permitted to file Mr. Gutensohn's declaration under seal.

Dated: December 21, 2007   **WILSON PETTY KOSMO & TURNER LLP**

By: /s/SOTERA L ANDERSON
REGINA A. PETTY
SOTERA L. ANDERSON

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER
CORPORATION