James R. Lance (147173)
jlance@knlh.com
Jacob M. Slania (200652)
jslania@knlh.com
Dylan O. Malagrino (228052)
dmalagrino@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
600 West Broadway, Suite 1100
San Diego, California 92101-3387
Telephone (619) 231-8666
Facsimile (619) 231-9593

Jeffrey A. Leon (*Pro Hac Vice*)
jleon@uhlaw.com
Kristopher J. Stark (*Pro Hac Vice*)
kjstark@uhlaw.com
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois 60602-4224
Telephone (312) 977-4400
Facsimile (312) 977-4405

Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED NATIONAL MAINTENANCE, INC., a Nevada corporation,

Plaintiff,

vs.

SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California corporation,

Defendant.

CASE NO. 07-CV-2172 BEN(JMA)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**Complaint Filed: November 13, 2007**

**Date:** **January 7, 2008**
**Time:** **10:30 a.m.**
**Dept.:** **3**
**Judge:** **Hon. Roger T. Benitez**
**Trial Date:** **Not Set**

**TABLE OF CONTENTS**

**Page**

I. A LENIENT EVIDENTIARY STANDARD APPLIES TO EVIDENCE SUBMITTED IN A PRELIMINARY INJUNCTION PROCEEDING. ....... 1

II. THE EVIDENCE UNITED HAS SUBMITTED MEETS THE LENIENT PRELIMINARY INJUNCTION EVIDENTIARY STANDARD. ....... 2

A. All the Documents Attached to United's Motion For Preliminary Injunction Are Admissible as Business Records. ....... 2

B. There Are No Valid Evidentiary Objections to United's Affidavits. ....... 3

III. UNITED IS PREPARED TO TEST ITS EVIDENCE AT A FULL EVIDENTIARY HEARING. ....... 6

IV. CONCLUSION ....... 6

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Adkins v. Dirickson*, 523 F. Supp. 1281 (E.D. Pa. 1981) .................... 4

*Bracco v. Lackner*, 462 F. Supp. 436 (N.D. Cal. 1978) .................... 1

*Estate of Torres v. Terhune*, 2002 WL 32107987 (E.D. Cal. 2002) .................... 4

*Flint v. Dennison*, 488 F.3d 816 (9th Cir. 2007) .................... 1

*Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389 (9th Cir. 1984) .................... 1, 6

*Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) .................... 5

*Michaels v. Internet Entm't Grp., Inc.*, 5 F. Supp. 2d 823 (C.D. Cal. 1998) .................... 6

*Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447 (1993) .................... 5

*U.S. v. Dean*, 980 F.2d 1286 (9th Cir. 1992) .................... 5

*U.S. v. Foster*, 711 F.2d 871 (9th Cir. 1983) .................... 2

*U.S. v. Licavoli*, 604 F.2d 613 (9th Cir. 1979) .................... 2

*Welker v. Cicerone*, 174 F. Supp. 2d 1055 (C.D. Cal. 2001) .................... 1

*Westpac Audiotext, Inc. v. Wilks*, 756 F. Supp. 1267 (N.D. Cal. 1991) .................... 1

*Westpac Audiotext, Inc. v. Wilk*, 804 F. Supp. 1225 (N.D. Cal. 1992) .................... 1

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

**OTHER AUTHORITIES**

29 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE § 6265, at 251–52 (1st ed. 1997) .......... 4

Fed. R. Civ. P. 56(e) .......... 1

FED. R. EVID. 401 .......... 5

FED. R. EVID. 602 .......... 4

FED. R. EVID. 701 .......... 4

FED. R. EVID. 702 .......... 3, 4

FED. R. EVID. 703 .......... 4

FED. R. EVID. 801(d)(2) .......... 6

FED. R. EVID. 803(6) .......... 2

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

Defendant San Diego Convention Center Corporation, Inc. ("SDCC") objects to and moves to strike nearly all the evidence submitted by Plaintiff United National Maintenance, Inc. ("United") in support of United's motion for a preliminary injunction. SDCC's approach might be appropriate in a pretrial order, but it is clearly not appropriate on a motion for preliminary injunction made before any discovery has been taken. SDCC's numerous unexplained objections ignore the law, which is that "the evidentiary requirements for preliminary injunctions are less strict than those in motions for summary judgment." *Westpac Audiotext, Inc. v. Wilks*, 756 F. Supp. 1267, 1268 (N.D. Cal. 1991), *abrogated on other grounds by Westpac Audiotext, Inc. v. Wilk*, 804 F. Supp. 1225 (N.D. Cal. 1992). United's evidence is admissible, especially at this stage of the litigation. This Court should thus disregard SDCC's objections in their entirety and deny SDCC's motion to strike.

