James R. Lance (147173)
Jacob M. Slania (200652)
Dylan O. Malagrino (228052)
**KIRBY NOONAN LANCE & HOGE LLP**
600 West Broadway, Suite 1100
San Diego, California 92101-3387
Telephone (619) 231-8666
Facsimile (619) 231-9593

Theodore R. Tetzlaff (*Pro Hac Vice*)
Jeffrey A. Leon (*Pro Hac Vice*)
Kristopher J. Stark (*Pro Hac Vice*)
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois 60602-4224
Telephone (312) 977-4400
Facsimile (312) 977-4405

Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California corporation,<br><br>        Defendant. | CASE NO. 07-CV-2172 BEN(JMA)<br><br>**PLAINTIFF UNITED NATIONAL MAINTENANCE, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**Complaint Filed: November 13, 2007**<br><br>Date:       January 28, 2008<br>Time:      10:30 a.m.<br>Judge:    Hon. Roger T. Benitez<br>Crtrm:    3<br>Trial Date: None Set |

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

KNLH\504681.1

# TABLE OF CONTENTS

**Page**

1.  INTRODUCTION ..................................................................................... 1

2.  THE ANTITRUST DAMAGES PRAYER FOR RELIEF IS NOT
    REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS ..................... 1

    A.  It Cannot Be Determined On The Pleadings Whether SDCC Is Immune
        From Damages Under The LGAA. ............................................................... 2

    B.  It Cannot Be Determined On The Pleadings Whether SDCC Is Immune
        From Damages Under The California Tort Claims Act. ................................. 4

    C.  United's Complaint Sufficiently Alleges Conduct That Entitles It To
        Punitive Damages. ...................................................................................... 6

3.  SDCC HAS SHOWN NO PREJUDICE FROM ALLOWING THE DAMAGES
    PRAYERS FOR RELIEF TO REMAIN IN THE PLEADINGS ............................... 7

4.  CONCLUSION ....................................................................................... 8

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3  CASES

4  *Avent v. Solfaro,*
    210 F.R.D. 91 (S.D.N.Y. 2002) ........................................................................ 7

5

6  *Bureerong v. Uvawas,*
    922 F. Supp. 1450 (C.D. Cal. 1996) .............................................................. 2, 7

7  *Hart Productions, Inc. v. Greater Cincinnati Convention & Visitors Bureau,*

8    1990 WL 188790 (S.D. Ohio 1990) ............................................................. 3, 4

9  *Knapp v. Palisades Charter High School,*
    146 Cal. App. 4th 708 (2007) ........................................................................ 5, 6

10

11  *McInerney v. Moyer Lumber & Hardware, Inc.,*
    244 F. Supp. 2d 393 (E.D. Pa. 2002) .............................................................. 7

12  *Rennie & Laughlin, Inc. v. Chrysler Corp.,*

13    242 F.2d 208 (9th Cir. 1957) ........................................................................ 1, 4

14  *Rosales v. Citibank,*
    133 F. Supp. 2d 1177 (N.D. Cal. 2001) .......................................................... 2

15

16  *Tapley v. Lockwood Green Engineers, Inc.,*
    502 F.2d 559 (8th Cir. 1974) ............................................................................ 2

17  *Tarabishi v. McAlester Regional Hospital,*
    951 F.2d 1558 (10th Cir. 1991) .................................................................... 3, 4

18

19  *Von Grabe v. Sprint PCS,*
    312 F. Supp. 2d 1285 (S.D. Cal. 2003) ............................................................ 1

20

21  *Wells v. One2One Learning Foundation,*
    39 Cal. 4th 1164 (2006) .................................................................................... 5

22  *Wilson v. S.F. Redev. Agency,*

23    19 Cal. 3d 555 (1977) ...................................................................................... 6

24  *Wolk v. Green,*
    2007 WL 2428043 (N.D. Cal. 2007) ................................................................ 1

25  STATUTES AND PROCEDURAL RULES

26  15 U.S.C. § 34(1) .................................................................................................. 3

27  15 U.S.C. § 35 ................................................................................................... 1, 3

28

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

Cal. Civ. Code § 3294 ....................................................................................... 6, 7

Cal. Civ. Code § 3294(c)(1) ..................................................................................... 7

Cal. Civ. Code § 3294(c)(2) ..................................................................................... 7

Cal. Govt. Code § 811.2 ........................................................................................... 4

Cal. Govt. Code § 53051 ........................................................................................... 6

Fed. R. Civ. P. 8(c) .................................................................................................... 2

