WILSON PETTY KOSMO & TURNER LLP
REGINA A. PETTY (106163)
SOTERA L. ANDERSON (211025)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
**E-mail:** rpetty@wpkt.com
**E-mail:** sanderson@wpkt.com

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER
CORPORATION, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE INC, A NEVADA CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., A CALIFORNIA CORPORATION,<br><br>               Defendant. | Case No. 07-CV-2172 BEN (JMA)<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(B)(1) AND 12(B)(6)**<br><br>Complaint Filed: November 13, 2007<br><br>Date:          January 28, 2008<br>Time:          10:30 a.m.<br>Dept.:          3<br>Judge:        Hon. Roger T. Benitez<br>Trial Date:  Not Set<br><br>**[EXEMPT FROM FEES –GOV. CODE, § 6103]** |

# I.

## <u>SUMMARY OF ARGUMENT</u>

Despite the Complaint raising causes of action sounding in antitrust law, that is not what this case is about. Rather, this is a lawsuit brought by a janitorial service company challenging the City's ability to implement policies and procedures to best protect its facilities and the thousands of people who use the Convention Center. SAN DIEGO CONVENTION CENTER CORPORATION ("SDCCC") has not issued a policy prohibiting Plaintiff from entering into contracts and earning money. It has only implemented a policy to best secure the premises and people while still permitting Plaintiff to compete and earn contracts.

Plaintiff attempts to make the issues presented more complex than they truly are. In fact, Plaintiff attempts to pull the wool over the Court's eyes and makes assertions that are so far from the truth as to be considered complete fabrication.[1] The fact of the matter is that SDCCC's security policy does not end Plaintiff's ability to compete. It only requires, in the least restrictive means possible, that the actual cleaning service be performed by properly screened, extensively trained and directly accountable employees of the Convention Center for security reasons. Even accepting all of Plaintiff's allegations as true, Plaintiff's claims fail as a matter of law as SDCCC is immune from liability.

SDCCC's Motion to Dismiss must be granted without leave to amend for no amendment can cure these defects.

---

[1] Throughout Plaintiff's opposition papers, Plaintiff asserts that SDCCC admits or concedes to facts, that it does not but which are not properly addressed at this stage of the litigation. For example, Plaintiff states that SDCCC does not challenge the validity of any of Plaintiff's claims. (Opposition, 1:10-11) SDCCC does, in fact, challenge the substance of Plaintiff's claims. But, SDCCC it is only permitted, at least at this stage of the litigation, to challenge the defects of the Complaint, not argue the substance of the claims. As another example, Plaintiff states that SDCCC admits that it profits from its sale of trade show cleaning services and that its profits have risen. (Opposition, 1:6-8) SDCCC makes no such admission. Rather, SDCCC argues that Plaintiff's profits have risen because it no longer is responsible for the overhead of the booth cleaning services. Plaintiff's opposition is filled with other similar assertions that are simply not so.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER
CORPORATION, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## II.

### PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW AS SDCCC IS IMMUNE FROM LIABILITY FOR THE CLAIMS PLAINTIFF RAISES IN THE COMPLAINT

#### A.    SDCCC Is Immune From Liability As Its Security Policy Concerns The Public Welfare

It is Plaintiff, not SDCCC, who seeks to place its business objectives over public safety by bringing the instant lawsuit. As the Court is now well aware having reviewed the various declarations filed under seal in connection with SDCCC's opposition to Plaintiff's motion for preliminary injunction, SDCCC's security concerns are real. So real that even Plaintiff deemed it appropriate to file declarations under seal. Plaintiff has no legal right to dictate the terms for doing business at the Convention Center. It is SDCCC's responsibility to protect the public welfare that is at the heart of this case. An effective security program is complex and the incremental implementation of big and small operational improvements is anything but a sham. No cause of action can lie against SDCCC in this matter, irrespective of any antitrust issues, and SDCCC's Motion to Dismiss must be granted. *See National Waterworks Co. v. Kansas*, 28 F. 921, 923 (U.S. Court of Appeals 1886) [no municipality can contract away its right of control when it comes to issues related to public welfare]; *see also Union Bridge Co. v. United States*, 204 U.S. 364, 395 (1907).

#### B.    Plaintiff Has Failed To Assert Facts Sufficient To Meet The "Affecting Interstate Commerce" Requirement For Pleading Violations Of The Sherman Act

The "restraint" being complained of is the performance of cleaning services at one location in one city. This is an important distinction because the <u>test</u> for interstate commerce is that the *alleged restraint* has a direct and substantial affect on interstate commerce. The janitorial services are an inherently local activity. SDCCC does not provide janitorial services outside California. The fact that Plaintiff may do business out of state is of no moment. The mobility of clients and their guests is irrelevant.

