WILSON PETTY KOSMO & TURNER LLP
REGINA A. PETTY (106163)
SOTERA L. ANDERSON (211025)
550 West C Street, Suite 1050
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
**E-mail:**  rpetty@wpkt.com
**E-mail:**  sanderson@wpkt.com

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER
CORPORATION, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE INC, A NEVADA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., A CALIFORNIA CORPORATION,<br><br>Defendant. | Case No. 07-CV-2172 BEN (JMA)<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S MEMORANDUM OF POINTS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(f)**<br><br>Complaint Filed:  November 13, 2007<br><br>Date:        January 28, 2008<br>Time:        10:30 a.m.<br>Dept.:        3<br>Judge:       Hon. Roger T.  Benitez<br>Trial Date:  Not Set<br><br>**[EXEMPT FROM FEES – CAL. GOV. CODE, § 6103]** |

-1-    Case No. 07-CV-2172 BEN (JMA)
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S MEMORANDUM OF POINTS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

# I.

# INTRODUCTION

SDCCC's Motion to Strike money damages is a fairly straightforward motion, which Plaintiff has attempted to make more complex than is necessary. The bottom line is that SDCCC is a public entity and local governmental unit which acts as an extension of the City of San Diego and does the people's business. As such, Plaintiff cannot recover monetary damages against SDCCC under the Sherman Act or the California Tort Claims Act.

Further, in SDCCC's 20 plus years in existence, no Court has deemed that SDCCC is not a public entity or that it should not be afforded the protections of a public or governmental entity. No discovery is necessary or warranted to show what everyone else, except the Plaintiff, knows and understands. Plaintiff's request that SDCCC be forced to expend public funds in such a way only serves to harass and prejudice SDCCC and only delays the inevitable.

# II.

## SDCCC IS IMMUNE FROM DAMAGES AND WILL BE PREJUDICED IF FORCED TO UNDERGO DISCOVERY ON AN ISSUE THAT IS RELATIVELY STRAIGHTFORWARD

### A. SDCCC Is Immune From Damages Under Both The California Tort Claims Act And The Local Government Antitrust Act Of 1984

It is disingenuous to say the least for Plaintiff to assert that one cannot determine whether SDCCC is immune from damages under the California Tort Claims Act and the Local Government Antitrust Act of 1984. The issue could not be any clearer.

It is well settled under the Tort Claims Act that a "public entity" is not liable for money damages, including attorneys' fees and punitive damages, unless the liability is specifically imposed by statute or the Constitution itself. Cal. Gov. Code §§ 814, 815, 945, 945.4; s*ee e.g. Trinkle v. Cal. State Lottery*, 71 Cal. App. 4th 1198, 1202 (1999); *see also Colome v. State Athletic Com.*, 47 Cal. App. 4th 1444 (1996). In fact, California Government Code section 818 specifically states that punitive damages may not be imposed against a public entity. Cal. Gov. Code, § 818 (public entity is not liable for damages awarded under section 3294 of the Civil Code); *Austin v. Regents of University of California*, 89 Cal. App. 3d 354, 358 (1979) (affirming trial court's decision to strike punitive damages claim against public entity).

-1-     Case No. 07-CV-2172 BEN (JMA)

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S MEMORANDUM OF POINTS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

