1  WILSON PETTY KOSMO & TURNER LLP
   REGINA A. PETTY (106163)
2  SOTERA L. ANDERSON (211025)
   550 West C Street, Suite 1050
3  San Diego, California 92101
   Telephone: (619) 236-9600
4  Facsimile: (619) 236-9669
   **E-mail:** rpetty@wpkt.com
5  **E-mail:** sanderson@wpkt.com

6  Attorneys for Defendant
   SAN DIEGO CONVENTION CENTER
7  CORPORATION, INC.

8
                    **UNITED STATES DISTRICT COURT**
9
                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  UNITED NATIONAL MAINTENANCE INC, A NEVADA CORPORATION,<br><br>12<br><br>13           Plaintiff,<br><br>14      v.<br><br>15  SAN DIEGO CONVENTION CENTER CORPORATION, INC., A CALIFORNIA CORPORATION,<br><br>16<br>           Defendant.<br>17 | Case No. 07-CV-2172 BEN (JMA)<br><br>**DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S REPLY TO PLAINTIFF'S SUBMISSION OF SUPPLEMENTAL EVIDENCE FILED UNDER SEAL IN CONNECTION WITH THE PENDING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint Filed: November 13, 2007<br><br>Date:      January 7, 2008<br>Time:      10:30 a.m.<br>Dept.:     3.<br>Judge:     Hon. Roger T. Benitez<br>Trial Date: Not Set<br><br>**[EXEMPT FROM FEES –GOV. CODE, § 6103]** |

23      Defendant SAN DIEGO CONVENTION CENTER CORPORATION, INC. (hereinafter

24  "Defendant" or "SDCCC"), hereby submits its reply to the supplemental evidence submitted by

25  Plaintiff in connection with Plaintiff's pending Motion for Preliminary Injunction as follows:

26  / / /

27  / / /

28
                                          -1-                    Case No. 07-CV-2172 BEN (JMA)
   DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S REPLY TO PLAINTIFF'S
   SUBMISSION OF SUPPLEMENTAL EVIDENCE FILED UNDER SEAL IN CONNECTION WITH THE PENDING
                          MOTION FOR PRELIMINARY INJUNCTION

At the hearing of Plaintiff's Motion for Preliminary Injunction on January 7, 2008, Plaintiff vigorously argued that SDCCC's security concerns were a sham and that Plaintiff had been singled out for operational changes implemented by SDCCC. The Court directed SDCCC to submit supplemental evidence providing further detail concerning SDCCC's security program within ten days. Prior to SDCCC's submission of supplemental papers, Plaintiff filed additional declarations under seal in an apparent effort to belatedly buttress its evidence.

First, the fact that Plaintiff saw fit to file the additional declarations under seal undermines Plaintiff's own argument that security is a sham issue. If Plaintiff genuinely believed that the facility operations issues presented in this lawsuit did not involve sensitive matters of security, Plaintiff would not have considered it necessary to protect the information from public view.

Second, Plaintiff's supplemental declarations of GES and Champion personnel reporting perceived security changes undercut Plaintiff's sham argument. Obviously, the full details of an effective security program are not disclosed to those without a specific need to know and are not readily discernable by the casual observer. The fact that GES and Champion personnel are unable to report to others all of the particulars of SDCCC's methods for protecting the Convention Center positively highlights the success of SDCCC's efforts. The world should not know each element of SDCCC's security program.

Third, SDCCC's incontrovertible evidence demonstrates that Plaintiff's claim of sham is just plain wrong. Plaintiff's contention is premised on the claim that SDCCC has singled out the janitorial services trade. The premise is belied by the facts. As the declarations demonstrate, SDCCC's implementation of a comprehensive, multi-faceted upgrade of facility security has spanned years and is continuing. Over time, SDCCC has instituted various policies and procedures affecting facility access and the business operations of other trades such as production services companies and destination management companies that serve to beef up security. Ultimately, SDCCC has a responsibility for public safety that far outweighs the preference of an individual company to do business in a certain way.

Finally, Plaintiff's supplemental declarations from GES and Champion personnel are tellingly silent regarding a key prong of a viable antitrust theory. Though given the opportunity,

neither GES nor Champion offer evidence that they are now unable to contract with Plaintiff for janitorial services at the San Diego Convention Center whenever they like. Moreover, the GES and Champion declarations support the existence of an insurmountable barrier to Plaintiff's antitrust case. The declarations address only the operations of the San Diego Convention Center. There is no hint of the implication of interstate commerce within the declarations. The cleaning services are a purely local activity with purely local effects and, therefore, outside the reach of federal antitrust law.

Dated: January 23, 2008                    **WILSON PETTY KOSMO & TURNER LLP**

                                            By:        /s/  Sotera L. Anderson
                                                REGINA A. PETTY
                                                SOTERA L. ANDERSON

                                                Attorneys for Defendant
                                                SAN DIEGO CONVENTION CENTER
                                                CORPORATION