WRIGHT & L'ESTRANGE
A Partnership Including Professional Corporations
    John H. L'Estrange, Jr. (SBN 049594)
      jlestrange@wllawsd.com
    Joseph T. Ergastolo (SBN 137807)
      jte@wllawsd.com
401 West A Street, Suite 2250
San Diego, California 92101
(619) 231-4844   Fax:  (619) 231-6710

Attorneys for Defendant
SAN DIEGO CONVENTION CENTER
CORPORATION, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE INC., A Nevada Corporation<br><br>        Plaintiff,<br><br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., A California Corporation<br>        Defendant. | CASE NO. 07-cv-2172-BEN (JMA)<br><br>**DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S CORRECTED FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant SAN DIEGO CONVENTION CENTER CORPORATION, INC. ("SDCC") submits the following corrected first amended answer to Plaintiff UNITED NATIONAL MAINTENANCE INC.'s ("Plaintiff") Complaint:

## INTRODUCTION

1.    SDCC denies that it has violated the antitrust laws.  It further denies that Plaintiff has suffered any damages.

2.    Deny.

///

///

///

**PARTIES**

3. SDCC admits upon information and belief that Plaintiff is a Nevada corporation engaged in the service of providing services to trade shows and conventions at the SDCC facility. Except as specifically admitted, the allegations in paragraph 3 are denied.

4. SDCC lacks sufficient information to admit or deny the factual allegations in paragraph 4 and they are therefore denied.

5. Admit all the factual allegations, but deny the term "Trade Shows Cleaning Services" has any legal significance.

6. SDCC admits that it was incorporated on October 31, 1984. It has managed, marketed and operated the SDCC Facility continually since 1989. SDCC also admits that as of the date the complaint was filed, it had not registered as a public agency of the Roster of Public Agencies with the California Secretary of State. Except as specifically admitted, the allegations in paragraph 6 are denied.

**JURISDICTION AND VENUE**

7. Paragraph 7 of the complaint contains legal conclusions to which SDCC is not obligated to respond and therefore denies same.

8. SDCC admits that it transacts business in the San Diego area of the Southern District of California. Except as specifically admitted, the allegations in paragraph 8 are denied.

**INTERSTATE COMMERCE**

9. SDCC admits that some of the conventions at its Facility are organized and contracted for by out of state entities. Except as specifically admitted, the allegations in paragraph 9 are denied.

**THE SAN DIEGO CONVENTION CENTER MARKET**

10. SDCC admits that it operates and manages the SDCC Facility located at 111 West Harbor Drive, San Diego, California ("Facility"). It has over 615,000 square feet of exhibit space and over one million square feet of combined exhibit, meeting, banquet and lobby space.

///

SDCCC lacks sufficient information to admit or deny the remaining allegations in paragraph 10 and they are therefore denied.

11.  Deny.

12.  SDCC admits that in some instances, it signs contracts with trade associations as much as 5 years in advance. Except as specifically admitted, the allegations in paragraph 12 are denied.

13.  SDCC admits that some trade associations hire GES Exposition Services and Champion Exposition Services to organize and manage their trade shows at the SDCC Facility. SDCC lacks sufficient information to admit or deny the remaining allegations in paragraph 13 and they are therefore denied.

14.  SDCC admits that employees of general contractors are given controlled access to the Facility. Except as specifically admitted, the remaining factual allegations are denied.

15.  SDCC admits the second sentence of paragraph 15. SDCC lacks sufficient information to admit or deny the allegations of the remaining allegations in paragraph 15 and they are therefore denied.

### THE TRADE SHOW CLEANING SERVICES PRODUCT MARKET

16.  Deny.

17.  Deny.

18.  Deny.

19.  Admit that booth cleaning addresses the cleaning of individual exhibits. Except as specifically admitted, SDCC denies the allegations in paragraph 19.

