UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., etc., <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO CONVENTION CENTER CORPORATION, INC., etc., <br><br> Defendant. | Case No. 07-CV-2172-BEN (JMA) <br><br> **ORDER SCHEDULING SETTLEMENT CONFERENCE** |

A Case Management Conference was held on September 25, 2009, during which the parties requested that a Settlement Conference be scheduled.  Accordingly, a Settlement Conference will be held in the chambers of Magistrate Judge Jan M. Adler on **November 19, 2009** at **10:00 a.m**, Room 1165, United States Courthouse, 940 Front Street, San Diego, California  92101-8928.  Counsel shall submit settlement statements **directly** to Magistrate Judge Adler's chambers no later than **November 12, 2009**.[1]  The parties may either submit confidential settlement statements or may exchange their settlement statements.

---

[1] Statements under 20 pages in length, including attachments and exhibits, may be delivered directly to chambers, e-mailed to efile_adler@casd.uscourts.gov, or faxed to (619) 702-9939.  Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

**All named parties, all counsel, and any other persons whose authority is required to negotiate and enter into settlement shall appear <u>in person</u> at the conference**. <u>The individual(s) present at the Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).</u>

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

**IT IS SO ORDERED.**

DATED:  September 25, 2009

_____
Jan M. Adler
U.S. Magistrate Judge