FILED

2010 AUG -3  AM 11: 35

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE INC., | CASE NO. 07-cv-2172 BEN (JMA) |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY BY PATRICK KENNEDY |
| vs. | |
| SAN DIEGO CONVENTION CENTER CORPORATION, INC., | [Docket No. 93] |
| Defendant. | |

Currently before the Court is Defendant's Motion to Exclude Opinion Testimony of Plaintiff's Designated Expert Patrick Kennedy. (Docket No. 93.) The Motion is made pursuant to Federal Rules of Evidence 103, 104 and 702 and on the grounds that Dr. Kennedy's opinion testimony concerning Plaintiff's lost profits damages and restitutionary disgorgement relief is unreliable and will not assist the trier of fact. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

This action arises from a new policy implemented by Defendant in July 2007, concerning trade show cleaning services at the convention center that Defendant owns and operates.

On November 13, 2007, Plaintiff initiated this action based on alleged antitrust violations and related state law claims. (Docket No. 1.) Specifically, Plaintiff's First and Second Causes of Action allege antitrust violations under Section 2 of the Sherman Act; the Third and Fourth Causes of Action allege antitrust violations under Section 1 of the Sherman Act; the Fifth Cause of Action alleges

07CV2172

1  interference with contract under state law; the Sixth Cause of Action alleges interference with

2  prospective business advantage under state law; and the Seventh Cause of Action alleges unfair

3  violations under Section 17200 *et seq.* of California's Business and Professions Code. *Id.*

4  Concurrently herewith, the Court entered an order granting summary judgment in favor of

5  Defendant on Plaintiff's Third, Fourth and Seventh Causes of Action, and denying summary judgment

6  on Plaintiff's First, Second, Fifth and Sixth Causes of Action.

7  On February 3, 2010, Defendant filed the Motion currently before the Court. (Docket No. 93.)

8  The Motion seeks to exclude Dr. Kennedy from testifying at trial regarding: (1) Plaintiff's damages

9  for lost profits; and (2) the monetary relief (restitutionary disgorgement) that Plaintiff seeks to recover

10  under its Seventh Cause of Action. *Id.*  Plaintiff filed an opposition, and Defendant filed a reply.

11  (Docket Nos. 98, 100.)

12  The Court first notes that, contrary to Plaintiff's assertions, the Motion is timely.  Pursuant to

13  the Scheduling Order dated January 27, 2009, Defendant was not required to file the Motion on or

14  before December 11, 2009.  The Motion is a motion in limine and, therefore, expressly excluded from

15  the December 2009 deadline.  (Docket No. 64, ¶ 6.)  For the reasons set forth below, however, the

16  Motion is **DENIED**.

17  **DISCUSSION**

18  **I.      OPINION ON DAMAGES FOR LOST PROFITS**

19  Dr. Kennedy states that Plaintiff's economic damages "consist of (1) the lost profits caused by

20  increased labor costs that [Plaintiff] incurred when it was forced to use [Defendant's] labor, and (2)

21  lost exhibit booth cleaning profits due to [Defendant's] appropriation of [Plaintiff's] booth cleaning

22  revenues."  (L'Estrange Decl., Ex. 450, pg. 76.)  Defendant contends Dr. Kennedy's opinion is

23  unreliable and, therefore, should be excluded at trial. (P. & A., pg. 4.)

24  The admissibility of expert testimony is governed by Federal Rule of Evidence 702 which

25  requires courts to ensure that expert testimony "rests on a reliable foundation" and will assist the trier

26  of fact. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); Fed. R. Civ. P. 702.  Under

27  *Daubert*, district courts act as gatekeepers to ensure that expert testimony is sufficiently reliable before

28  it is admitted.  In this role, the court must make "a preliminary assessment of whether the reasoning

1   or methodology underlying the testimony is scientifically valid and of whether that reasoning or

2   methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93.

3        Rule 702, however, does not permit the Court to weigh conflicting expert testimony or exclude

4   expert testimony because it seems doubtful, nor should the Court determine whether the conclusions

5   are correct. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1262-63 (9th Cir. 2001) (noting

6   that faults in methodology and calculations, and critiques of conclusions go the weight and not the

7   admissibility of expert opinions); *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230-31 (9th Cir. 1998)

8   (same). As summarized in the Advisory Committee Notes to Rule 702, proponents of expert testimony

9   "do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of

10  their experts are correct, they only have to demonstrate by a preponderance of evidence that their

11  opinions are reliable . . . The evidentiary requirement of reliability is lower than the merits standard

12  of correctness." *See* Advisory Committee Notes to Rule 702, 2000 Amendments (quoting *In re Paoli

13  R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3rd Cir. 1994)). To ensure reliability of the expert testimony,

14  "[t]he trial judge in all cases of proffered expert testimony must find that it is properly grounded,

15  well-reasoned, and not speculative before it can be admitted. The expert's testimony must be grounded

16  in an accepted body of learning or experience in the expert's field, and the expert must explain how

17  the conclusion is so grounded." *See* Advisory Committee Notes to Rule 702, 2000 Amendments.

