WRIGHT & L'ESTRANGE
A Partnership Including Professional Corporations
    John H. L'Estrange, Jr. (SBN 049594)
    jlestrange@wllawsd.com
    Joseph T. Ergastolo (SBN 137807)
    jte@wllawsd.com
    Andrew E. Schouten (SBN 263684)
    aschouten@wllawsd.com
401 West A Street, Suite 2250
San Diego, California 92101
(619) 231-4844   Fax: (619) 231-6710

Attorneys for Defendant
San Diego Convention Center
Corporation, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE INC., a Nevada Corporation<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California Corporation,<br><br>    Defendant. | CASE NO. 07-cv-2172-AJB<br><br>**DEFENDANT'S MOTION *IN LIMINE* NO. 11 OF 14 TO EXCLUDE EVIDENCE RELATING TO UNITED EMPLOYEES WORKING IN SECURE LOCATIONS**<br><br>Date: March 11, 2011<br>Time: 1:30 p.m.<br>Courtroom: A<br><br>Complaint Filed: November 13, 2007<br>Trial Date: March 21, 2011 |

## I.

## MOTION

Defendant San Diego Convention Center Corporation ("SDCCC") moves this Court *in limine* for an order excluding evidence, as well as all comment by counsel and/or witnesses, concerning the security procedures at the other places where UNM and its sister companies do business.

## II.

## ARGUMENT

According to Richard Simon, his employees have worked all over the country in locations "more secure" than the San Diego Convention Center. For example, Simon has stated

his security company provided services for the President of the United States and the Pope, and his aviation company services aircraft for United Airlines and Delta (Declaration of Joseph T. Ergastolo ("Ergastolo Dec."), Ex. W at 235:17-19, 236:10-25 and 244:13 – 245:13). Simon contends that since his employees were vetted by other agencies, such as the Secret Service and TSA, they are secure enough to work at the San Diego Convention Center.

These claims, however, are irrelevant to this litigation. First, in many instances, Simon is referring to employees of other United entities, not Plaintiff United National Maintenance. Second, Simon is often describing events held outside the San Diego Convention Center, such as the Pope's World Youth Day in Denver in 1993. Finally, the fact that an outside agency vetted Simon's employees has no bearing on this case. Simon did not do the security checks himself and there is no explanation of what those security checks entailed. And those employees were vetted for one singular event, not for continuous access to the building. SDCCC's claim here is that security as a whole is improved by using its own employees to perform cleaning services. There has never been a claim that every one of Simon's employees poses a threat to security. Simon's insistence that his employees in other cities can pass other agencies' background checks does not make his claim that SDCCC engaged in anticompetitive conduct more likely. The evidence should be excluded. See Fed. R. Evid. 401-402.

Further, the claims contain hearsay. For example, Simon stated that United was requested to work with the United States Secret Service during the Pope's visit (Ergastolo Dec., Ex. W at 244:13 – 245:13). This indicates a conversation took place in which some unnamed party requested United's services, and it is being used to prove that United was requested to work for the Pope. It also implies that the party requesting United's services assumed United employees were safe enough to work near the Pope and, as such, it is hearsay. See United States v. Rivera, 320 Fed. Appx. 515, 517 (9th Cir. 2009) (when questions or directives imply an assumption of certain facts, they are assertions of those facts). Simon also claimed that the Secret Service vetted 300 of United's employees and did not reject any of them (Ergastolo Dec., Ex. W at 245:7-12). This is also hearsay because it indicates the Secret Service investigated

United's employees and asserted they were not a security risk. Plaintiff wants the jury to infer that United's employees are not a security risk; therefore the statement is hearsay. See Fed. R. Evid. 801; Mahone v. Lehman, 347 F.3d 1170, 1174 (9th Cir. 2003).

This evidence is designed merely to bolster Plaintiff's image and give the jury the impression that Plaintiff's employees have the approval of federal agencies, such as the Secret Service. Such an inference is unwarranted, based on hearsay, and irrelevant to the case. Accordingly, evidence that United employees worked in "secure" locations and were vetted by other agencies should be excluded.

## III.

## CONCLUSION

For the reasons stated above, SDCCC requests that the Court enter an order excluding all evidence of the security proceedings at other places where UNM and its sister companies do business.

Dated: February 11, 2011  WRIGHT & L'ESTRANGE
Attorneys for Defendant
San Diego Convention Center Corp., Inc.

/s/ John H. L'Estrange, Jr.
John H. L'Estrange, Jr.
jlestrange@wllawsd.com