James R. Lance (147173)
Jacob M. Slania (200652)
**KIRBY NOONAN LANCE & HOGE LLP**
350 Tenth Avenue, Suite 1300
San Diego, California  92101-8700
Telephone (619) 231-8666
Facsimile (619) 231-9593

Theodore R. Tetzlaff (*Pro Hac Vice*)
Kristopher J. Stark (*Pro Hac Vice*)
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois  60602-4224
Telephone (312) 977-4400
Facsimile (312) 977-4405

Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California corporation,<br><br>    Defendant. | CASE NO. 07-CV-2172 AJB<br><br>**PLAINTIFF'S MOTION IN LIMINE NUMBER ONE TO EXCLUDE AFTER-ACQUIRED EVIDENCE REGARDING PLAINTIFF'S SAN DIEGO LABOR FORCE [No. 1 of 9]**<br><br>Judge:  Hon. Anthony J. Battaglia<br>Date:  March 11, 2001<br>Time:  1:30 p.m.<br>Ctrm.:  A<br><br>Complaint Filed: November 13, 2007<br>Trial Date: March 21, 2011 |

# 1. INTRODUCTION

Plaintiff United National Maintenance, Inc. ("United") brings the following Motion *in limine* No. 1 to exclude evidence regarding United's San Diego labor staff that Defendant San Diego Convention Center Corporation, Inc. ("SDCCC") did not learn or discover until after July 1, 2007. This motion *in limine* is brought on the grounds that such evidence is irrelevant and prejudicial, pursuant to Federal Rules of Evidence ("FRE") 402 and 403.

## 2. UNITED'S MOTION SHOULD BE GRANTED

### A.   The Subject Evidence Is Irrelevant and Should Be Excluded

SDCCC contends that its exclusive policy, effective July 1, 2007, is necessary to ensure the safety of the San Diego Convention Center (the "Facility"). SDCCC's exclusive policy prohibits United from utilizing its own laborers to perform Trade Show Cleaning Services[1] at the Facility. Given its effective date, SDCCC could only have decided to implement its exclusive policy based on information SDCCC was aware of prior to July 1, 2007.

Prior to implementation, SDCCC stated its exclusive policy was being applied to Trade Show Cleaning for "security" reasons.[2] These statements began before July 1, 2007. (See accompanying Declaration of Jacob M. Slania ("Slania Decl."), ¶¶ 3-4, Exs. 1-2.) Thus, whatever the true purpose behind implementation of the policy, SDCCC based its decision on information known prior to July 1, 2007.

When the exclusive policy was implemented, SDCCC had no evidence regarding the nature of United's employment applications, hiring procedures, or related information. After

---

[1] Trade Show Cleaning Services are specialized cleaning and maintenance for trade shows held at convention facilities nationwide. These services are comprised of two components, Facility Cleaning and Booth Cleaning. Facility Cleaning is the cleaning of all common areas used by a trade show during the move-in phase (including construction and installation of the booths and show exhibits) and the move-out phase (including dismantling the booths and exhibits and vacating the premises). Daily porter cleaning is also a component of Facility Cleaning. Booth Cleaning is the cleaning of individual booths and contiguous aisle space during a show, and it is provided to exhibitors upon request.

[2] SDCCC has now admitted there actually is a financial motive to the implementation of its exclusive policy. (Slania Decl., ¶ 5, Ex.3.)

1  United filed the instant case on November 13, 2007 (Dkt. No. 1), and during discovery SDCCC
2  hired a private investigator to look into United's San Diego labor force. (Slania Decl., ¶ 6.)
3  SDCCC's private investigator conducted an investigation in 2009, and as a result of that
4  investigation SDCCC discovered that some of United's San Diego-based employees had alleged
5  discrepancies regarding their social security numbers. (*Id.* at ¶ 6, Ex. 4.) The federal government
6  has oversight responsibilities on this issue, but there is no evidence of the federal government
7  questioning United regarding these employees or their social security numbers. (*Id.* at ¶ 6, Ex. 5.)
8  If discrepancies exist, for whatever cause, those discrepancies and that information could not have
9  been a reason for SDCCC to implement the exclusive policy, because SDCCC did not know about
10 this information before 2009. Accordingly, the evidence is irrelevant and should be excluded
11 under FRE 402.

12      In its Motion in Limine #2, SDCCC has argued that evidence acquired after July 1, 2007
13 could not have been relied upon by SDCCC in choosing to implement its exclusive policy. (Dkt.
14 No. 140-5, p. 7:7-11) This is a judicial admission by SDCCC which SDCCC is now bound by.
15 *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in
16 pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively
17 binding on the party who made them"). SDCCC should not be permitted to avoid its own
18 argument and admissions in this instance. SDCCC's admission further demonstrates why the
19 evidence is irrelevant, and should be excluded under FRE 402.

20      **B.     The Subject Evidence Is Unfairly Prejudicial and Should Be Excluded**

21      Further, the issue of workers and their documentation is a widely debated and sensitive
22 subject, with many jurors potentially having very strong feelings on the topic. The true reason
23 SDCCC pursued the evidence was to inflame the jury against United on this sensitive topic.[3] To
24 introduce this subject into the trial – especially when it has no relevance to whether the exclusive
25 policy violated antitrust laws or interference with contracts - would be prejudicial to United, and

---

[3] By this statement United does not intend to, nor does it, admit that any of its employees are not properly documented.

would likely affect the jury's ability to decide the case objectively. *Old Chief v. U.S.*, 519 U.S. 172, 193 (1997) (stating the rule that evidence should be excluded as unfairly prejudicial if "it has an undue tendency to suggest decision on an improper basis"). Therefore, the evidence should be excluded pursuant to FRE 403.

### 3. CONCLUSION

For the foregoing reasons United respectfully requests that its Motion in Limine #1 be granted, and the Court exclude evidence of the after-acquired evidence, and all related references and argument.

DATED: February 16, 2011              KIRBY NOONAN LANCE & HOGE LLP


By: /s/ Jacob M. Slania
    James R. Lance
    Jacob M. Slania
    Attorneys for Plaintiff
    UNITED NATIONAL MAINTENANCE, INC.