1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED NATIONAL MAINTENANCE,        )    Civil No.07cv2172 AJB
     INC., a Nevada Corporation,          )
                                          )
12                       Plaintiff,       )    ORDER GRANTING MOTION IN
     v.                                   )    LIMINE TO EXCLUDE FUTURE
13                                        )    DAMAGES THEORY AND OPINION
     SAN DIEGO CONVENTION CENTER          )    TESTIMONY OF PATRICK KENNEDY
14   CORPORATION, INC., a California      )
     Corporation,                         )    [Doc. No. 136]
15                                        )
                         Defendants.      )
16   _____ )

17        Defendants filed a motion in limine seeking to exclude Plaintiff's expert, Patrick Kennedy, from

18   submitting a report or providing testimony regarding future lost profits on the grounds that the testimony

19   is: 1) untimely disclosed and 2) unreliable, flawed and contrary to law.  The Plaintiff filed an opposition

20   and Defendants filed a reply.  The hearing on the motion was held on February 17, 2011 before Judge

21   Battaglia.  Appearing on behalf of the Plaintiff was Jacob Slania and Joseph Ergastolo and Andrew

22   Schouten appeared on behalf of Defendants.  Based upon the parties moving papers, arguments made

23   during the hearing and for the reasons set forth below, the Defendants' motion in limine to exclude the

24   future damages opinion and testimony of Dr. Kennedy is hereby GRANTED.

25                              ***Relevant Procedural Background***

26        The instant action was filed in this Court on November 13, 2007. [Doc. No. 1.] The Court issued

27   a Scheduling Order, [Doc. No. 64], on January 27, 2009, which set the following deadlines: Expert

28   Reports due September 9, 2009, Rebuttal Expert Reports due September 30, 2009; Fact Discovery Cut-

                                              1
                                                                                07cv2172

1  Off August 10, 2009; Expert Discovery Cut-Off November 11, 2009; and the Pre-Trial Conference was

2  set for April 12, 2010.

3       On August 21, 2009, the parties filed a joint motion for amended scheduling order. [Doc. No.

4  83.] The Joint Motion was granted and the following deadlines extended: Plaintiff's Expert Disclosure

5  deadline was extended to September 30, 2009; Defendants' Expert Disclosure deadline was extended to

6  October 21, 2009; Rebuttal Expert disclosure deadline was extended to November 12, 2009; Fact

7  Discovery Cut-Off was extended to September 15, 2009[1]; and the Expert Discovery Cut-Off was

8  extended to December 18, 2009. [Doc. No. 84.]

9       On March 26, 2010, the parties filed a joint motion to vacate the pre-trial conference date, [Doc.

10  No. 108], which was granted, [Doc. No. 109], and the pre-trial conference was reset for August 2, 2010.

11  On June 17, 2010, the parties filed a second motion to vacate the pre-trial conference date, [Doc. No.

12  115], which was granted, [Doc. No. 116], and the pre-trial conference was reset for December 6, 2010.

13       An amended scheduling order [Doc. No. 121], was issued by the Court on August 9, 2010, which

14  reset the pre-trial conference for November 1, 2010.  The parties submitted a joint motion to continue

15  the deadline to meet and confer pursuant to Local Rule 16.1(f)(4) from October 12, 2010 to October 25,

16  2010.

17       The parties consented to Magistrate Judge jurisdiction on October 5, 2010, [Doc. No. 127], and

18  submitted a joint motion for order scheduling pre-trial matters on October 14, 2010, [Doc. No. 128],

19  which was granted in an order on October 21, 2010, [Doc. No. 129], which set the pre-trial conference

20  for February 4, 2010 and the trial date for March 21, 2011.

21                                    ***Legal Standard***

22       Under Rule 26(a)(2)(B), a party using an expert witness must disclose a report containing, inter

23  alia, "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R.

24  Civ. P. 26(a)(2)(B). The purpose of the rule is to eliminate "unfair surprise to the opposing party."

25  *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995).

26

27

28       [1] The deposition of Richard Simon and Charles Gutensohn were permitted to be taken after the
deadline on a date to be mutually determined by the parties.

