1  James R. Lance (147173)
   Jacob M. Slania (200652)
2  **KIRBY NOONAN LANCE & HOGE LLP**
   350 Tenth Avenue, Suite 1300
3  San Diego, California  92101-8700
   Telephone (619) 231-8666
4  Facsimile (619) 231-9593

5  Theodore R. Tetzlaff (*Pro Hac Vice*)
   Kristopher J. Stark (*Pro Hac Vice*)
6  **UNGARETTI & HARRIS LLP**
   3500 Three First National Plaza
7  Chicago, Illinois  60602-4224
   Telephone (312) 977-4400
8  Facsimile (312) 977-4405

9  Attorneys for Plaintiff
   UNITED NATIONAL MAINTENANCE, INC.
10

11

12                    **UNITED STATES DISTRICT COURT**

13                 **SOUTHERN DISTRICT OF CALIFORNIA**

14

15  UNITED NATIONAL MAINTENANCE,        CASE NO. 07-CV-2172 AJB
    INC., a Nevada corporation,
16                                       **PLAINTIFF'S INITIAL SUBMISSION**
              Plaintiff,                  **OF PROPOSED JURY INSTRUCTIONS**
17
              vs.                        Judge:      Hon. Anthony J. Battaglia
18                                       Crtrm:      12
    SAN DIEGO CONVENTION CENTER          Trial Date: March 21, 2011
19  CORPORATION, INC., a California
    corporation,
20
              Defendant.
21

22          Pursuant to the Court's directives, attached hereto as Exhibit 1 is a copy of Plaintiff

23  United National Maintenance, Inc.'s ("United") Initial Proposed Jury Instructions.  United's

24  instructions begin at number 201, as the parties have agreed to a numbering system for the

25  jury instructions (Defendant's instructions are to begin at number 401).

26          Consistent with discussions between the parties and the Court, United will meet and

27  confer with Defendant in an attempt to reach agreement on as many jury instructions as

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

1   possible; however, to the extent agreement cannot be reached, United reserves its rights and

2   plans to object to the Proposed Jury Instructions submitted by Defendant.

3         To the extent objections are necessary United will submit its objections, and potentially

4   alternative instructions, on a date specified by the Court.

5

6   DATED: March 18, 2011                KIRBY NOONAN LANCE & HOGE LLP

7

8                                  By:  */s/ Jacob M. Slania*

9                                     James R. Lance

10                                    Jacob M. Slania

                                   Micaela P. Shelton

11                                    Attorneys for Plaintiff

                                   UNITED NATIONAL MAINTENANCE, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1

2

3

4

5

*United National Maintenance v. San Diego Convention Center Corporation, Inc.*

(Case No: 07-CV-2172 AJB)

TABLE OF CONTENTS OF EXHIBITS TO

PLAINTIFF'S INITIAL SUBMISSION OF PROPOSED JURY INSTRUCTIONS

| EXHIBIT NO. | DESCRIPTION | PAGE |
| --- | --- | --- |
| 1 | Plaintiff's Initial Proposed Jury Instructions | 1-81 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

KNLH\830463.1

# EXHIBIT 1

UNITED NATIONAL MAINTENANCE, INC'S

PROPOSED JURY INSTRUCTIONS

*1*

# INSTRUCTIONS ON THE TRIAL PROCESS

2

**Instruction 201**:  **Duty of Jury (Court Reads and Provides Written Instructions)**

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.1A**

3

**Instruction 202:  Duty of Jury (Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*Or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.1C**

*4*

**Instruction 203: Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, <u>United National Maintenance, Inc.</u>, claims that <u>the Defendant, San Diego Convention Center Corporation, Inc., has violated federal antitrust laws and state interference with contract and prospective economic relations laws</u>.   <u>United National Maintenance, Inc.</u> has the burden of proving these claims.

<u>San Diego Convention Center Corporation, Inc.</u> denies those claims and also contends that <u>it is immune from liability and had a business justification for its conduct</u>.   <u>San Diego Convention Center Corporation, Inc.</u>  has the burden of proof on these affirmative defenses.

<u>United National Maintenance, Inc.</u> denies <u>that any of San Diego Convention Center Corporation, Inc.'s affirmative defenses are valid</u>.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.2**

5

**Instruction 204: Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.3**

6

**Instruction 205:  What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

      1.     the sworn testimony of any witness;

      2.     the exhibits which are received into evidence; and

      3.     any facts to which the lawyers have agreed.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.6**

7

**Instruction 206:  What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, what they will say in closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.7**

**Instruction 207:  Evidence for Limited Purpose**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and for no other purpose.]

