James R. Lance (147173)
Jacob M. Slania (200652)
**KIRBY NOONAN LANCE & HOGE LLP**
350 Tenth Avenue, Suite 1300
San Diego, California 92101-8700
Telephone (619) 231-8666
Facsimile (619) 231-9593

Theodore R. Tetzlaff (*Pro Hac Vice*)
Kristopher J. Stark (*Pro Hac Vice*)
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois 60602-4224
Telephone (312) 977-4400
Facsimile (312) 977-4405

Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada corporation, | CASE NO. 07-CV-2172 AJB |
| Plaintiff, | **PLAINTIFF'S PROPOSED VERDICT FORM** |
| vs. | Judge:      Hon. Anthony J. Battaglia |
| SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California corporation, | Crtrm:      12 |
| | Trial Date: March 21, 2011 |
| Defendant. | |

We the jury, in the above-entitled action, find the following based on the evidence and the Court's instructions submitted to us:

## A.

## **ATTEMPTED MONOPOLIZATION**

**1.** Did Plaintiff prove by a preponderance of the evidence all of the elements of its attempted monopolization claim?

Question 1: _____ Yes      _____ No

*If you answered "yes" to Question 1, please answer Question 2; if you answered "no" to question 1, please continue to Section B.*

**2.** Did Defendant prove by a preponderance of the evidence all of the elements of its State Action Doctrine affirmative defense?

Question 2: _____ Yes      _____ No

*Please answer Question 3.*

**3.** Did Defendant prove by a preponderance of the evidence all of the elements of its Local Government Antitrust Act affirmative defense?

Question 3: _____ Yes      _____ No

*If you answered "yes" to either Question 2 or Question 3, please proceed to Section B; if you answered "no" to both Questions 2 and 3, please answer Question 4.*

**4.** Please specify the amount of Plaintiff's damages caused by Defendant's attempted monopolization:  $_____.

*Please proceed to Section B.*

# B.

## ESSENTIAL FACILITIES

**5.** **Did Plaintiff prove by a preponderance of the evidence all of the elements of its essential facilities claim?**

Question 5: \_\_\_\_\_ Yes     \_\_\_\_\_ No

*If you answered "yes" to Question 5, please answer Question 6; if you answered "no" to question 5, please continue to Section C.*


**6.** **Did Defendant prove by a preponderance of the evidence all of the elements of its State Action Doctrine affirmative defense?**

Question 6: \_\_\_\_\_ Yes     \_\_\_\_\_ No

*Please answer Question 7.*


**7.** **Did Defendant prove by a preponderance of the evidence all of the elements of its Local Government Antitrust Act affirmative defense?**

Question 7: \_\_\_\_\_ Yes     \_\_\_\_\_ No

*If you answered "yes" to either Question 6 or 7, please proceed to Section C; if you answered "no" to Questions 6 and 7, please answer Question 8.*


**8.** **Please specify the amount of Plaintiff's damages caused by Defendant's violation of the essential facilities doctrine: $_____.**


*Please proceed to Section C.*

## C.

## INTERFERENCE WITH CONTRACTUAL RELATIONS

**9.     Did Plaintiff prove by a preponderance of the evidence all of the elements of its interference with contract claim (GES and/or Champion)?**

Question 9:     _____ Yes     _____ No

*If you answered "yes" to Question 9, please answer Question 10; if you answered "no" to question 9, please continue to Section D.*

**10.     Did Defendant prove by a preponderance of the evidence that its interference with Plaintiff's contracts was justified under the law?**

Question 10:     _____ Yes     _____ No

*If you answered "no" to Question 10, please answer Question 11; if you answered "yes" to question 10, please continue to Section D.*

**11.     Please specify the amount of Plaintiff's damages caused by Defendant's interference with the Plaintiff's contracts:  $_____.**

*Please proceed to Section D.*

**D.**

**INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

12. Did Plaintiff prove by a preponderance of the evidence all of the elements of its interference with prospective economic relations claim (Paradice Decorating and/or Brede National)?

Question 12:   _____ Yes      _____ No

*If you answered "yes" to Question 12, please answer Question 13.*

13. Did Defendant prove by a preponderance of the evidence that its interference with Plaintiff's economic relationships was justified under the law?

Question 13:   _____ Yes      _____ No

*If you answered "no" to Question 13, please answer Question 14.*

14. Please specify the amount of Plaintiff's damages caused by Defendant's interference with Plaintiff's economic relations: $_____

Dated: _____              Signed: _____
                                          Presiding Juror

After this verdict form has been signed, please deliver this verdict form to the bailiff.

DATED: April 13, 2011

KIRBY NOONAN LANCE & HOGE LLP

By: */s/Jacob M. Slania*
James R. Lance
Jacob M. Slania
Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.