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

## I. A LENIENT EVIDENTIARY STANDARD APPLIES TO EVIDENCE SUBMITTED IN A PRELIMINARY INJUNCTION PROCEEDING.

United is seeking preliminary injunctive relief. As yet, no discovery has been conducted in this matter. As a result, United has been forced to rely on evidence within its own control to support its motion, and it has had to do so under the tight time constraints associated with a request for a preliminary injunction. These facts have led courts to recognize that affidavits submitted at a preliminary injunction are "both customary and appropriate" and that "[s]uch affidavits need not meet the standards of Fed. R. Civ. P. 56(e) or of the Federal Rules of Evidence" because of "[t]he urgency necessitating the prompt determination of the preliminary injunction; the purpose of a preliminary injunction, to preserve the status quo without adjudicating the merits; and the Court's discretion to issue or deny a preliminary injunction…." *Bracco v. Lackner*, 462 F. Supp. 436, 442 n.3 (N.D. Cal. 1978); *see also Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (in a preliminary injunction proceeding "[t]he trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial"); *Welker v. Cicerone*, 174 F. Supp. 2d 1055, 1059 n.2 (C.D. Cal. 2001) ("[B]ecause of the urgency involved and the limited time that a preliminary injunction remains in effect, declarations and evidence supporting the Motion need not conform to the standards for a summary judgment motion or to the Federal Rules of Evidence."), *abrogated on other grounds by Flint v. Dennison*, 488 F.3d 816 (9th Cir. 2007). SDCC has failed to

explain how its evidentiary objections account for this more lenient evidentiary standard, and a cursory review of the objections indicates they do not.

## II. THE EVIDENCE UNITED HAS SUBMITTED MEETS THE LENIENT PRELIMINARY INJUNCTION EVIDENTIARY STANDARD.

The evidence United has submitted meets the lenient preliminary injunction evidentiary standard. SDCC's specific objections are too numerous to address on a paragraph-by-paragraph basis, but clear groupings of the objections demonstrate that they are ill-founded.

### A. All the Documents Attached to United's Motion For Preliminary Injunction Are Admissible as Business Records.

SDCC objects to the admissibility of the letters and contracts United attached to its motion for preliminary injunction as hearsay. (SDCC Evid. Obj. at 2–4, 43–47.) United submitted two types of documents[1]: contracts between United and its customers, maintained in the files of United; and letters addressed to the SDCC by SDCC licensees and their representatives which were cc'ed to United and maintained in the files of United. These documents are all facially business records, and thus fall within the well-recognized exception to the hearsay rule set forth in Federal Rule of Evidence 803(6). *See also U.S. v. Licavoli*, 604 F.2d 613, 622 (9th Cir. 1979) ("The focus of the business records exception to the hearsay rule is on the requirements that the record be made in the course of and as a regular practice of a regularly conducted business activity."); *U.S. v. Foster*, 711 F.2d 871, 882 (9th Cir. 1983) ("A record is considered as having been kept in the regular course of business when it is made pursuant to established procedures for the routine and timely making and preserving of business records, and is relied upon by the business in the performance of its functions.").

---

[1] SDCC also objects to the website pages describing the new Hilton Convention Center under construction in San Diego as being hearsay. (SDCC Evid. Obj. at 4.) Given that discovery has not yet commenced, reliance on such information is to be expected and is appropriate at a preliminary injunction stage. Further, given that the Hilton is the next closest competitor to the SDCC, if there was something inaccurate in the webpages attached, SDCC could have noted it, and did not. Finally, SDCC concedes the substantive point for which the webpages were attached as support: there is no alternative site in San Diego for holding large trade shows. The evidence is admissible at this stage of the proceedings, and SDCC has provided no reason to the contrary.

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

In addition, the numerous letters addressed to Mr. Brad Gessner of SDCC, in which customers opposed the actions that are the subject of this lawsuit, are presumably in SDCC's files and are SDCC's business records as well. SDCC could have submitted an affidavit factually challenging whether SDCC received these documents, whether they are maintained in SDCC's files, or whether these letters represent the views of the SDCC customer base. It has failed to do so, because the above facts are in all likelihood incontrovertible.[2] Even at trial, these documents would not be hearsay.

**B. There Are No Valid Evidentiary Objections to United's Affidavits.**

United has submitted five affidavits from persons with substantial first-hand knowledge of the convention industry, as well as an affidavit from a credentialed economist that has been qualified as an expert in industrial organization economics by numerous courts as referenced in his CV.[3] SDCC nonetheless objects to all but a total of two paragraphs from these affidavits with objections that are facially ill-founded.