Fed. R. Civ. P. 12(f) ............................................................................................. 1, 4

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

## 1. INTRODUCTION

Defendant San Diego Convention Center Corporations, Inc. ("SDCC") seeks to strike a remedy—damages for antitrust violations—from Plaintiff United National Maintenance, Inc.'s ("United") Complaint based on damages immunity allegedly provided by the Local Government Antitrust Immunity Act ("LGAA"), 15 U.S.C. § 35. SDCC's motion cannot be resolved based on the pleadings. Indeed, SDCC's immunity is no better established at this juncture of the proceedings than it was when this Court denied United's application for an expedited hearing. *See* Order Denying App. for Expedited Hearing at 2 ("Such [governmental] immunity or its likelihood has not been established."). Moreover, SDCC's Motion is improper because SDCC has not demonstrated prejudice based on retaining a damages remedy through discovery.

This Court may only strike United's prayer for antitrust damages if the prayer is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). In considering SDCC's Motion to Strike, this Court must view United's Complaint in the light most favorable to United. *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1294 (S.D. Cal. 2003). Motions to strike are not favored and "'should be denied unless the allegations have *no possible relation* to the controversy and *may cause prejudice* to one of the parties.'" *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1294 (S.D. Cal. 2003) (quoting *Willson v. Cagle*, 711 F.Supp. 1521, 1534 (N.D.Cal.1988)) (emphasis added); *see also Wolk v. Green*, 2007 WL 2428043, at *7 (N.D. Cal. 2007). Indeed, "a case should be tried on the proofs rather than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957). SDCC cannot demonstrate either standard at this stage of the proceedings, thus requiring denial of its Motion.

## 2. THE ANTITRUST DAMAGES PRAYER FOR RELIEF IS NOT REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS

A court must first find a matter to be stricken is either "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f). Generally, courts will strike an allegation as "redundant" only if it repeats another allegation stated in the same complaint.

1  2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.37[3] (3d ed. 1999).  Courts

2  will strike an allegation as "impertinent" or "immaterial" only if it is neither responsive nor

3  relevant to the issues in a case.  *Id.*  An allegation will be stricken as "scandalous" only if it

4  "unnecessarily reflects on the moral character of an individual or states anything in repulsive

5  language that detracts from the dignity of the court."  *Id.*  Notably, SDCC makes no attempt to

6  argue that the portions of the Complaint it challenges are "redundant, immaterial, impertinent,

7  or scandalous" within the meaning courts have ascribed to these criteria.

8          It nonetheless appears that SDCC is maintaining that the antitrust damages prayer is

9  "immaterial" because SDCC purportedly qualifies for damages immunity pursuant to the

10  LGAA.  SDCC cites no authority in support of striking a prayer for relief on the basis of a

11  fact-driven affirmative defense, which is precisely what SDCC's damages immunity claims

12  can be classified as under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(c).  On

13  the contrary, all the cases SDCC cites in support of striking United's claims for damages

14  involved situations where no factual determinations were necessary to decide whether the

15  requested relief was permissible.  *See Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180–84

16  (N.D. Cal. 2001) (prayers for restitution not stricken where restitution permissible as a matter

17  of law); *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 672–74 (C.D. Cal. 2000) (prayer for

18  restitution stricken where restitution impermissible as a matter of law); *Bureerong v. Uvawas*,

19  922 F. Supp. 1450, 1479–81 (C.D. Cal. 1996) (prayers for liquidated damages, punitive

20  damages, and treble damages not stricken where all types of damages permissible as a matter

21  of law); *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559 (8th Cir. 1974) (prayer for

22  compensatory damages in excess of $50,000 stricken based on legal determination statute

23  allowing such damages did not apply retroactively).  Because facts beyond the pleadings need

24  to be developed to determine damages immunity, SDCC's Motion to Strike must be denied.

25      A.      **It Cannot Be Determined On The Pleadings Whether SDCC Is Immune
                From Damages Under The LGAA.**

26

27          SDCC's argument that it is immune from damages under the LGAA cannot be resolved

28  on the pleadings.  Under the LGAA, "no damages, interest on damages, costs, or attorney's

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

1  fees may be recovered…from any local government, or official or employee thereof acting in
2  an official capacity." 15 U.S.C. § 35. The LGAA defines "local government" to include "a
3  city, county, parish, town, township, village, or any other general function governmental unit
4  established by State law, or … a school district, sanitary district, or *any other special function*
5  *governmental unit established by State law* in one or more States." 15 U.S.C. § 34(1)
6  (emphasis added).