The focus of an analysis of the viability of a federal antitrust claim is on the defendant's activity being complained of and whether that activity is interstate in nature or *substantially* affects

1    interstate commerce.  Here, the restraint on business being complained of is not Plaintiff's ability to

2    compete for janitorial contracts in multiple states.  Rather, the restraint being complained of is the

3    regulation of the janitorial services at one site in one city.  *This* restraint is purely local in nature and

4    outside of the interstate commerce realm or the realm of having a substantial affect on interstate

5    commerce.  The "restraint" being complained in this case is between SDCCC and Plaintiff and is

6    limited to the Convention Center here in San Diego and nowhere else.  Plaintiff concedes that the

7    relevant market is San Diego, which by definition is purely local.  (Complaint ¶ 23.) Likewise,

8    Plaintiff concedes that the workforce is purely local in nature and does not move city to city, let

9    alone state to state.  (Complaint ¶¶ 23-26.)  Finally, the cleaning services trade is a very small

10   component of trade shows and exhibit costs and the cost for employees to perform the actual

11   cleaning is much less.  Plaintiff agrees.  (Complaint ¶ 28.)

12          Plaintiff "must make factual allegations supporting presence of interstate commerce,

13   existence of substantial matters affecting interstate commerce, and requisite nexus between

14   challenged activities and effect on relevant channel of interstate commerce." *Miami International*

15   *Realty Co. v. Mt. Crested Butte*, 579 F. Supp 68 (DC Colo 1984).  Plaintiff has failed to allege

16   sufficient facts to defeat SDCCC's motion to dismiss and, therefore, each of Plaintiff's first four

17   causes of action should be dismissed.

18          **C.      As a Public Entity, SDCCC Is Immune From Liability For Plaintiff's State And**
             **Federal Anti-Trust Claims**

19

20          It is well settled under California's Tort Claims Act that a "public entity" is not liable for

21   tortuous injury unless the liability is ***specifically imposed by statute or the Constitution itself***.  *See*

22   *e.g. Trinkle v. Cal. State Lottery*, 71 Cal. App. 4th 1198, 1202 (1999) (emphasis added); *see also*

23   *Colome v. State Athletic Com.*, 47 Cal. App. 4th 1444 (1996).  Plaintiff, knowing that SDCCC is, in

24   fact, a "public entity" under the California Tort Claims Act, seeks to draw out the inevitable outcome

25   - immunity for Plaintiff's state claims - by requesting additional discovery.  Plaintiff seeks to have

26   SDCCC spend thousands of taxpayer dollars on an issue that is relatively straightforward.

27          The definition of "public entity" for purposes of the California Tort Claims Act is simple,

28   easy to read, easy to understand, and easy to apply.  The term "public entity" "includes . . . a city . . .

and any other political subdivision or public corporation in the State." Cal. Gov. Code, § 811.2. SDCCC, a public corporation, is, therefore, protected. There is no dispute that the City of San Diego established SDCCC. There is no dispute that SDCCC is a public corporation. There is no dispute that the City is SDCCC's only member. There is no dispute that the City appoints the Board of Directors. There is no dispute that SDCCC operates under the laws governing the conduct of business of public entities. There is no dispute that SDCCC receives its funding from the City. The only dispute is Plaintiff's attempt to force the City to spend thousands of dollars to further illustrate these well known facts, which amounts to harassment and a waste of taxpayer money.

The State's Tort Claims Act found at California Government Code sections 810-996.6, immunizes SDCCC from liability for the claims alleged in this action. By enacting the Tort Claims Act to protect public entities such as SDCCC, the State legislature intended SDCCC's actions taken in the operation and management of the Convention Center to be covered. The immunity provided to SDCCC under the Tort Claims Act is, therefore, sufficient for purposes of the Sherman Act, a statute, as well. To find otherwise would defeat the purpose of the State's desire to ensure its local governments and municipalities, such as the City and SDCCC, are afforded appropriate protection in carrying out their obligations to serve the public.

Considering SDCCC is a "public entity," it is immune from liability from Plaintiff's first four causes of action under the Sherman Act and for the fifth, sixth and seventh state causes of action under the California Tort Claims Act.

**D.     SDCCC Is Exempt From Liability Under The Sherman Act Under The "State Action Doctrine"**

Plaintiff is just wrong when it comes to its analysis of the State Action Doctrine. Plaintiff forgets that SDCCC "**need not point to a specific, detailed legislative authorization, but may rely on the authority given in that area....**" *Highfield Water Co.,* 488 F. Supp 1176 (emphasis added); s*ee also Boone,* 841 F.2d 866, cert den 488 U.S. 965 (1988) (Exemption from antitrust laws under state action doctrine was applicable to city and redevelopment agency, where city and redevelopment agency acted pursuant to state's clearly articulated and affirmatively expressed policy under state's community redevelopment law.). *Vartan v. Harristown Dev. Corp.*, 655 F. Supp 430