1  Similarly, it is well settled under the Local Government Antitrust Act of 1984 that "no
2  damages, interest on damages, costs, or attorney's fees may be recovered…from any local
3  government..." 15 U.S.C. § 35; Pub. L. No. 98-544, §3(a). In fact, "[l]ocal governments have
4  absolute immunity under the Local Government Antitrust Act of 1984 for damages resulting from
5  [antitrust] violations." *Palm Springs Medical Clinic, Inc. v. Desert Hospital*, 628 F. Supp. 454 (C.D.
6  Cal. 1986); *see also Omni Outdoor Advertising v. Columbia Outdoor Advertising*, 891 F.2d 1127
7  (4th Cir. 1989) (damages were not permitted against the City where the city and a billboard company
8  conspired to keep a rival billboard company out of the City.); *GF Gaming Corp. v. City of Black
9  Hawk*, 405 F.3d 876 (10th Cir. 2005) (mayor, city attorney, and city manager immune from liability
10 and damages for violations of the Sherman Act); *Thatcher Enterprises v. Cache County Corp.,* 902
11 F.2d 1472 (10th Cir. 1990) (city and county immune from damages); *Fisichelli v. Methuen*, 653 F.
12 Supp. 1494 (C.D. Mass 1987) (city and city officials are immune from federal antitrust damage
13 awards if acting within their official capacities).
14  The definition of "public entity" for purposes of the Tort Claims Act is easy to comprehend,
15 and easy to apply. The term "public entity" "includes . . . a city . . . and any other political
16 subdivision <u>or public corporation</u> in the State." Cal. Gov. Code, § 811.2. Likewise, determining
17 what is a "local government" for purposes of the Local Government Antitrust Act can be done with
18 relative ease. "Local government" is defined to include a city and "any other general [and special]
19 function governmental unit established by State law…" 15 U.S.C. § 34 (1)(A)and (B); Pub. L. No.
20 98-544, §2(1)(B); *see e.g., Palm Springs Medical Clinic, Inc.*, *supra,* 628 F. Supp. 454 (hospital
21 district considered "local government" under the Act as a "special function governmental unit");
22 *Zapazta Gulf Marine Corp. v. Puerto Rice Maritime Shipping Authority*, 682 F. Supp. 1345 (E.D. La
23 1988) (Puerto Rico Maritime Shipping Authority considered "local government" under the Act as a
24 "special function governmental unit").
25  There is no dispute that the City of San Diego is a public entity and local government. There
26 is no dispute that the City of San Diego is authorized to create municipalities and public
27 corporations, such as SDCCC, to carry out its business. There also is no dispute that the City of San
28 Diego established SDCCC as a public corporation and that the City serves as SDCCC's only

-2-   Case No. 07-CV-2172 BEN (JMA)

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER
CORPORATION, INC.'S MEMORANDUM OF POINTS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT

shareholder. Additionally, there is no dispute that the City appoints the Board of Directors and that SDCCC operates under the laws governing the conduct of business of public entities. Further, there is no dispute that SDCCC receives its funding from the City - one need only look at the City's budget online rather than engage in costly discovery to know this fact. In fact, SDCCC could not exist but for the capital expenditures allocated to it by the City, using taxpayer monies. The only dispute is Plaintiff's attempt to force the City to spend thousands of dollars to further illustrate these well known facts, which amounts to harassment and a waste of taxpayer money.

Moreover, even if SDCCC was not considered a "local government," it would still be immune as it acts in compliance with clearly articulated government policies and programs as discussed above, as well as in SDCCC's Motion to Dismiss which is incorporated by reference herein as though fully set forth herein, and, therefore, is protected from antitrust liability to the same extent as a government entity. *See Southern Motor Carriers Rate Conf. v. United States*, 471 U.S. 48, 56-57 (1985); *see also Caribe Trailers Sys. v. Puerto Rice Maritime Shipping Author.*, 475 F. Supp. 711, 724 (D.D.C. 1979).

With respect to operational autonomy and control, the City of San Diego, as SDCCC's sole shareholder, has the right to impose policies upon SDCCC and the Convention Center. For example, the City has implemented the Living Wage Ordinance, which SDCCC must comply with. If the City did not have operational control over SDCCC, it could not impose and enforce such an ordinance on SDCCC. Plaintiff's attempt to conduct discovery on such an issue in only an attempt to prolong the inevitable.

As a public entity and local government, the only relief available to Plaintiff, if any, for the specific causes of action raised in the Complaint is injunctive relief. Accordingly, Plaintiff's prayer for damages are improper and should be stricken from the Complaint.