20.  SDCC lacks sufficient information to admit or deny the allegations in paragraph 20 and they are therefore denied.

21.  SDCC lacks sufficient information to admit or deny the allegations in paragraph 21 and they are therefore denied.

///

///

22. SDCC lacks sufficient information to admit or deny the allegations in paragraph 22 and they are therefore denied.

### THE RELEVANT GEOGRAPHIC MARKET IS SAN DIEGO

23. SDCC lacks sufficient information to admit or deny the allegations in paragraph 23 and they are therefore denied.

24. SDCC lacks sufficient information to admit or deny the allegations in paragraph 24 and they are therefore denied.

25. SDCC lacks sufficient information to admit or deny the allegations in paragraph 25 and they are therefore denied.

26. SDCC lacks sufficient information to admit or deny the allegations in paragraph 26 and they are therefore denied.

27. SDCC admits that there is competition between convention cities. Except as specifically admitted, SDCC lacks sufficient information to admit or deny the allegations in paragraph 27 and they are therefore denied.

28. SDCC lacks sufficient information to admit or deny the allegations in paragraph 28 and they are therefore denied.

29. SDCC lacks sufficient information to admit or deny the allegations in paragraph 29 and they are therefore denied.

30. SDCC lacks sufficient information to admit or deny the allegations in paragraph 30 and they are therefore denied.

31. SDCC lacks sufficient information to admit or deny the allegations in paragraph 31 and they are therefore denied.

### SDCC HAS MONOPOLY POWER IN THE TRADE SHOW CLEANING SERVICES MARKET

32. Deny.

33. Deny.

34. SDCC admits the exhibits attached to the complaint include the quotes alleged in paragraph 34. Except as specifically admitted, the allegations in paragraph 34 are denied.

35. Deny.

36. Deny.

37. Deny.

**THE TRADE SHOW CLEANING SERVICE MARKET CONTRACTING PROCESS**

38. SDCC lacks sufficient information to admit or deny the allegations in paragraph 38 and they are therefore denied.

39. SDCC lacks sufficient information to admit or deny the allegations in paragraph 39 and they are therefore denied.

40. SDCC lacks sufficient information to admit or deny the allegations in paragraph 40 and they are therefore denied.

41. SDCC admits that cleaning services for conventions at its Facility are paid for out of fees received by the general contractor. Except as specifically admitted, SDCC lacks sufficient information to admit or deny the allegations in paragraph 41 and they are therefore denied.

42. SDCC lacks sufficient information to admit or deny the allegations in paragraph 42 and they are therefore denied.

43. SDCC admits that it has contracts with Plaintiff for $17.00 an hour for labor for certain services. This is the same price SDCC charges its own customers for certain services. Except as specifically admitted, the allegations in paragraph 43 are denied.

44. SDCC lacks sufficient information to admit or deny the allegations in paragraph 44 and they are therefore denied.

**SDCC'S FAILED EFFORTS TO RAISE ITS MARKET SHARE THROUGH COMPETITION ON SERVICE AND PRICE**

45. SDCC admits that since the inception of its Facility, it has been offering to sell cleaning service to general contractors. Except as specifically admitted, the allegations in paragraph 45 are denied.

///

///

46. SDCC admits that effective July 1, 2007, it implemented a policy that required that cleaning services at its Facility be done with its own employees. Except as specifically admitted, the allegations in paragraph 46 are denied.

47. SDCC admits that it met with GES and Champion in an effort to secure their cleaning business. Except as specifically admitted the allegations in paragraph 47 are denied.

48. Deny.

## SDCC'S PRETEXTUAL EFFORT TO CORNER THE MARKET FOR TRADE SHOW CLEANING SERVICES

49. Deny.

50. SDCC admits that effective July 1, 2007; it notified general contractors using the facility that all cleaning services within the Facility would have to be performed by SDCC employees. Except as specifically admitted, the allegations in paragraph 50 are denied.