18       Here, Defendant contends Dr. Kennedy's opinion is unreliable because Dr. Kennedy assumes

19  the Living Wage Ordinance ("LWO") does not apply to Plaintiff, erroneously applies the Living Wage

20  Ordinance to Defendant, and fails to account for inflation. (P. & A., pgs. 4-5.)

21       **A.    LIVING WAGE ORDINANCE**

22            *1.    LWO Applicability*

23       Defendant contends the LWO applies to Plaintiff and, because Dr. Kennedy's opinion excludes

24  the LWO, Dr. Kennedy's opinion is unreliable and should be excluded.

25       The LWO requires employers who contract with the City of San Diego ("City") to pay their

26  employees "a wage that will enable a full-time worker to meet basic needs and avoid economic

27  hardship." S. D. Muni Code § 22.4201. The LWO applies to "any City facility agreement, including

28  any applicable sublease, subcontract, or concession agreement in effect on July 1, 2007." *Id.* at

1    § 22.4210(a)(4). "City facility means any of the following facilities that are owned, operated,

2    managed, or leased by the City . . . (d) San Diego Convention Center." *Id.* at § 22.4205. "City facility

3    agreement" is defined to include "subcontracts and concession agreements for services at the City

4    facility with a combined annual value of payments in excess of $25,000 for any single subcontractor

5    or concessionaire, and with a term of more than 90 days." *Id.* Defendant contends Plaintiff's contracts

6    for trade show cleaning services at the San Diego Convention Center fall under this definition of "City

7    facility agreement" and, therefore, the LWO applies.

8         Plaintiff first argues the Motion is premature and not the proper avenue for determining

9    whether LWO applies to this case. The Court notes, however, that the applicability of the LWO in this

10   case is a legal question and relates to the admissibility of an expert opinion. As such, the issue is

11   proper for an in limine motion and for resolution at this stage of the case. Fed. R. Evid. 104; *Haberren*

12   *v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan and Trust Agreement*, 812 F. Supp. 1376, 1378

13   (E.D. Pa. 1992) (legal issues are to be determined by the court and not the trier of fact, and are

14   appropriate for resolution at the in limine stage). Additionally, both parties briefed the issue.

15   Accordingly, the Court finds the issue ripe for determination.

16        Plaintiff next argues its contracts are exempt from the LWO because Defendant is not an arm

17   of the City and Plaintiff's contracts for trade shows at the San Diego Convention Center do not have

18   terms of more than 90 days. As detailed in the accompanying Order Granting in Part and Denying in

19   Part Defendant's Motion for Summary Judgment, however, the Court finds that Defendant is a state

20   actor. In particular, the undisputed facts show that Defendant was created by the City to operate and

21   manage the San Diego Convention Center, and the City is Defendant's sole member and appoints each

22   voting member of the Board of Directors. Therefore, Defendant is an arm of the City for purposes of

23   the LWO. The issue now becomes whether Plaintiff's trade show contracts for the San Diego

24   Convention Center have terms of more than 90 days.

25        Defendant argues that because Plaintiff's general contracts with certain trade show organizers

26   are for a term of over 90 days, Plaintiff does not fall within the 90-day exception to the LWO.

27   (L'Estrange Decl., Exs. 83, 84.) Those contracts, however, do not concern the San Diego Convention

28   Center. Rather, the contracts are general contracts setting forth general terms and conditions for

1  Plaintiff's cleaning services.  The contracts are not specific to San Diego Convention Center or to any

2  facility located within the City.  The language of the LWO, as applied here, clearly states that only

3  "subcontracts and concession agreements for services at the City facility with. . . a term of more than

4  90 days" are subject to the LWO.  S. D. Muni Code § 22.4205.  The LWO also clearly states the LWO

5  is intended to "meet the employment and economic needs of the City and its workforce.  Private

6  businesses that do not fall into any of the above described categories are not required to comply with

7  this division."  *Id.* at § 22.4201.  The express language and policy of the LWO confirms the LWO only

8  applies to contracts with or expressly relating to the San Diego Convention Center (or other City

9  facilities) and that contain a term of over 90 days; it does not apply to general contracts, such as those

10  presented here, that are not specific to City facilities and that concern private businesses.  Defendant

11  produces no evidence, disputed or otherwise, showing that any of Plaintiff's trade show cleaning

12  contracts for the San Diego Convention Center contain a term of over 90 days.  Instead, Plaintiff

13  produces evidence showing that it provides trade show cleaning services on a per show contract basis

14  and that the shows last far less than 90 days, and usually less than one week.  (Slania Decl., Ex. D at

15  pgs. 39-43, and Ex. N at 164:1-9.)  Defendant does not dispute this evidence.  Accordingly, the Court

16  finds the LWO does not apply to Plaintiff.