Under Federal Rule of Civil Procedure 37(c)(1), a party who fails to provide information required to be disclosed under Rule 26(a), which includes expert reports, is not allowed to use that information at a trial, unless the failure is substantially justified or is harmless.[2] As amended in 1993, this rule provides for automatic exclusion of expert information that was not disclosed despite the existence of an independent duty to disclose under Rule 26(a) and 26(e)(1). *See* Advisory Committee Notes, 146 F.R.D. 682, 691 (1993). This new sanction was "intended to put teeth into the mandatory initial disclosure requirements added by the 1993 amendments." 8A Charles Alan Wright, Arthur Miller & Richard Marcus, Federal Practice and Procedure: Civil 2d § 2289.1, at 704. A district court's decision to admit or exclude evidence under these rules is reviewed for abuse of discretion.[3]

### *Discussion*

In ruling on the Defendants' motion in limine, the Court must consider 1) the timeliness of and explanation for the failure to disclose the evidence; 2)  the potential prejudice to the opposing party in allowing the evidence; and 3) the importance of the evidence and the availability of a continuance.

### *I. Timeliness of Disclosure and Plaintiff's Explanation for the Failure to Disclose*

Defendants argue that Patrick Kennedy's report and testimony regarding future lost profits is untimely because: 1) Plaintiff did not mention the future lost profits theory in its initial or supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) or in its initial or supplemental responses to Defendants discovery requests; 2) future lost profits were not mentioned in any of the three prior reports by this expert[4] or during his deposition of  December 23, 2009. During his deposition, the

---

[2] *See Sexton v. Uniroyal Chem. Co., Inc.*, 62 Fed. Appx. 615, 616 n. 1 (6th Cir.2003) ("This circuit has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified."); *see also Musser v. Gentiva Health Servs*., 356 F.3d 751, 758 (7th Cir.2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001) (exclusion of evidence under Rule 37(c)(1) is proper even when the exclusion makes "it much more difficult, perhaps almost impossible, to rebut damages calculations.").

[3] When reviewing a district court's decision, the reviewing court considers: 1) the explanation for the failure to disclose the evidence; 2) the importance of the evidence; 3) the potential prejudice to the opposing party in allowing the evidence; and 4) the availability of a continuance. *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 280 (5th Cir.2009).

[4] Dr. Kennedy produce his first expert report on September 30, 2009, his second report on November 12, 2009, his third report on February 26, 2010, and his forth report on February 1, 2011.

07cv2172

1  expert said, that his scope of work on the case had not changed, that he did not anticipate offering any

2  additional opinions[5] and stated that all that remained to be done was general trial preparation and

3  demonstrative evidence;[6] 3) Plaintiff did not disclose future lost profits theories in its pretrial disclosures

4  pursuant to Federal Rule of Civil Procedure 26(a)(3) which were due January 6, 2011; and 4) the

5  Plaintiff's Expert Disclosures were due on or before September 30, 2009, Rebuttal Expert disclosure

6  were due on or before November 12, 2009, and the Expert Discovery Cut-Off was December 18, 2009.

7  [Doc. No. 84.]

8        The Plaintiff contends that it complied with its disclosure and discovery obligations, however,

9  the record does not support this contention.  The Expert Discovery Cut-Off in this case was December

10  18, 2009 and Plaintiff's Expert Reports were due on or before September 30, 2009.  The first mention of

11  future lost profits that can be reliably[7] cited by the Plaintiff appears on the December 17, 2010, in

12  Memorandum of Contentions of Fact and Law, [Doc. No. 133, at 27], almost a full year after the close

13  of expert discovery. Despite Plaintiff's arguments to the contrary, production of the future lost profits

14  report for the first time on February 1, 2011 does not comply with the disclosure standard set by Rule

15  26(a)(2)(B), which requires "a complete statement of all opinions to be expressed and the basis and

16  reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). At a bare minimum, the concept should have been clearly

17  articulated, the methodology discussed and some preliminary projections of loss or the components

18  thereof provided. Suggesting that the defense should have inferred these losses from a general statement

19  of "lost profits" without more, would unfairly shift the burden of disclosure. Based upon the scheduling

20  orders and deadlines set by this Court, [Doc. Nos. 64 and 84], the Court finds Plaintiff's February 1,

21  2011 disclosure of the Expert Report by Patrick Kennedy on Plaintiff's future lost profits was not

22  timely.