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.8**

9

**<u>Instruction 208</u>:  Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.9**

*10*

**Instruction 209**:  **Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.10**

**Instruction 210:  Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

      (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

      (2)    the witness's memory;

      (3)    the witness's manner while testifying;

      (4)    the witness's interest in the outcome of the case and any bias or prejudice;

      (5)    whether other evidence contradicted the witness's testimony;

      (6)    the reasonableness of the witness's testimony in light of all the evidence; and

      (7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.11**

**Instruction 211:  Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.12**

**Instruction 212:  No Transcript Available to Jury**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.13**

14

**Instruction 213**:  **Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.14**

*15*

**Instruction 214:  Jury to be Guided by Official English Translation/Interpretation**

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court [interpreters] [translators].  Although some of you may know <u>Spanish</u>, it is important that all jurors consider the same evidence.  Therefore, you must accept the English [interpretation] [translation].  You must disregard any different meaning.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.16**

**Instruction 215**:  **Use of Interpreters in Court**

You must not make any assumptions about a witness or a party based solely upon the use

of an interpreter to assist that witness or party.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.17**

**Instruction 216:  Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.18**

**Instruction 217:  Outline of Trial**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.19**

*19*

**INSTRUCTIONS ON TYPES OF EVIDENCE**

**Instruction 218:  Stipulated Testimony**

The parties have agreed what [witness]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.1**

21

**Instruction 219:  Stipulations of Fact**

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.2**

**Instruction 220:  Judicial Notice**

The court has decided to accept as proved the fact that [state fact], even though no evidence has been introduced on the subject.  You must accept this fact as true.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.3**

**Instruction 221:  Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

(The deposition of [witness] was taken on [date].)  You should consider deposition testimony presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.4**

24

**Instruction 222:  Impeachment Evidence—Witness**

The evidence that a witness [e.g., has been convicted of a crime, (lied under oath)

<u>answered differently under</u> oath on a prior occasion, etc.] may be considered, along with all other

evidence, in deciding whether or not to believe the witness and how much weight to give to the

testimony of the witness and for no other purpose.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.8**

25

**Instruction 223**:  **Use of Interrogatories of A Party**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.10**

26

**Instruction 224:  Expert Opinion**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.11**

**Instruction 225:  Charts and Summaries Not Received in Evidence**

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.12**

28

**Instruction 226:  Charts and Summaries in Evidence**

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.13**

**INSTRUCTIONS CONCERNING DELIBERATIONS**

30

**Instruction 227:  Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. · Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 3.1**

*31*

**Instruction 228:  Communication With Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 3.2**

*32*

**Instruction 229**:  **Return of Verdict**

Verdict forms have been prepared for you.  [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the forms that have been given to you, sign and date them, and advise the court that you are ready to return to the courtroom.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 3.3**

**SUBSTANTIVE LAW INSTRUCTIONS**

34

**Instruction 230:  The Sherman Act**

Plaintiff United National Maintenance, Inc. claims that San Diego Convention Center Corporation, Inc. violated the Sherman Act.  The Sherman Act prohibits monopolies, attempts to form monopolies, as well as combinations and conspiracies to do so.  Monopoly power is the power to control prices or exclude competition.

**Authority:  15 U.S.C. § 2;** *U.S. v. Grinnell Corp.* **(1966) 384 U.S. 563, 571.**

**Instruction 231:  Nature of the Claim**

Plaintiff <u>United National Maintenance, Inc.</u> claims that Defendant <u>San Diego Convention Center Corporation, Inc.</u> has violated the Sherman Act by <u>implementing a policy which prevents United National Maintenance, Inc. from using its own employees to perform Trade Show Cleaning Services at the San Diego Convention Center Facility and which requires United National Maintenance, Inc. to pay to the San Diego Convention Center Corporation, Inc. all of United National Maintenance, Inc.'s profits for Booth Cleaning and $17 per hour for Facility Cleaning</u>.

The purpose of the Sherman Act is:

(1)      to preserve and advance our system of free, competitive enterprise;

(2)      to encourage, to the fullest extent practicable, free and open competition in the marketplace; and

(3)      to prevent the accomplishment of a monopoly in any business or industry

all to the end that the consuming public may receive better goods and services at a lower cost.

Any unreasonable interference (by contract, or combination, or conspiracy) with the ordinary, usual, and freely-competitive pricing or distribution system of the open market in interstate trade and commerce, constitutes an unreasonable restraint of interstate trade, and is a violation of the federal antitrust laws.

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.01**

36

**Instruction 232: Generally**

(Section 1 of the Sherman Act (15 U.S.C.A. § 1), dealing with restraints of trade, provides that:

> Every contract, combination … or conspiracy, in restraint of trade or commerce … is …
>
> illegal …)

Section 2 of the Sherman Act (15 U.S.C.A. § 2) provides that:

> Every person who shall monopolize, or attempt to monopolize, … or conspire with
>
> any other person to … monopolize any part of the trade or commerce … shall be …
>
> guilty of a violation of the antitrust laws.