For example, SDCC objects to Dr. Hekman as an "unqualified expert," without any further elaboration, when it is obvious from Dr. Hekman's CV that he is a Ph.D. with numerous publications and editorial positions to his credit, as well as teaching positions and a prior history of being qualified as an expert by courts. (SDCC Evid. Obj. at 22.) All that Federal Rule of Evidence 702 requires for an individual to be qualified as an expert is the possession of "scientific, technical or other specialized

---

[2] SDCC also objects to each document as being unauthenticated without suggesting what about them is not authentic. Before discovery, the documents should be presumed authentic unless SDCC puts in evidence to the contrary, which it has not done.

[3] Mark Epstein is the President of Champion Exposition Services ("Champion"). (Epstein Decl. ¶ 2, attached to PI Mem. as Ex. 4.) He has over 20 years' experience in the convention industry. (*Id.*) Thomas Robbins is the Vice President and Regional Manager in the California Region for General Exposition Services ("GES"). (Robbins Decl. ¶ 1, attached to PI Mem. as Ex. 5.) Richard Simon is the President of United. (Simon Decl. ¶ 1, attached to PI Mem. as Ex. 12.) William Callaghan is the President of Century Security. (Callaghan Decl. ¶ 1, attached to PI Mem. as Ex. 7.) He has over 20 years' experience with trade show security. (*Id.* ¶ 3.) Charles Buddy Linn is the Regional Vice President for United responsible for the Western United States, including San Diego. (Linn Decl. ¶ 1, attached to PI Mem. as Ex. 8.) He has been performing operations for United in San Diego since 1989 when the Convention Facility opened. (*Id.*) Dr. (footnote continued)

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

knowledge," which Dr. Hekman has in abundance. *See* FED. R. EVID. 702; *see also* 29 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE § 6265, at 251–52 (1st ed. 1997) ("Rule 702 takes a liberal approach to expert witness qualification.").

SDCC's other objections are similarly baseless. SDCC asserts, again without explanation, that every statement in the affidavits of Messrs. Simon, Linn, Epstein, Callaghan and Robbins lacks foundation. But each affidavit contains firsthand knowledge from individuals with extensive experience working in the convention industry. *See* FED. R. EVID. 602 (witness may testify to matter if "evidence is introduced sufficient to support a finding that the witness has *personal knowledge* of the matter," and "[e]vidence to prove *personal knowledge* may...consist of the witness' own testimony") (emphasis added); *Adkins v. Dirickson*, 523 F. Supp. 1281, 1284 (E.D. Pa. 1981) ("A witness is deemed competent to testify unless it is *nearly impossible that he had first-hand observation.*") (emphasis added). The job titles of each affiant, their years of experience, and the firsthand nature of their knowledge are plainly set forth in the affidavits.[4] These individuals clearly have the foundation to offer the fact testimony their affidavits offer at this stage of the proceedings because those affidavits discuss the business they manage, as well as their first hand experience in the industry.[5] *See, e.g.*, *Estate of Torres v. Terhune*, 2002 WL 32107987, at *1 (E.D. Cal. 2002) (declarations of affiants to

---

John Hekman is an economist with extensive qualifications and experience as an expert witness. (Hekman Dec. ¶ 1, attached to PI Mem. as Ex. 9.)

[4] *See* Epstein Decl. ¶ 1 ("All facts stated herein are true and of my own personal knowledge."); Robbins Decl. ¶ 1 (same); Simon Decl. ¶ 1 (same); Callaghan Decl. ¶ 1 (same); Linn. Decl. ¶ 1 ("Everything in this affidavit is true and it comes from my own personal knowledge.").

[5] SDCC also objects to portions of these affidavits as improper lay testimony under Federal Rules of Evidence 701 and 703, but SDCC ignores the advisory committee notes regarding the 2000 amendments to Rule 701, which state that "lay expert" testimony is to be evaluated under the standards of Rule 702. *See* FED. R. EVID. 702, Notes of Advisory Committee on Proposed Rules, Note to 2000 Amendments. Under Rule 702, the opinions offered by the five fact witness affiants concerning the likely effect of SDCC's policies comply with Rule 702 because of the unique nature of the trade show business. The long experience of each witness gives the witness "specialized knowledge" based on facts, and SDCC does not challenge the opinions on reliability grounds. This is particularly true of Mr. Callaghan, who is an event security expert recognized by national and international law enforcement. (*See* Callaghan Decl. ¶ 2.) The opinion testimony of each affiant thus qualifies under Rule 702.

authenticate state prison department policies filed in support of state prison official's motion for summary judgment were sufficient to establish affiants' personal knowledge where affiants' declarations stated nature of their positions with state prison department, that they were able to provide factual information based upon personal knowledge of prison policies and procedures, and that they "declare under penalty of perjury that the foregoing is true and correct [and] of my own personal knowledge").