7        As yet, SDCC has cited no *state* law that specifically establishes its existence. (*See*
8  SDCC 12(f) Memo. at 3.) Its status as a public benefit corporation is of no help to it in this
9  regard, as the power to incorporate is too vague and indirect to be considered the basis for
10  "establish[ing]" a "special function" entity. *See* 15 U.S.C. § 34(1) (emphasis added).

11        Furthermore, SDCC's status as a quasi-governmental entity does not, by itself,
12  establish LGAA immunity. The majority of the cases SDCC cites involve cities or counties,
13  whose status under the LGAA is clear. (SDCC 12(f) Memo. at 2–3.)

14        On the contrary, whether SDCC qualifies as a "special function governmental unit
15  established by State law" is a question of fact that can only be conclusively resolved after
16  discovery is conducted. *Tarabishi v. McAlester Regional Hospital*, 951 F.2d 1558 (10th Cir.
17  1991), and *Hart Productions, Inc. v. Greater Cincinnati Convention & Visitors Bureau*, 1990
18  WL 188790 (S.D. Ohio 1990), are instructive on this point.

19        *Tarabishi* refused to apply LGAA immunity to a hospital district despite the fact that it
20  was a "public trust" hospital, was formed for public functions, had public officers as trustees,
21  and was created solely for the benefit of the City of McAlester. The holding in *Tarabishi* was
22  primarily based on the fact that public trust hospitals in Oklahoma are entities separate from
23  the cities they are created to benefit. The court in *Tarabishi* relied on an extensive
24  investigation of fact and state law, the same type of analysis that must be conducted here to
25  determine whether SDCC is, in fact, immune from damages under the LGAA. *See Tarabishi*,
26  951 F.2d at 1565–67 & n.6.

27        *Hart* involved an antitrust lawsuit against the City of Cincinnati and the Greater
28  Cincinnati Convention and Visitors Bureau, a nonprofit corporation, regarding the latter's

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

1  solicitation and booking of trade shows at the Cincinnati Convention Center. State legislation

2  authorized a municipality to, among other things, "establish and regulate public halls…and

3  authorize a board of county commissioners to enter into an agreement with a convention and

4  visitors bureau within the county under which the bureau agrees to construct and equip a

5  convention center and the board agrees to levy a tax on lodging fees for the purpose of

6  financing and equipping the center." Despite this legislation, the court found that it was

7  inappropriate to determine on summary judgment whether the Bureau was immune from

8  damages under the LGAA. *See Hart*, 1990 WL 188790, at 4–5.

9      As *Tarabishi* and *Hart* confirm, the issue of LGAA immunity requires additional

10  discovery regarding a number of factors, including the source of SDCC's funding and its

11  degree of operational autonomy. Accordingly, in the interest of allowing United to try its case

12  "on the proofs rather than the pleadings," *Rennie & Laughlin*, 242 F.2d at 213, this Court

13  should not strike the prayer for relief in paragraph 79 of United's Complaint on the basis of

14  SDCC's purported immunity under the LGAA.[1]

15      **B.    It Cannot Be Determined On The Pleadings Whether SDCC Is Immune
             From Damages Under The California Tort Claims Act.**

16

17      SDCC also argues that United's prayer for damages for Counts V through VII should

18  be stricken because of SDCC's alleged immunity from damages under the California Tort

19  Claims Act. *See* Cal. Govt. Code § 811.2. SDCC's assertion cannot be resolved in the context

20  of SDCC's Motion to Strike.

21      SDCC, a California public benefit corporation, seeks resolution of its status as a

22  "public entity" under the Act on a Rule 12(f) motion before any discovery has been taken. To

23

24  ―――――――――――――――――

25  [1] In a cursory cross-reference to its Motion to Dismiss, SDCC argues that it is immune from suit pursuant to the state action doctrine. (SDCC 12(f) Mem. at 3.) For the reasons set forth in detail in United's Opposition to SDCC's Motion to Dismiss, SDCC does not qualify for state action

26  immunity. *See* Memo. in Opposition to SDCC Mot. to Dismiss at 9–16. Further, state action immunity, unlike LGAA immunity, is total—no damages or injunctions are permitted.

27  Accordingly, state action immunity is best addressed under SDCC's 12(b)(6) Motion.

28

1   reach a conclusion regarding SDCC's status, this Court must rely on factual matters that are

2   simply beyond the pleadings (and beyond the facts for which SDCC seeks judicial notice).