(MD Pa 1987) (Activities of municipality, redevelopment authority, mayor and development corporation are exempt from liability under the Sherman Act under "state action doctrine," where their activities in restricting private developer's acquisition and use of property in redevelopment area are authorized under urban redevelopment law, which authorizes municipalities to adopt and carry out redevelopment plans and contemplates actions to maintain integrity of plans even if anticompetitive actions are involved); *Pueblo Aircraft Service, Inc. v. Pueblo*, 679 F.2d 805 (10th Cir. 1982), cert den 459 U.S. 1126 (1983) (City is immune from federal antitrust laws where city airport is operated for benefit of general public and not for particular advantage of inhabitants of city, and state legislature expressly declares operation of airport facilities to be public governmental function, exercised for public purpose and matters of public necessity.); *E.W. Wiggins Airways, Inc. v. Massachusetts Port Authority*, 362 F.2d 52 (1st Cir. Mass 1966), cert den 385 U.S. 947 (1966) (No antitrust liability arises where port authority, purely public corporation, in exercise of valid governmental function, awarded exclusive franchise to party to provide "fixed base operations" at airport (providing facilities, fuel, equipment, supplies and services at airport), even though such action by port authority involved refusal to renew plaintiff's lease and resulted in plaintiff being forced to sell its business at airport to new operator at low figure.).  SDCCC has done both, relied on specific legislative intent and authority given in a specific area.

Surely, Plaintiff is not suggesting to this Court that the State government has not given and authorized its local governments and public entities the authority to act in the interest of national and state security, even if doing so may have the effect of displacing competition.  Least we not forget of the numerous terrorist activities that have devastated America in our recent history or the establishment of the Department of Homeland Security, both on a national level, as well as within each State.  Plaintiff must be living under a rock to even suggest that the State legislature would at all disagree with or deny SDCCC the authority to implement policies to best protect the Convention Center, a high risk target, and its occupants.

The State has authorized municipalities, such as the City of San Diego, to conduct business for the benefit of the people.  The City, a municipality and local government, through SDCCC, operates the Convention Center pursuant to that state authority.  The Convention Center is a publicly

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER
CORPORATION, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   owned facility as its budget is derived from taxpayer's dollars and SDCCC's operation and

2   management of the Convention Center is a governmental activity in which SDCCC attends to the

3   people's business.

4        Moreover, the leadership of the State of California and the California National Guard, whose

5   Commander-in-Chief includes both the President of the United States, as well as California's

6   Governor, has made security a priority and has given local governments and public entities the

7   authority to act.  Plaintiff can be sure that the State of California reviews SDCCC's actions.  The

8   Court need only look to the supplemental declarations SDCCC filed under seal in conjunction with

9   Plaintiff's pending motion for preliminary injunction to know the State, via the Department of

10  Homeland Security and the California National Guard, reviews SDCCC's actions and inactions, at

11  least with respect to security concerns.

12       The State of California contemplated that action be taken to protect and secure the people

13  within the State, as well as buildings and high risk locations, such as the Convention Center.

14  SDCCC's policy of requiring cleaning services to use only SDCCC approved employees is action

15  taken consistent with the State's objectives.  Because SDCCC's security policy is a foreseeable

16  result of its operation and management of the Convention Center, not to mention being in line with

17  the State's homeland security plan and objectives, SDCCC is immune from liability and, therefore,

18  Plaintiff has failed to state facts sufficient to constitute a cause of action against SDCCC for antitrust

19  violations.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER
CORPORATION, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

2

**III.**

**CONCLUSION**

3       SDCCC respectfully requests that the Court dismiss Plaintiff's entire Complaint for failure to

4   state a claim and lack of supplemental subject matter jurisdiction.

5

6   Dated:      January 18, 2008                    **WILSON PETTY KOSMO & TURNER LLP**

7

8                                                   By:      /SOTERA L. ANDERSON
                                                            REGINA A. PETTY
9                                                           SOTERA L. ANDERSON

10                                                          Attorneys for Defendant
                                                           SAN DIEGO CONVENTION CENTER
11                                                          CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER
CORPORATION, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

| | COURT USE ONLY |
|---|---|
| **UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA** | |
| TITLE OF CASE (ABBREVIATED)<br>UNITED NATIONAL MAINTENANCE, INC. V. SAN DIEGO CONVENTION CENTER CORP | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>REGINA A. PETTY (106163)<br>SOTERA L. ANDERSON (211025)<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101     TELEPHONE NO.:<br>Tel. (619) 236-9600<br>Fax: (619) 236-9669 | |
| ATTORNEYS FOR:<br>Defendant SAN DIEGO CONVENTION CENTER CORPORATION | HEARING DATE – TIME<br>January 28, 2008 - 10:30 a.m. | CASE NUMBER:<br>07-CV-2172 BEN (JMA) |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On January 18, 2008, I served the following documents:

    1.    REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULES 12(B)1 AND 12(B)6

I served the documents on the person below, as follows:

James R. Lance
Kirby Noonan Lance & Hoge LLP
600 W Broadway # 1100
San Diego, CA 92101
Attorney for Plaintiff, United National Maintenance

Jeffrey A. Leon
Ungaretti & Harris LLP
3500 Three First National Plaza
70 West Madison
Chicago, IL 60602
Attorney for Plaintiff, United National Maintenance

☐    **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒    **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on January 18, 2008, at San Diego, California.

_____
Lori Cutrell

lpos by mail.doc