**B.    SDCCC Is Prejudiced By Having To Defend Against Claims For Damages That The State Legislature Has Already Determined It Is Immune And By Wasting Taxpayer Money**

As noted above, the State legislature has already determined that SDCCC is a public entity who enjoys immunity from damages. Plaintiff, knowing that SDCCC is, in fact, a "public entity" under the California Tort Claims Act, seeks to draw out the inevitable outcome - immunity from

-3-    Case No. 07-CV-2172 BEN (JMA)

monetary damages - by requesting additional discovery and asserting that SDCCC will not be prejudiced by allowing Plaintiff's claims for damages to survive. Doing so prejudices SDCCC in many respects. For starters, Plaintiff will force SDCCC to spend thousands of dollars defending its position that Plaintiff is not entitled to money damages, thereby wasting taxpayer dollars on issues that have already been decided by the State legislature and are relatively straightforward. It's not fair to ask SDCCC and, essentially, the people of the City of San Diego to do so. The money spent defending such a position might not matter to Plaintiff because it and it's executives are not residents of San Diego and, therefore, it is not their money SDCCC would be spending. However, the City and its taxpaying residents do care and would surely be prejudiced.

### III.

### CONCLUSION

SDCCC respectfully requests the Court to grant its Motion to Strike in its entirety by striking all allegations for "damages," "compensatory damages," "trebled" damages," "attorneys' fees," and "punitive damages" from Plaintiff's Complaint. Specifically, SDCCC requests that the Court strike the following portions of the Complaint:

First Cause of Action for Attempted Monopolization:

- p. 22, ¶ 79, in its entirety. 15 U.S.C. § 35.

Fifth Cause of Action for Interference with Contract:

- p. 27, ¶ 101, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4.
- p. 27, ¶ 102, in its entirety. Cal. Gov. Code §§ 814, 815, 818, 945.4.

Sixth Cause of Action for Interference with Prospective Business Advantage:

- p. 28, ¶ 108, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4.
- p. 28, ¶ 109, in its entirety. Cal. Gov. Code §§ 814, 815, 818, 945.4.

Seventh Cause of Action for Violation of Business and Professions Code section 17000:

- p. 28, ¶ 111, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4.
- p. 28, ¶ 112, in its entirety. Cal. Gov. Code §§ 814, 815, 818, 945.4.

Prayer for Relief:

- p. 29, ¶ 3, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4; 15 U.S.C. § 35.

1     •     P. 29, ¶ 4, in its entirety. 15 U.S.C. § 35.

2     •     p. 29, ¶ 5, in its entirety. Cal. Gov. Code §§ 814, 815, 818, 945.4; 15 U.S.C. § 35.

4     •     p. 29, ¶ 6, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4; 15 U.S.C. § 35.

5     •     p. 29, ¶ 7, in its entirety. Cal. Gov. Code §§ 814, 815, 945.4; 15 U.S.C. § 35.

Dated:    January 18, 2008     **WILSON PETTY KOSMO & TURNER LLP**

By:     /SOTERA L. ANDERSON
REGINA A. PETTY
SOTERA L. ANDERSON

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER CORPORATION

-5-     Case No. 07-CV-2172 BEN (JMA)
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S MEMORANDUM OF POINTS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED) <br> UNITED NATIONAL MAINTENANCE, INC. V. SAN DIEGO CONVENTION CENTER CORP | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): <br> REGINA A. PETTY (106163) <br> SOTERA L. ANDERSON (211025) <br> WILSON PETTY KOSMO & TURNER LLP <br> 550 West C Street, Suite 1050 <br> San Diego, CA 92101 | TELEPHONE NO.: <br> Tel. (619) 236-9600 <br> Fax: (619) 236-9669 | |
| ATTORNEYS FOR: <br> Defendant SAN DIEGO CONVENTION CENTER CORPORATION | HEARING DATE – TIME <br> January 28, 2008 - 10:30 a.m. | CASE NUMBER: <br> 07-CV-2172 BEN (JMA) |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On January 18, 2008, I served the following documents:

1.   REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S MEMORANDUM OF POINTS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(f)

I served the documents on the person below, as follows:

James R. Lance
Kirby Noonan Lance & Hoge LLP
600 W Broadway # 1100
San Diego, CA 92101
Attorney for Plaintiff, United National Maintenance

Jeffrey A. Leon
Ungaretti & Harris LLP
3500 Three First National Plaza
70 West Madison
Chicago, IL 60602
Attorney for Plaintiff, United National Maintenance

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on January 18, 2008, at San Diego, California.

_____
Lori Cutrell

!pos by mail.doc