51. SDCC lacks sufficient information to admit or deny the allegations in paragraph 51 and they are therefore denied.

52. SDCC admits that it asserted that allowing Plaintiff's employees access to the SDCC Facility poses security risks. Except as specifically admitted, the allegations in paragraph 52 are denied.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. SDCC admits that the Plaintiff offered, at its own expense, to subject Plaintiff's employees to background checks and security protocols. Except as specifically admitted, the allegations in paragraph 57 are denied.

58. SDCC admits that the quotations from the letters, which are attached as Exhibits H and I to the complaint, are an accurate recitation of statements in those letters. Except as specifically admitted, the allegations in paragraph 58 are denied.

///

59. SDCC lacks sufficient information to admit or deny the allegations in paragraph 59 and they are therefore denied.

60. SDCC admits that in the past it used a wrist band security system for some workers entering the facility. Except as specifically admitted, the allegations in paragraph 60 are denied.

61. SDCC admits that it has allowed Plaintiff to service its contracts using SDCC employees. Except as specifically admitted, the allegations in paragraph 61 are denied.

62. Admit.

63. SDCC lacks sufficient information to admit or deny the allegations in paragraph 63 and they are therefore denied.

64. SDCC lacks sufficient information to admit or deny the allegations in paragraph 64 and they are therefore denied.

65. SDCC lacks sufficient information to admit or deny the allegations in paragraph 65 and they are therefore denied.

66. SDCC lacks sufficient information to admit or deny the allegations in paragraph 66 and they are therefore denied.

67. Deny.

68. SDCC admits that it sent a letter advising that SDCC employees must be used for cleaning services. Except as specifically admitted, the allegations in paragraph 68 are denied.

69. Deny.

**FIRST CAUSE OF ACTION**

(Attempted Monopolization)

70. SDCC reasserts and incorporates herein by reference its answers to the allegations in paragraphs 1 through 69 as set forth above.

71. SDCC admits that Plaintiff has, for a period of time, provided cleaning services at the SDCC Facility. SDCC offers similar services. Except as specifically admitted, the allegations in paragraph 71 are denied.

1  72.  SDCC admits that it is the sole operator and manager of the SDCC Facility.
2  Except as specifically admitted, the allegations in paragraph 72 are denied.
3  73.  Deny.
4  74.  Deny.
5  75.  Deny.
6  76.  Deny.
7  77.  Deny.
8  78.  Deny.
9  79.  Deny.
10 80.  Deny.

## SECOND CAUSE OF ACTION

(Essential Facilities)

13 81.  SDCC reasserts and incorporates herein by reference its answers to the allegations
14 in paragraphs 1 through 80 as set forth above.
15 82.  SDCC admits the allegations in the first sentence of paragraph 82. Except as
16 specifically admitted, the remaining factual allegations in paragraph 82 are denied.
17 83.  Deny.
18 84.  Deny.
19 85.  Deny.

## THIRD CAUSE OF ACTION

(Group Boycott)

22 86.  SDCC reasserts and incorporates herein by reference its answers to the allegations
23 in paragraphs 1 through 85, as set forth above.
24 87.  Deny.
25 88.  Deny.
26 89.  Deny.
27 90.  Deny.
28 91.  Deny.

## FOURTH OF ACTION

(Exclusive Dealing)

92. SDCC reasserts and incorporates herein by reference its answers to the allegations in paragraphs 1 through 91, as set forth above.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

## FIFTH OF ACTION

(Interference with Contract Against All Defendants)

97. SDCC reasserts and incorporates herein by reference its answers to the allegations in paragraphs 1 through 96, as set forth above.

98. SDCC reasserts and incorporates herein by reference its answer to the allegations in paragraph 15 as set forth above. Except as specifically incorporated, SDCC does not have sufficient information to admit or deny the remaining factual allegations in paragraph 98 and they are therefore denied.

99. SDCC admits that if it had knowledge Plaintiff had some type of contractual business relationship with GES and Champion. Except as specifically admitted, the allegations in paragraph 99 are denied.