17       Defendant also contends Dr. Kennedy erred in applying the LWO to Defendant in his rebuttal

18  opinion.  The applicability of the LWO to Defendant, however, has no bearing on its applicability to

19  Plaintiff.  (L'Estrange Decl., Ex. 450; see also P. & A., 8:25-27 (acknowledging that whether the LWO

20  applies to Plaintiff is a separate inquiry than whether the LWO applies.)  Additionally, the applicability

21  of the LWO to Defendant appears to be irrelevant, as Defendant concedes it pays its cleaning

22  employees a rate "comparable to or higher than the LWO rates." (P. & A., pg. 9, n. 6.)  Defendant fails

23  to show how Dr. Kennedy's error, if any, in applying the LWO to Defendant in his rebuttal opinion

24  renders Dr. Kennedy's opinion on lost profit damages unreliable.

25                      *2.      LWO Assumption*

26       Plaintiff contends that, regardless of the applicability of the LWO, Dr. Kennedy is permitted

27  to base his opinion on assumptions and any assumptions later determined to be erroneous would

28  merely go to the weight of the opinion, not to its admissibility.  Because the Court finds it was not

1 | erroneous for Dr. Kennedy to assume the LWO does not apply to Plaintiff, the Court need not address

2 | this issue here.

3 | **B.    INFLATION**

4 | Defendant also contends Dr. Kennedy's opinion is inadmissible because he did not account for

5 | inflation when calculating Plaintiff's labor rate and Dr. Kennedy fails to explain why he assumed

6 | Plaintiff's labor costs would have stayed constant.

7 | In opposing the Motion, however, Plaintiff produced evidence showing that Dr. Kennedy did,

8 | in fact, take inflation into account. (Opp., pg. 15.) Specifically, Dr. Kennedy submitted a declaration

9 | stating he reviewed Plaintiff's payroll records from 2007 through 2009 and observed Plaintiff's wage

10 | rates did not change. (Kennedy Decl. [Docket No. 98-1], ¶ 6.) From that, Dr. Kennedy calculated an

11 | inflation rate of zero and applied that rate to his lost profit calculations. *Id.*

12 | Defendant does not dispute the calculation but rather, on reply, argues a zero inflation rate does

13 | not properly calculate the amount of damages under a "but for" damages model. (Reply, pg. 5.)

14 | Defendant cites no authority for its position or to otherwise show that such error, even if true, affects

15 | the reliability of Dr. Kennedy's opinion. Whatever error exists goes to the weight of Dr. Kennedy's

16 | opinion and not to its admissibility. *See, e.g., Primrose Operating Co. v. National American Ins. Co.,*

17 | 382 F.3d 546, 562 (5th Cir. 2004) (holding "[a]s a general rule, questions relating to the bases and

18 | sources of an expert's opinion affect the weight to be assigned that opinion rather than its

19 | admissibility"); *Clicks Billiards,* 251 F.3d at 1262-63 (faults in methodology and calculations, and

20 | critiques of conclusions go the weight and not the admissibility of expert opinions).

21 | Accordingly, Defendant's motion to exclude Dr. Kennedy's opinion on lost profit damages is

22 | denied.

23 | **II.    OPINION ON DAMAGES FOR RESTITUTIONARY DISGORGEMENT**

24 | Defendant also seeks to exclude Dr. Kennedy's opinion on restitutionary disgorgement. This

25 | opinion relates to Plaintiff's damages under California's Unfair Competition Law ("UCL"), as sought

26 | by Plaintiff in the Seventh Cause of Action. Cal. Bus. & Prof. Code § 17203. (Compl., ¶ 111.)

27 | Concurrently herewith, however, the Court entered an order granting summary adjudication in favor

28 | of Defendant on the Seventh Cause of Action. Accordingly, Defendant's motion to exclude Dr.

07CV2172

1  Kennedy's opinion on damages under UCL is denied as moot.

2  **CONCLUSION**

3       For the reasons set forth above, the Court **DENIES** Defendant's Motion to Exclude Opinion

4  Testimony of Plaintiff's Designated Expert Patrick Kennedy.

5  **IT IS SO ORDERED**.

6  Date; August ____, 2010

7                                              Hon. Roger T. Benitez
                                               United States District Court Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CV2172