23

24

25        [5] *See* Doc. No. 141-2 at 35, Exh. 7.

26        [6] *See* Doc. No. 161, Ex. D at 97, 98; 33-24, 21-25.

27        [7]At the hearing, plaintiff's counsel stated that there were oral communications with the defense
   in late 2009 where he advised that the plaintiff would be seeking future lost profits. It should be noted
28  that these preceded the expert deposition (this is inferred since no questions on this topic were asked in
   the deposition) and the February 26, 2010 report of Dr Kennedy.

1    The Plaintiff  has not provided much by way of explanation for the failure to disclose the future

2    lost profits opinion of Dr. Kennedy. The Plaintiff's contend that had Dr. Kennedy been preparing future

3    damages estimates at the same time that he provided his first three reports,[8] he would have had to

4    continually update and change his future damages estimate's start date.  The Plaintiff argues that the

5    better and more reasoned approached was to wait to perform the calculations for future lost profits until

6    a trial date was certain. The parties were provided with a trial date on October 21, 2010, [Doc. No. 129,

7    at p. 2], and the Plaintiff has failed to explain why they then waited until February 1, 2011 to provide the

8    future lost profits opinion.  The Court finds Plaintiff's contention that it somehow needed to wait until a

9    trial date was set to provide this opinion to be wholly without merit.  Dr. Kennedy provided an opinion

10   on lost profits which he updated twice to take into account trade shows that occurred during the course

11   of this litigation.  The Court sees absolutely no reason why the same could not have been done for future

12   lost profits, since Dr. Kennedy used the same methodology in calculating future lost profits as he used in

13   his three prior reports to calculate lost profits.  Since the methodology is the same, the Court sees no

14   rational explanation for why the future lost profits opinion could not, and should not have been rendered

15   timely.

16        The Plaintiff's statement that it never said is wasn't seeking future lost profits is perhaps the

17   most telling.[9]  Failing to articulate a basis upon which the Plaintiff plans to seek damages does not

18   comport with the disclosure requirements of Rule 26. The federal rule is clear, as is the case law

19   interpreting the rule. A party may not simply retain an expert and then make whatever disclosures that

20   expert is willing or able to make notwithstanding the known requirements of Rule 26. The adverse party

21   should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of

22   an expert who cannot or will not make the required disclosures. The selection and retention of an expert

23   witness is within the control of the party employing the expert. To the extent that there is a disadvantage

24   created by the expert's failure to disclose, it must be borne by the party retaining the expert witness.

---

[8] *Ibid*. note 4.

[9] Plaintiff did not even mention future lost profits until December 17, 2010 and prior to this date, the only damages sought were identified as lost profits in the amount of $709,756 through October 31, 2010.  It was not until February 1, 2011 that Plaintiff's disclosed that they were also seeking $1,018,427 in future lost profits, more than doubling the total amount of damages being sought by the Plaintiff in this case.

1  ***II. Plaintiff Must Demonstrate the Failure to Disclose Was Substantially Justified or Harmless***

2        If a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to

3  use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

4  failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).  The burden is on the party

5  facing sanctions to prove the failure to disclose was substantially justified or harmless. *Yeti By Molly,*

6  *Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108 (9th Cir. 2001).

7        *A. Plaintiff's Justification for the Failure to Disclose*

8        The Plaintiff argues that Dr. Kennedy could not have provided the future lost profits opinion and

9  report sooner because the calculations begin with the trial date.  However, the Court finds Plaintiff's

10 argument preposterous because such calculations are undertaken regularly in these types of cases with

11 only an estimated trial date and supplemented thereafter as needed if dates change. Trial dates are not

12 typically set until the final pre-trial conference and this is true in the majority of cases in this and other

13 districts.  Not having a trial date until that time is not an extraordinary occurrence sufficient to justify

14 the Plaintiff's failure to disclose its future lost profits theory.  This argument is even less persuasive

15 because, as set forth above: 1) Dr. Kennedy could have simply update this opinion as he did with his

16 other opinions; and 2) the parties were provided a trial date on October 21, 2010 and the Plaintiff has not

17 explained why they then waited until February 1, 2011 to provide the opinion. If the Court were to

18 accept Plaintiff's justification, it would completely eviscerate the disclosure requirements of Rule 26.