Section 4 of the Clayton Act (15 U.S.C.A. § 15) provides:

> Any person who shall be injured in his business or property by reason of anything
>
> forbidden in the antitrust laws may sue therefor …

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.10**

**Instruction 233:  Interstate commerce**

The term "interstate commerce" refers to business transacted across state lines or between persons or corporations having their residences or businesses in different states.  It differs from intrastate commerce, which is business done within a single state.

There can be no violation of the law unless you determine that the activities of the defendant San Diego Convention Center Corporation as challenged by plaintiff United National Maintenance, Inc. have actually occurred in interstate commerce or, if done within this state, that such activities constituted a restraint on interstate commerce involving a not insubstantial amount of such commerce.  In other words, it is not necessary that the disputed transactions be shown to be interstate transactions in and of themselves so long as such transactions are shown to have affected interstate commerce in a substantial way.

The parties have stipulated that this case involves interstate commerce in a substantial way.

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.62**

*38*

**<u>Instruction 234</u>: Trade Show Cleaning Defined**

Trade Show Cleaning Services are specialized cleaning and maintenance services for trade shows held at convention facilities nationwide. These services are comprised of two components, Facility Cleaning and Booth Cleaning.

Facility Cleaning is the cleaning of all common areas used by a trade show during the move-in phase (including construction and installation of the booths and show exhibits) and the move-out phase (including dismantling the booths and exhibits and vacating the premises). Daily porter cleaning is also a component of Facility Cleaning.

Booth Cleaning is the cleaning of individual booths and contiguous aisle space during a show, and it is provided to exhibitors upon request.

**Instruction 235:  Definitions – Person**

The word "person" includes not only every individual, but also every corporation, partnership and every other organization, of any kind.

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.60**

*40*

**Instruction 236: Corporation can act only through agents**

As a general rule, whatever any person is legally capable of doing himself or herself can be done through another as agent. If the acts of an employee or other agent are voluntarily and intentionally ordered or directed, or authorized or consented to by a person, then the law holds that person responsible for such acts, the same as if the acts had in fact been done by that person.

A corporation is in law a person, but, of course, it cannot act otherwise than through its directors, or officers, or employees, or other agents. The law therefore holds a corporation responsible for all unlawful acts of its directors, or officers, or employees, or other agents, provided such unlawful acts are done within the scope of their authority, as would usually be the case if done in the ordinary course of their employment, or in the ordinary course of the corporation's business.

Authority to act for a corporation in a particular matter, or in a particular way or manner, may be inferred from the surrounding facts and circumstances shown by the evidence in the case. That is to say, authority to act for a corporation, like any other fact in issue in a civil case, need not be established by direct evidence, but may be established by indirect or circumstantial evidence.

Every act of any director, or officer, or employee, or other agent, on behalf of, or in the name of a corporation, if done within the scope of the person's authority, is by law the act of the corporation itself.

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.02**

41

**Instruction 237**:  **Ignorance of antitrust laws no defense**

The proof need not show knowledge of defendant <u>San Diego Convention Center</u>

<u>Corporation, Inc</u>. that a particular act or failure to act is a violation of the federal antitrust laws.

Every person is charged with knowing what the law forbids, and what the law requires to be

done.

(If you should find from a preponderance of the evidence in the case that the conspiracy

alleged in plaintiff's complaint was knowingly formed, and that defendants , or any of them,

knowingly became members of the conspiracy, then the fact that a defendant may have believed,

in good faith, that what was being done was not unlawful would not be a defense in this case.)

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil**

**Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act**

**§ 150.03**

42

**Instruction 238**:  **Monopolize**

The term "monopolize," as used in the federal antitrust laws, means the power either to obtain, or to maintain, the power to remove or exclude competitors from the field of competition in a particular business or industry.

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.64**

*43*

**Instruction 239**:  **Attempted Monopolization**

United National Maintenance, Inc. has brought suit against San Diego Convention Center Corporation, Inc. for Attempted Monopolization.

There are four essential elements that United National Maintenance, Inc. must prove in order to establish that San Diego Convention Center Corporation, Inc. is liable for attempted monopolization within the meaning of the antitrust laws:

First:  San Diego Convention Center Corporation's specific intent to control prices or destroy competition;

Second:  San Diego Convention Center Corporation's predatory or anticompetitive conduct directed at creating a monopoly;

Third:  A dangerous probability of success (i.e., achieving monopoly power); and

Fourth:  Casual antitrust injury to United National Maintenance, Inc.