SDCC also objects to virtually every statement in every affidavit as irrelevant. SDCC's standard for relevance appears to be that if the evidence is not related to SDCC's asserted immunity, it is not relevant. But that is not the Rule 401 standard for relevance, which is whether the evidence makes more or less likely a fact related to an element of a claim or an affirmative defense. *See* FED. R. EVID. 401; *see also U.S. v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("For evidence to be relevant it must be probative of the proposition it is offered to prove, and the proposition to be proved must be one that is of consequence to the determination of the action.") (internal quotation marks and omission omitted). Every single statement in these affidavits makes more likely an element of United's claims or negates SDCC's affirmative defenses. Thus, the statements are relevant.

The numerous speculation objections are also ill-founded, as antitrust claims necessarily rely on informed speculation about future market effects. After all, a claim for attempted monopolization has as an element a requirement that the plaintiff prove a "dangerous *probability*" of successfully monopolizing a market. *See Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993) (emphasis added). The probabilistic nature of such a claim necessarily requires some degree of informed speculation about future effects. Most other antitrust claims have similar requirements. *See, e.g.*, *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 759 (1977) ("Reasoned estimation is required in all antitrust cases...."). The key question is not whether a witness is speculating, but rather whether the witness has the proper foundation to offer their informed opinion about likely market effects. For example, Mr. Epstein of Champion has the foundation to opine about the likely future effects of SDCC's policies on Champion's business and the availability of maintenance contractor choices, as does Mr. Robbins for his company GES. These individuals also have the foundation from their past experience with exclusive services to predict the effect of policies such as SDCC's on price and

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

service. Other than the words "calls for speculation", SDCC provides no case law or analysis supporting the inadmissibility of any of the alleged speculation.

Finally, SDCC objects to what it alleges to be hearsay in some of the affidavits. But hearsay is a particularly inappropriate objection at a preliminary injunction when discovery has not yet occurred and the hearsay declarants have thus not yet been deposed. *See, e.g.*, *Flynt*, 734 F.2d at 1394 (approving district court's consideration of hearsay evidence in context of preliminary injunction proceeding); *Michaels v. Internet Entm't Grp., Inc.*, 5 F. Supp. 2d 823, 832 n.2 (C.D. Cal. 1998) ("Although [the witness'] assertions about the statements of his unnamed client would be subject to a hearsay objection at trial or at summary judgment, the Court may consider hearsay at the preliminary injunction stage."). Further, many of SDCC's hearsay objections are to conversations the declarants had with Mr. Gessner (*see, e.g.*, SDCC Evid. Objs. at 8, 11), whose statements, as an SDCC executive, are considered admissions against interest and therefore exceptions to the hearsay rule. *See* FED. R. EVID. 801(d)(2) (admission by party-opponent not hearsay). In addition, Mr. Gesser submitted an affidavit in this proceeding, and he had every opportunity to challenge the veracity of the characterization of his statements, and he did not do so. There is no obvious basis to exclude any portion of the affidavits especially in light of the above.

## III. UNITED IS PREPARED TO TEST ITS EVIDENCE AT A FULL EVIDENTIARY HEARING.

If, despite the considerations discussed above, this Court is still concerned with the evidentiary foundation of United's declarations, United is prepared to present its affiants at an evidentiary hearing before this Court. There, they will be able to testify directly and will be subject to cross-examination.

## IV. CONCLUSION

In light of the foregoing, United respectfully requests that this Court disregard SDCC's evidentiary objections and deny SDCC's motion to strike.

DATED: December 28, 2007

By: s/Dylan O. Malagrino
Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.
E-mail: dmalagrino@knlh.com

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

# CERTIFICATE OF SERVICE

United National Maintenance, Inc. v. San Diego Convention Center Corporation, Inc.
United States District Court Case No. 07-CV-2172 BEN (JMA)

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 600 West Broadway, Suite 1100, San Diego, California 92101-3387.

On December 28, 2007, at San Diego, California, I served the following document(s) described as **PLAINTIFF'S OPPOSITION TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** on the parties in said action as follows:

Regina A. Petty Esq.
email: rpetty@wpkt.com
Wilson, Petty, Kosmo & Turner LLP
550 West C Street, Ste. 1050
San Diego, CA 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER CORPORATION, INC.

☒ **ELECTRONIC TRANSMISSION:** I filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of California, using the Electronic Case Filing ("ECF") system of the Court. The attorney listed above has consented to receive service by electronic means and was served a "Notice of Electronic Filing" sent by the CM/ECF system.

☒ **FEDERAL COURT:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 28, 2007, at San Diego, California.

s/Dylan O. Malagrino