3          As discussed in United's Opposition to SDCC's Motion to Dismiss (*see* United Memo.

4   in Opposition to SDCC Mot. to Dismiss at 17–20), SDCC is an interesting entity. It is not a

5   state agency. Nor is it a municipality. Nor was it created by the State of California itself.

6   Rather, SDCC was created by the City of San Diego as a "public benefit corporation." SDCC

7   asks this Court to take judicial notice of materials outside the pleadings such as SDCC's

8   Articles of Incorporation, which do not by themselves establish that SDCC is a "public entity."

9   (SDCC Req. for Judicial Notice.) SDCC's Articles of Incorporation only show that SDCC

10  registered with the Secretary of State as a nonprofit public benefit corporation and was

11  organized under the Nonprofit Public Benefit Law. Thus, the Articles of Incorporation merely

12  establish that SDCC was formed for nonprofit purposes. This fact alone has no bearing on

13  whether SDCC is a "public entity" entitled to the protections of the Tort Claims Act.

14         The California Supreme Court has made clear that merely proving registration with the

15  state as a nonprofit public benefit corporation does not, by itself, confer status as a "public

16  entity" under the Act. In *Wells v. One2One Learning Foundation*, 39 Cal. 4th 1164 (2006),

17  the Court held that a charter school, incorporated as a nonprofit public benefit corporation,

18  was not protected by governmental immunity, and permitted a damages action to proceed. *Id.*

19  at 1203.

20         The California Court of Appeals reached a similar conclusion in *Knapp v. Palisades*

21  *Charter High School*, 146 Cal. App. 4th 708 (2007). The *Knapp* court engaged in an

22  extensive, fact-intensive inquiry into the structure of a different charter school public benefit

23  corporation, and found that the school in question was not a public entity for purposes of the

24  Tort Claims Act. The court reasoned, in relevant part, that the school (1) had its own board of

25  directors, (2) hired its own administrators and teachers, (3) had substantial freedom to achieve

26  academic results without interference by the local school district, and (4) was responsible for

27  its own budgetary and financial matters. *Knapp*, 146 Cal. App. 4th at 717. The facts

28  considered by the *Knapp* court need to be determined here before SDCC's status can be

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

1  properly decided.  As in *Knapp*, this Court must consider:

2      1.    Whether the SDCC public benefit corporation has a separate board of directors from the City of San Diego (*i.e.*, the City Council);

3

4      2.    Whether the SDCC public benefit corporation has autonomy to hire its own executives;

5

6      3.    Whether the SDCC public benefit corporation was given substantial freedom to establish its own goals, and the degree of oversight the City of San Diego exercised over SDCC as it sought to set and achieve those goals; and,

7

8      4.    Whether the SDCC public benefit corporation exercised considerable autonomy and independent responsibility as to financial matters.

9

10  None of these facts is evident from the pleadings or the materials for which SDCC seeks

11  judicial notice.

12      One thing that *is* evident is that SDCC has failed to register as a public agency on the

13  Roster of Public Agencies with the California Secretary of State, as required by section 53051

14  of the California Government Code.  Cal. Govt. Code § 53051.  Failure to register is an

15  important factor that a court must consider in deciding whether or not to apply governmental

16  immunity under the Tort Claims Act.  *Wilson v. S.F. Redev. Agency*, 19 Cal. 3d 555, 560–62

17  (1977).  This is another fact beyond the pleadings that is relevant to the "public entity"

18  determination, and United knows that SDCC has failed to register.  (Ver. Compl. ¶ 6.)

19      In light of the *Knapp* factors and SDCC's failure to register with the Roster of Public

20  Agencies, it would be inappropriate to strike United's prayer for damages pursuant to the Tort

21  Claims Act.

22  **C.    United's Complaint Sufficiently Alleges Conduct That Entitles It To Punitive Damages.**

23

24      Finally, SDCC argues United's prayers for punitive damages in Counts V through VII

25  should be stricken because United does not allege conduct entitling it to punitive damages.

26  Contrary to SDCC's contention, United's Complaint contains numerous allegations that

27  support an award of punitive damages pursuant to section 3294 of the California Civil Code.

28

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

1  Under section 3294, a plaintiff may recover punitive damages where the defendant has

2  been guilty of "oppression, fraud or malice." Cal. Civ. Code § 3294. "Malice" means

3  "conduct...intended by the defendant to cause injury" or conduct "carried on by the defendant

4  with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code

5  § 3294(c)(1). "Oppression" means "despicable conduct that subjects a person to cruel and

6  unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2).