100. Deny.

101. Deny.

102. Deny.

## SIXTH CAUSE OF ACTION

(Interference with Prospective Business Advantage Against All Defendants)

103. SDCC reasserts and incorporates herein by reference its answers to the allegations set forth in paragraphs 1 through 102 as set forth above.

104. SDCC lacks sufficient information to admit or deny the allegations in paragraph 104 and they are therefore denied.

105. Deny.

106. SDCC admits that for security reasons, it has implemented a policy that only its own employees are permitted to perform cleaning work at its Facility. Except as specifically admitted, the allegations in paragraph 106 are denied.

107. Deny.

108. Deny.

109. Deny.

## SEVENTH CAUSE OF ACTION

(Violation of Business and Professions Code §§17000, et seq., Against All Defendants)

110. SDCC reasserts and incorporates herein by reference its answers to the allegations set forth in paragraphs 1 through 109 as set forth above.

111. Deny.

112. Deny.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

113. The Complaint, and each and every allegation therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

114. The Complaint, and each and every cause of action contained therein, is barred by applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

115. SDCC is informed and believes, and upon such information and belief alleges, that Plaintiff is estopped from recovering damages from Defendant.

///

///

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver of Rights)

116. SDCC is informed and believes, and upon such information and belief alleges, that Plaintiff has waived any rights to recover damages, costs or fees from SDCC.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

117. The causes of action contained in the Complaint, and each of them, are barred by the application of the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

118. By virtue of Plaintiff's unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiff should be barred from any relief.

**SEVENTH AFFIRMATIVE DEFENSE**

(Intervening and Superseding Actions of Others)

119. The injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against SDCC.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

120. Plaintiff's damages may be barred or reduced as a result of Plaintiffs failure to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE**

(Acts Outside Power, Authority or Control)

121. SDCC alleges that any damage or loss, if any, sustained by Plaintiff arose as a result of the acts and/or omissions of said Plaintiff and third parties, over whom SDCC had no power, authority or control.

///

///

## TENTH AFFIRMATIVE DEFENSE

(State Action Doctrine)

122. SDCC is exempt from liability from each of Plaintiff's first four causes of action for violation of the Sherman Act under the "State Action Doctrine."

## ELEVENTH AFFIRMATIVE DEFENSE

(Plaintiff has Not Been Denied Access)

123. Plaintiff has not been denied access to the SDCC Facility and, as such, Plaintiff's claim for Essential Facilities fails.

## TWELFTH AFFIRMATIVE DEFENSE

(SDCC Has Not Boycotted Plaintiff)

124. SDCC has not boycotted Plaintiff from the SDCC Facility and, as such, Plaintiff's claim for Group Boycott fails.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Exclusive Dealing)

125. SDCC has not entered into an exclusive dealing contracts with third parties for cleaning services at the SDCC Facility and, as such, Plaintiff's claim for Exclusive Dealing fails.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Valid Business Justification)

126. SDCC's new security policy affecting cleaning services at the SDCC Facility is a valid business justification for the direct and indirect results of such a policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Adverse Effect on Competition)

127. SDCC's conduct was not intended to have, did not have, and is not likely to have any adverse effect on competition.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Pro Competitive Conduct)

128. SDCC's conduct in this matter was pro-competitive.

///

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(No Antitrust Injury)

129. Plaintiff has not sustained any antitrust injury.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Damages Not Permitted Under California Unfair Competition Law)

130. Plaintiff's claims in the Seventh Cause of Action are barred, in whole or in part, because the compensatory and punitive damages it seeks are not permitted under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Due Process Violation)

131. The adjudication of Plaintiff's claims violates the due process provisions of the Constitution of the United Sates and comparable provisions of the Constitution of the State of California.