19 Based upon the foregoing, the Court finds that the Plaintiff has not demonstrated substantial justification

20 for its untimely disclosure of Dr. Kennedy's future lost profits opinion and testimony.

21        It is also important to note that the February 1, 2011 report, [Doc. No. 136-2, Ex. F, at p. 133],

22 states: "I am informed by counsel for UNM that the Court may find for UNM regarding liability but not

23 issue an injunction against SDCC. I therefore extended my damage projections into the future, assuming

24 that SDCC continues to operate in the manner that it has since approximately July 2007." This clearly

25 indicates a change of position in the experts scope of work that either occurred recently or went

26 undisclosed far too long. In either event, it cannot be substantially justified.

27

28

1    ***B. Plaintiff's Failure to Disclose Was Not Harmless***

2    Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove

3    harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).  The

4    Plaintiff contends that this late disclosure is harmless because Dr. Kennedy employed the same

5    methodology from his previous reports for his February 1, 2011 report, so there was effectively no new

6    methodology or unfair surprise to Defendants.  The Defendants, however, argue that they have

7    conducted no discovery with regard to prospective damages and would be severely prejudiced unless

8    discovery were reopened to allow additional discovery concerning Plaintiff's business operations and

9    future profitability.  Defendants also state that they would request leave to obtain additional experts to

10   rebut Dr. Kennedy's opinion and opine on trends in the convention and trade show industry.

11   Defendants' argue that the Plaintiff's cannot show that its failure to timely disclose was substantially

12   justified or harmless and the prejudice to Defendants is significant as there isn't time in the current

13   schedule to complete this additional discovery and the future lost profits sought more than doubles the

14   total damages sought by the Plaintiff.

15   While the Plaintiff's argument during the hearing that the additional discovery requested by

16   Defendants to alleviate prejudice was over stated is not without merit, the surprise and prejudice

17   inflicted by Plaintiff's extremely late disclosure of this opinion cannot in any way be categorized as

18   harmless.  This case is currently set for trial on March 21, 2011.  In the remaining 32 days between now

19   and then, the Court has numerous pre-trial matters yet to resolve.  This trial is expected to last at a

20   minimum two months and the Court has already arranged its calendar to make that time available.

21   Given the foregoing, there is no time to complete the additional discovery requested by Defendants as

22   well as the reciprocal discovery Plaintiff has stated it would request, without continuing the trial and

23   interference with a trial schedule is not harmless. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062

24   (9th Cir. 2005).

25   ***III. Importance of the Evidence and Defendants' Contention that the Opinion is Unreliable, Flawed***

26   ***and Contrary to Law***

27   The Defendants have also move to exclude the future lost profits expert testimony from Dr.

28   Kennedy as unreliable, flawed and contrary to law on the grounds that: 1) his report contains no analysis

1  or explanation of the assumptions he made in support of his damages opinion; 2) the opinion is based

2  upon historical records and does not make any adjustments for inflation; 3) assumes that market

3  conditions, including the conduct of other market participants, will remain static; and 4) assumes the

4  past three years performance would continue for the next nine years.  Defendants argue that such an

5  approach is speculative and would overestimate Plaintiffs future profits.

6       While the Court notes problems with the opinion, such as a complete failure to disclose the

7  discount factor, the Court need not reach this issue as the Plaintiff's untimely disclosure is harmful and

8  not substantially justified.  The Court also noted for the record that this evidence is only of arguably

9  marginal importance because if the Plaintiff's prayers are answered an injunction will in all likelihood

10 issue effectively eliminating future lost profits. Finally, the potential that Plaintiff may have to file

11 prospective lawsuits if they prevail in this case, and if they fail to receive injunctive relief from

12 defendant's policy, while a possibility, is by plaintiff's own doing, and does not warrant or overcome

13 the equities otherwise discussed herein.

### *Conclusion*

15      For the reasons set forth above, Defendants' motion in limine to exclude the future damages

16 opinion and testimony of Dr. Kennedy is hereby GRANTED and Dr. Kennedy's opinion and testimony

17 regarding future lost profits is excluded pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and

18 37(c)(1).

19      IT IS SO ORDERED.

21 DATED:  February 18, 2011

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court