**Authority:**  ***Rebel Oil Co., Inc. v. Atlantic Richfield Co.,***  **51 F.3d 1421, 1432-1433 (9th Cir. 1995).**

*44*

**Instruction 240:  Intent**

The first element that United National Maintenance must prove to establish Attempted Monopolization is that San Diego Convention Center Corporation had a specific intent to monopolize the relevant market.

Intent ordinarily may not be proved directly because there is no way of understanding or scrutinizing the operations of the human mind.  But you may infer a person's intent from surrounding circumstances.  You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances that indicate the party's state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is for you to decide what facts have been established by the evidence.

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.63**

*45*

**Instruction 241: Predatory or Anticompetitive Conduct**

The second element that United National Maintenance must prove to establish Attempted Monopolization is that San Diego Convention Center engaged in predatory or anticompetitive conduct. This is also known as "exclusionary conduct." Exclusionary conduct is the use of monopoly power to foreclose competition, to gain a competitive advantage or to destroy a competitor. It does not involve power gained from growth or development as a consequence of a superior product, business acumen or historical accident.

**Authority: *U.S. v. Grinnell Corp*. (1966) 384 U.S. 563, 570-571.**

*46*

**Instruction 242: Exclusionary Conduct**

Exclusionary conduct refers to practices that unreasonably or unnecessarily impede fair competition; that is, conduct that impairs the efforts of others to compete for customers in an unnecessarily restrictive way.  Such conduct does not refer to ordinary means of competition, like offering better products or services, exercising superior skill or business judgment, utilizing more efficient technology, or exercising natural competitive advantages.

**Authority:** *Image Technical Services, Inc. v. Eastman Kodak Co.*, **125 F.3d 1195 (9th Cir. 1997).**

*47*

**Instruction 243:  Legitimate Business Justification**

San Diego Convention Center Corporation claims that it is not liable for antitrust violations because its conduct was justified by legitimate business reasons.  In order to prevail on this claim, you should decide whether each business reason advanced by San Diego Convention Center Corporation was legitimately competitive.  A business justification is not valid unless it furthers competition on the merits, reduces prices and enhances the quality or attractiveness of a product, increases efficiency by reducing costs, or otherwise benefits consumers.

**Authority:  *Image Technical Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1202 (9th Cir. 1997).**

*48*

**Instruction 244**:  **Pretextual Business Justification**

If you find that San Diego Convention Center Corporation has asserted legitimate business reasons for implementing the exclusive policy regarding Trade Show Cleaning Services at the San Diego Convention Center facility, you should then consider whether each such reason is pretextual, in other words, not a genuine reason for San Diego Convention Center Corporation's conduct.

**Authority:**  *Image Technical Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195 (9th Cir. 1997).

*49*

**Instruction 245:  Monopoly power can be proven by circumstantial evidence**

Monopoly power is commonly referred to as market power.  Market power can be proven by direct or circumstantial evidence.

To demonstrate market power by circumstantial evidence, United National Maintenance must do the following:

1.      define the relevant market;

2.      show that the San Diego Convention Center Corporation owns a dominant share of the market;

3.      show that there are significant barriers to entry and that existing competitors lack the ability to expand their output to challenge the monopolist.

**Authority:  *Rebel Oil Co., Inc. v. Atlantic Richfield Co.,*  51 F.3d 1421, 1434 (9th Cir. 1995).**

*50*

**Instruction 246:  Relevant Market**

The relevant market is the field in which meaningful competition is said to exist.  The basic idea of a relevant market is that the goods or services are reasonable substitutes from a customer's point of view; that is, the goods and services compete with each other.  It is defined in terms of product and geography.

**Authority:  *Image Technical Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1202 (9th Cir. 1997).**

**Instruction 247:  Relevant market**

Before it can be determined whether a person has monopolized a field of competition in a particular line of trade or commerce, it must first be determined what is the "area of effective competition" applicable in this case.  In antitrust law, this is known as defining what is called the "relevant market."  Charges of attempted monopolization can only be judged in the framework of the relevant market.

The relevant market that Plaintiff <u>United National Maintenance</u> claims applies in this claim is as follows:  <u>Trade Show Cleaning Services in large convention centers in San Diego</u>. Therefore, Plaintiff <u>United National Maintenance</u> must prove by a preponderance of the evidence that the relevant market applicable in this case is <u>Trade Show Cleaning Services in large convention centers in San Diego</u>.

In determining the relevant market, the "area of effective competition" must be determined by reference to: (1) a product market and, (2) a geographic market.