7  United's Complaint exhaustively explains the nature of SDCC's sham "security" policy. (*See*

8  Ver. Compl. ¶¶ 49–60.) The exclusionary policy intentionally causes injury to United and

9  subjects it to unjust hardship by eliminating its ability to compete in the San Diego market for

10  trade show cleaning services. (*See id.* ¶¶ 61–69.) Accordingly, United's Complaint alleges

11  malicious and oppressive conduct by SDCC, and United's prayers for relief for punitive

12  damages should not be stricken. *See also Bureerong*, 922 F. Supp. at 1480 (although California

13  law requires "oppression, fraud, or malice" for punitive damages, these allegations "may be

14  averred generally" to satisfy federal pleading standard) (internal quotation marks omitted).

### 3. SDCC HAS SHOWN NO PREJUDICE FROM ALLOWING THE DAMAGES PRAYERS FOR RELIEF TO REMAIN IN THE PLEADINGS

17  In addition to proving beyond a doubt on the pleadings that the damages prayers are

18  "immaterial," SDCC must also show prejudice from not striking the prayers at this stage of the

19  proceedings, and it has not done so. SDCC's papers are silent on how it would be prejudiced.

20  After discovery and a full factual record, SDCC will be able to seek summary judgment, so if

21  SDCC is correct on its damages immunity assertions, the issue can be resolved at that stage. *See,*

22  *e.g., McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)

23  (plaintiff's request for $100,000 in punitive damages not stricken, as defendant's claim that it was

24  statutorily protected from that level of punitive damages based on its number of employees was

25  factual issue easily ascertainable through discovery, which was unlikely to result in excessive

26  delay or expense); *see also Avent v. Solfaro*, 210 F.R.D. 91, 94 (S.D.N.Y. 2002) (defendants'

27  affirmative defenses not stricken, as the mere fact plaintiff would have to further litigate his

28  claims, which involved "factual and legal disputes," was not sufficient to show plaintiff would

1  be "unnecessarily prejudiced" if the affirmative defenses remained in the pleading).

2  **4. CONCLUSION**

3  In light of the foregoing, United respectfully requests that this Court deny SDCC's

4  Motion to Strike in its entirety.

5  DATED: January 14, 2008

6

7  By: s/ Dylan O. Malagrino

8  Attorneys for Plaintiff
   UNITED NATIONAL MAINTENANCE, INC.

9

10  James R. Lance (147173)
    Jacob M. Slania (200652)
    Dylan O. Malagrino (228052)

11  **KIRBY NOONAN LANCE & HOGE LLP**
    600 West Broadway, Suite 1100

12  San Diego, California  92101-3387
    Tel: (619) 231-8666

13  Fax: (619) 231-9593

14  Theodore R. Tetzlaff (*Pro Hac Vice*)
    Jeffrey A. Leon (*Pro Hac Vice*)

15  Kristopher J. Stark (*Pro Hac Vice*)

16  **UNGARETTI & HARRIS LLP**
    3500 Three First National Plaza

17  Chicago, IL 60602-4224
    Tel: (312) 977-4400

18  Fax: (312) 977-4405

19

20

21

22

23

24

25

26

27

28

*Kirby Noonan Lance & Hoge LLP*
*600 West Broadway, Suite 1100 San Diego, California  92101-3387*

KNLH\504681.1                    -8-                    07-CV-2172 BEN(JMA)

**CERTIFICATE OF SERVICE**

<u>United National Maintenance, Inc. v. San Diego Convention Center Corporation, Inc.</u>
United States District Court Case No. 07-CV-2172 BEN (JMA)

     I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 600 West Broadway, Suite 1100, San Diego, California 92101-3387.

     On January 14, 2008, at San Diego, California, I served the following document(s) described as **PLAINTIFF UNITED NATIONAL MAINTENANCE, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE** on the parties in said action as follows:

Regina A. Petty Esq.
email: rpetty@wpkt.com
Wilson, Petty, Kosmo & Turner LLP
550 West C Street, Ste. 1050
San Diego, CA 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER
CORPORATION, INC.

☒    **ELECTRONIC TRANSMISSION:** I filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of California, using the Electronic Case Filing ("ECF") system of the Court. The attorney listed above has consented to receive service by electronic means and was served a "Notice of Electronic Filing" sent by the CM/ECF system.

☒    **FEDERAL COURT:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 14, 2008, at San Diego, California.

                     s/Dylan O. Malagrino

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

KNLH\503295.1