**TWENTIETH AFFIRMATIVE DEFENSE**

(California Unfair Competition Law Does Not Apply to Government Entities)

132. Plaintiff's claims in the Seventh Cause of Actions are barred because California's Unfair Competition Law does not apply to government entities.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Justification)

133. Plaintiff's claims in the Fifth and Sixth Causes of Action are barred, in whole or in part, because SDCC's conduct was justified.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Fair Competition)

134. Plaintiff's claims in the Fifth and Sixth Causes of Action are barred, in whole or in part, because SDCC's actions constitute fair competition.

///

///

///

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Local Government Exemption)

135. Pursuant to 15 U.S.C. §§ 34-36, Plaintiff cannot collect damages, interest on damages, costs, or attorney's fees against SDCC on any claim arising under the Sherman Act.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Court Lacks Supplemental Subject Matter Jurisdiction)

136. Because Plaintiff's federal claims for violation of the Sherman Act fail as a matter of law, the Court lacks supplemental subject matter jurisdiction to hear Plaintiff's state law claims.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Tort Claims Act – Doctrine of Governmental Immunity)

137. Plaintiff's state law claims are barred by the doctrine of governmental immunity under the California Tort Claims Act as SDCC is a public entity.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Allege Further Affirmative Defenses)

138. SDCC reserves its right to allege additional affirmative defenses as they may become known through the course of discovery.

### PRAYER FOR RELIEF

Wherefore, defendant San Diego Convention Center Corporation, Inc. denies that Plaintiff is entitled to statutory or equitable relief including costs and attorneys' fees, requested in the Complaint's prayer for relief, and respectfully requests that the Court enter judgment in SDCC's favor, together with costs and such other relief as the Court may deem just and proper.

WRIGHT & L'ESTRANGE
Attorneys for Defendant San Diego
Convention Center Corporation, Inc.

Dated: May 6, 2009     By:     s/John H. L'Estrange, Jr.
                               John H. L'Estrange, Jr.
                               jlestrange@wllawsd.com

| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE (Abbreviated) UNITED NATIONAL MAINTENANCE, INC. v. SAN DIEGO CONVENTION CENTER CORP., INC. | |
| ATTORNEY(S) NAME AND ADDRESS AND TEL. & FAX NOS.<br>John H. L'Estrange, Jr., Esq. (SBN 049594)      (619) 231-4844<br>WRIGHT & L'ESTRANGE                Fax:   (619) 231-6710<br>401 West A Street, Suite 2250<br>San Diego, CA 92101 | |

| ATTORNEY(S) FOR: Defendant | HEARING:   DATE   TIME   DEPT | CASE NUMBER<br>07-cv-2172 BEN (JMA) |
|---|---|---|

| **CERTIFICATE OF SERVICE** |
|---|

    I am a resident of the State of California over the age of 18 years, and not a party to the within action. My business address is 401 West A Street, Suite 2250, San Diego, CA 92101. On May 6, 2009, I served the following:

**DEFENDANT SAN DIEGO CONVENTION CENTER CORPORATION, INC.'S CORRECTED FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

_X_    By electronic mail transmission. By transmitting the document(s) in PDF format, via Notice of Electronic filing through CM/ECF system on May 6, 2009.

| James R. Lance, Esq.<br>Jacob M. Slania, Esq.<br>Dylan O. Malagrino, Esq.<br>KIRBY NOONAN LANCE & HOGE, LLP<br>350 Tenth Avenue, Suite 1300<br>San Diego, CA 92101<br>Attorney for Plaintiff, United National Maintenance | Theodore Tetzlaff, Esq.<br>Kristopher J. Stark, Esq.<br>UNGARETTI & HARRIS<br>3500 Three First National Plaza<br>Chicago, IL 60602-4224<br>Attorney for Plaintiff, United National Maintenance |
|---|---|

    Executed on May 6, 2009, at San Diego, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                _s/ John H. L'Estrange, Jr._
                                                John H. L'Estrange, Jr.
                                                jlestrange@wllawsd.com