First, in determining the product market, the basic idea is that the products within it are interchangeable as a practical matter from the buyer's point of view.  This does not mean that two products must be identical to be in the same relevant market.  It means that they must be, as a matter of practical fact and the actual behavior of consumers, substantially or reasonably interchangeable to fill the same consumer needs or purposes.  Two products are within a single market if one item could suit buyers' needs substantially as well as the other.  In sum, what you are being asked to do is to decide which products compete with each other.  <u>United National Maintenance contends the relevant product market is Trade Show Cleaning Services</u>.

Second, the relevant geographic market generally consists of the area or areas in which these parties and their competitors compete in the relevant product market.  In some instances,

the geographic market may be national or international, under other circumstances it may be as small as a single metropolitan area.  The geographic market selected must both correspond to the commercial realities of the industry and be economically significant.  <u>United National Maintenance contends the relevant geographic market is large convention centers in San Diego, of which there is only one, the San Diego Convention Center.</u>

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.66**

**Instruction 248:  Barriers to Entry**

One of the ways United National Maintenance can prove San Diego Convention Center Corporation's monopoly power is to show that there are significant barriers to entry in the market.  Barriers to entry are factors in the market that deter entry while permitting incumbent firms to earn monopoly returns.  Control of an essential resource is a barrier to entry.

**Authority:  *Rebel Oil Co., Inc. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1439 (9th Cir. 1995).**

54

**Instruction 249:  Causal Antitrust Injury**

In order to prevail on its claim for Attempted Monopolization, United National Maintenance, Inc. must prove that it suffered a causal antitrust injury.  This means that United National Maintenance, Inc. can be compensated for injuries that the antitrust laws were intended to prevent.  To show antitrust injury, United National Maintenance must prove that its damages flow from an anticompetitive aspect or effect of San Diego Convention Center Corporation, Inc.'s conduct.

**Authority:  *Rebel Oil Co., Inc. v. Atlantic Richfield Co.,*  51 F.3d 1421, 1433 (9th Cir. 1995).**

**Instruction 250:  Refusal to Deal**

Ordinarily, a company may deal or refuse to deal with whoever it pleases as long as it acts independently.  Even a company with monopoly power in a relevant market has no general duties to cooperate with its business rivals and may refuse to deal with them or with their customers if valid business reasons exist for such refusal.  It is unlawful, however, for a monopolist to engage in conduct, including refusals to deal, that unnecessarily exclude or handicap competitors in order to obtain or maintain a monopoly.

**Authority:  *Image Technical Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195 (9th Cir. 1997).**

56

**Instruction 251:  Monopolization – Refusal to Deal and Leveraging**

It is unlawful under Section 2 of the Sherman Act for a (group of) competitor(s) with control over a facility essential to effective competition, or one that confers a substantial economic advantage, to deny potential competitors access to that facility on reasonable terms and conditions, with the purpose or effect of creating or maintaining monopoly power in a relevant market, unless valid business reasons exist for the denial of access.

Plaintiff United National Maintenance alleges that Defendant San Diego Convention Center Corporation unreasonably denied it access to the San Diego Convention Center facility. In order to win on this claim, Plaintiff United National Maintenance must have proved each of the following elements by a preponderance of the evidence:

First, that Defendant San Diego Convention Center Corporation controls a facility that is essential to effective competition or that confers a substantial economic advantage in the relevant market;

Second, that the facility could not practically or economically be duplicated by potential competitors;

Third, that Plaintiff United National Maintenance could use the Convention Center facility without interfering with use of the facility by Defendant San Diego Convention Center Corporation or significantly inhibiting their ability to conduct their business;

Fourth, that Defendant San Diego Convention Center Corporation denied Plaintiff United National Maintenance substantially equal access to the Convention Center facility on reasonable terms and conditions; and

Fifth, that the refusal to grant Plaintiff <u>United National Maintenance</u> substantially equal access to <u>the Convention Center facility</u> was intended to or had the effect of creating or maintaining monopoly power in a relevant market.

You may consider the denial of access itself, if unexplained by valid business justifications, as proof of a purpose to monopolize.

**Authority: ABA Sample Jury Instructions in Civil Antitrust Cases (1990 Edition) Instruction 1 at C-26.**

**Instruction 252:  Leveraging in the Essential Facilities Context**

United National Maintenance contends that San Diego Convention Center corporation has violated the essential facilities doctrine by engaging in leveraging.

Leveraging involves a party's use of its monopoly power in an upstream market to obtain, or attempt to obtain, a monopoly in the downstream market.  In order to prove this claim, United National Maintenance must prove:

1.       that the upstream market is large trade show/convention venues in San Diego;

2.       that the downstream market is trade show cleaning services at large trade show/convention venues in San Diego;

3.       that the San Diego Convention Center Corporation controls the upstream market; and

4.       that the San Diego Convention Center Corporation used its control, or leverage, to obtain a monopoly in the downstream market through implementation of the exclusive policy regarding who could perform Trade Show Cleaning Services at the San Diego Convention Center.

**Authority:  *Alaska Airlines, Inc. v. United Airlines, Inc.,* 948 F.2d 536, 547 (9th Cir. 1991).**

**Instruction 253: Proximate Cause**

United National Maintenance, Inc. must prove that its injuries were proximately caused by San Diego Convention Center Corporation, Inc.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**Authority: Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.70**



**Instruction 254:  Multiple Causes**

This does not mean that the law recognizes only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.71**

61

**Instruction 255:  State Action Doctrine**

San Diego Convention Center Corporation claims that it is exempt from liability on the antitrust claims under the State Action Doctrine.  In order to prevail on this claim, San Diego Convention Center Corporation has the burden to prove:

1.      That its allegedly anticompetitive conduct was actively supervised by the State of California; and

2.      That its allegedly anticompetitive conduct was authorized by a clearly articulated and affirmatively expressed State policy.

**Authority:  *California Retail Liquor Dealers Assoc. v. Midcal Aluminum, Inc.* (1980) 445 U.S. 97, 105.**

62

**Instruction 256**:  **State Action Doctrine**

The State Action Doctrine does not automatically exempt all governmental entities from antitrust laws simply by reason of their status as such.  It exempts only anticompetitive conduct engaged in as an act of government by the state as sovereign or by its subdivisions pursuant to state policy to displace competition with regulation or monopoly public service.

**Authority:**  *City of Lafayette, La. v. Louisiana Power & Light Co.* **(1978) 435 U.S. 389, 413.**

*63*

**Instruction 257**:  **State Action Doctrine**

The first element of the State Action Doctrine requires San Diego Convention Center Corporation to prove that its allegedly anticompetitive conduct was actively supervised by the State of California.  This means that San Diego Convention Center Corporation must prove that the state of California exercises ultimate control over the challenged anticompetitive conduct, which is implementation of the exclusive policy.

**Authority:  *Snake River Valley Elec. Ass'n v. Pacificorp*, 238 F.3d 1189, 1193 (9th Cir. 2001).**

*64*

**Instruction 258:  State Action Doctrine**

The second element of the State Action Doctrine requires San Diego Convention Center Corporation to prove that its allegedly anticompetitive conduct was authorized by a clearly articulated and affirmatively expressed State policy.  To do so, San Diego Convention Center Corporation must prove that the California legislature:

1.   Authorized its challenged actions; and

2.   Intended to displace competition with regulation.

**Authority:**  *Traweek v. San Francisco*, **920 F.2d 589, 591-592 (9th Cir. 1990).**

65

**Instruction 259:  State Action Doctrine**

If you find that San Diego Convention Center Corporation's exclusive policy was authorized by a clearly articulated and affirmatively expressed State policy, you must also find that the effect of the exclusive policy was a foreseeable and logical result of the State policy.

**Authority:  *Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 400 (9th Cir. 1991).**

66

**Instruction 260:  Local Government Antitrust Act**

San Diego Convention Center Corporation claims that it is immune from liability on the antitrust claims under the Local Government Antitrust Act.  In order to prevail on this claim, San Diego Convention Center Corporation has the burden to prove:

1.    That it is a "local government" as defined by the Act; or

2.    That it is a "special function governmental unit" as defined by the Act.

**Authority:  15 U.S.C. § 34-36.**

67

**Instruction 261:  Local Government**

A local government is defined as "(A) a city, county, parish, town, township, village, or any other general function governmental unit established by State law, or (B) a school district, sanitary district, or any other special function governmental unit established by State law in one or more states..."

**Authority:  15 U.S.C. § 34(1).**

68

**Instruction 262**:  **Special Function Governmental Unit**

In order to qualify as a "special function governmental unit," San Diego Convention Center Corporation must prove:

1.      that San Diego Convention Center Corporation is legally, operationally, or financially accountable to or controlled by the public;

2.      that San Diego Convention Center Corporation has limited geographic jurisdiction, perhaps substantially smaller than the state itself; and

3.      that taxpayers would bear the burden of an antitrust damage award against San Diego Convention Center Corporation.

**Authority:  15 U.S.C. § 34(1)(B);** *Knapp v. Palisades Charter High School*, **146 Cal. App. 4th 708 (2007);** *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, **834 F. Supp. 1216 (D. Alaska 1991);** *Tarabishi v. McAlester Regional Hosp.*, **951 F.2d 1558.**

69

**Instruction 263:  Antitrust – Compensatory damages**

If you should find from a preponderance of the evidence in the case that plaintiff <u>United National Maintenance</u> is entitled to a verdict <u>on either of its antitrust claims</u>, the law provides that plaintiff <u>United National Maintenance</u> is to be fairly compensated for all damages, if any, to plaintiff <u>United National Maintenance's</u> business that were proximately caused by the conduct of defendant <u>San Diego Convention Center Corporation</u>.

In arriving at the amount of the award, you should include any damages suffered by plaintiff <u>United National Maintenance</u> because of lost profits; that is to say, profits that plaintiff <u>United National Maintenance</u> would have made, but for the unlawful conduct of defendant <u>San Diego Convention Center Corporation</u>.

If you should find from a preponderance of the evidence in the case that damage to plaintiff <u>United National Maintenance's</u> business, such as a loss in the profits, was proximately caused by the defendant <u>San Diego Convention Center Corporation's</u> conduct complained of, then the circumstances that the precise amount of plaintiff <u>United National Maintenance's</u> damages may be difficult to ascertain should not affect plaintiff <u>United National Maintenance's</u> recovery, particularly if defedant <u>San Diego Convention Center Corporation's</u> wrongdoings have caused the difficulty in determining the precise amount.

On the other hand, plaintiff <u>United National Maintenance</u> is not to be awarded purely speculative damages.  An allowance for lost profits may be included in the damages awarded, only when there is some reasonable basis in the evidence in the case for determining that plaintiff <u>United National Maintenance</u> has in fact suffered a loss of profits, even though the amount of such loss is difficult of ascertainment.

70

In arriving at the amount of any loss of profits sustained by plaintiff <u>United National Maintenance,</u> you are entitled to consider any past earnings of plaintiff <u>United National Maintenance</u> in the business in question, as well as any other evidence in the case bearing upon the issue.

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.90**

71

**Instruction 264:  Effect of allegations and instructions as to damages**

The fact that I have instructed you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of <u>United National Maintenance</u> from a preponderance of the evidence in the case in accordance with the other instructions.

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.92**

**Instruction 265:  Jury not concerned with treble damages, costs or attorney fees**

If you find for United National Maintenance in accordance with these instructions it then becomes your responsibility to determine the actual damages that United National Maintenance has suffered by reason of the violations of the antitrust laws.  Your concern is only with determining the actual damages. You are not to concern yourself with the judgment to be entered by the court in the case.

**Authority:  Federal Jury Practice and Instructions – Civil, Part VII. Instructions for Civil Actions Governed by Federal Law, Chapter 150. Antitrust – Private Actions, Sherman Act § 150.93**

73

**Instruction 266:  Intentional Interference With Contractual Relations**

United National Maintenance Inc. claims that San Diego Convention Center Corporation, Inc. intentionally interfered with the contract between it and Champion Exposition Services. To establish this claim, United National Maintenance Inc. must prove all of the following:

1.     That there was a contract between United National Maintenance Inc. and Champion Exposition Services;

2.     That  San Diego Convention Center Corporation, Inc. knew of the contract;

3.     That San Diego Convention Center Corporation, Inc. intended to disrupt the performance of this contract;

4.     That San Diego Convention Center Corporation, Inc.'s conduct prevented performance or made performance more expensive or difficult;

5.     That  United National Maintenance Inc. was harmed; and

6.     That San Diego Convention Center Corporation, Inc.'s conduct was a substantial factor in causing United National Maintenance Inc.'s harm.

**Authority:  Judicial Council of California Civil Jury Instructions No. 2201.**

74

**Instruction 267**:  **Intentional Interference With Contractual Relations**

United National Maintenance Inc. claims that San Diego Convention Center Corporation, Inc. intentionally interfered with the contract between it and GES Exposition Services. To establish this claim, United National Maintenance Inc. must prove all of the following:

1.      That there was a contract between United National Maintenance Inc. and GES Exposition Services;

2.      That  San Diego Convention Center Corporation, Inc. knew of the contract;

3.      That San Diego Convention Center Corporation, Inc. intended to disrupt the performance of this contract;

4.      That San Diego Convention Center Corporation, Inc.'s conduct prevented performance or made performance more expensive or difficult;

5.      That  United National Maintenance Inc. was harmed; and

6.      That San Diego Convention Center Corporation, Inc.'s conduct was a substantial factor in causing United National Maintenance Inc.'s harm.

**Authority:  Judicial Council of California Civil Jury Instructions No. 2201.**

75

**Instruction 268:  Intentional Interference With Prospective Economic Relations**

United National Maintenance Inc. claims that San Diego Convention Center Corporation, Inc. intentionally interfered with an economic relationship between it and Brede National that probably would have resulted in an economic benefit to United National Maintenance Inc.  To establish this claim, United National Maintenance Inc. must prove all of the following:

1.    That United National Maintenance Inc. and Brede National were in an economic relationship that probably would have resulted in an economic benefit to United National Maintenance Inc.;

2.    That San Diego Convention Center Corporation, Inc. knew of the relationship;

3.    That San Diego Convention Center Corporation, Inc. intended to disrupt the relationship;

4.    That San Diego Convention Center Corporation, Inc. engaged in wrongful conduct through implementation of its exclusive policy for Trade Show Cleaning Services, in violation of antitrust statutes;

5.    That the relationship was disrupted;

6.    That United National Maintenance Inc. was harmed; and

7.    That San Diego Convention Center Corporation, Inc.'s wrongful conduct was a substantial factor in causing United National Maintenance Inc.'s harm.

**Authority:  Judicial Council of California Civil Jury Instructions No. 2202**

76

**Instruction 269:  Intentional Interference With Prospective Economic Relations**

United National Maintenance Inc. claims that San Diego Convention Center Corporation, Inc. intentionally interfered with an economic relationship between it and Paradice Decorating that probably would have resulted in an economic benefit to United National Maintenance Inc. To establish this claim, United National Maintenance Inc. must prove all of the following:

1.     That United National Maintenance Inc. and Paradice Decorating were in an economic relationship that probably would have resulted in an economic benefit to United National Maintenance Inc.;

2.     That San Diego Convention Center Corporation, Inc. knew of the relationship;

3.     That San Diego Convention Center Corporation, Inc. intended to disrupt the relationship;

4.     That San Diego Convention Center Corporation, Inc. engaged in wrongful conduct through implementation of its exclusive policy for Trade Show Cleaning Services, in violation of antitrust statutes;

5.     That the relationship was disrupted;

6.     That United National Maintenance Inc. was harmed; and

7.     That San Diego Convention Center Corporation, Inc.'s wrongful conduct was a substantial factor in causing United National Maintenance Inc.'s harm.

**Authority:  Judicial Council of California Civil Jury Instructions No. 2202**

77

**Instruction 270:   Intentional Interference With Prospective Economic Relations**

United National Maintenance Inc. claims that San Diego Convention Center Corporation, Inc. intentionally interfered with an economic relationship between it and Nielsen Business Media that probably would have resulted in an economic benefit to United National Maintenance Inc.  To establish this claim, United National Maintenance Inc. must prove all of the following:

      1.      That United National Maintenance Inc. and Nielsen Business Media were in an economic relationship that probably would have resulted in an economic benefit to United National Maintenance Inc.;

      2.      That San Diego Convention Center Corporation, Inc. knew of the relationship;

      3.      That San Diego Convention Center Corporation, Inc. intended to disrupt the relationship;

      4.      That San Diego Convention Center Corporation, Inc. engaged in wrongful conduct through implementation of its exclusive policy for Trade Show Cleaning Services, in violation of antitrust statutes;

      5.      That the relationship was disrupted;

      6.      That United National Maintenance Inc. was harmed; and

      7.      That San Diego Convention Center Corporation, Inc.'s wrongful conduct was a substantial factor in causing United National Maintenance Inc.'s harm.

**Authority:  Judicial Council of California Civil Jury Instructions No. 2202**

*78*

**Instruction 271:  Introduction to Tort Damages – Liability Contested**

     If you decide that <u>United National Maintenance</u> has proved <u>either of</u> its <u>interference</u> claim against <u>San Diego Convention Center Corporation</u>, you also must decide how much money will reasonably compensate <u>United National Maintenance</u> for the harm. This compensation is called "damages."

     The amount of damages must include an award for each item of harm that was caused by <u>San Diego Convention Center Corporation's</u> wrongful conduct, even if the particular harm could not have been anticipated.

     <u>United National Maintenance</u> does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

     The following are the specific items of damages claimed by <u>United National Maintenance</u>:

     <u>Lost profits</u>

**Authority:  Judicial Council of California Civil Jury Instructions No. 3900**

79

**Instruction 272:  Lost Profits (Economic Damage)**

To recover damages for lost profits, United National Maintenance, Inc. must prove it is reasonably certain it would have earned profits but for San Diego Convention Center Corporation's conduct.

To decide the amount of damages for lost profits, you must determine the gross amount United National Maintenance, Inc. would have received but for San Diego Convention Center Corporation's conduct and then subtract from that amount the expenses [including the value of the [specify categories of evidence, such as labor/materials/rents/all expenses/interest of the capital employed]] United National Maintenance, Inc. would have had if San Diego Convention Center Corporation's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**Authority:  Judicial Council of California Civil Jury Instructions No. 3903N**

80

**Instruction 273:  Deadlocked Jury**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now retire and continue your deliberations.

**Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 3.5**

*81*