James R. Lance (147173)
Jacob M. Slania (200652)
Lauren E. Litteken (246668)
**KIRBY NOONAN LANCE & HOGE LLP**
350 Tenth Avenue, Suite 1300
San Diego, California 92101-8700
Telephone (619) 231-8666
Facsimile (619) 231-9593

Theodore R. Tetzlaff (*Pro Hac Vice*)
Kristopher J. Stark (*Pro Hac Vice*)
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois 60602-4224
Telephone (312) 977-4400
Facsimile (312) 977-4405

Attorneys for Plaintiff
UNITED NATIONAL MAINTENANCE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California corporation,<br><br>Defendant. | CASE NO. 07-CV-2172 AJB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION RE LEAVE TO FILE OVERSIZED BRIEFS IN SUPPORT OF POST-TRIAL MOTIONS**<br><br>Judge: Hon. Anthony J. Battaglia<br>Crtrm: 12<br>Trial Date: March 21, 2011 |

Plaintiff United National Maintenance, Inc. ("United") objects to Defendant San Diego Convention Center Corporation, Inc.'s ("SDC") request to file oversized briefs in support of its post-trial motions. SDC has advised that it intends to file a Motion for Judgment as a Matter of Law and a Motion for a New Trial. Federal Rule of Civil Procedure 50 provides that, after trial, the losing party may file a renewed Motion for Judgment as a Matter of Law and may

1 include an alternative or joint request for a new trial under Rule 59.  While SDC could
2 combine these requests into one post-trial motion, it has indicated its intent to file two separate
3 motions.

4     The standards on both motions are nearly identical.  The standard for a motion for
5 judgment as a matter of law is that the jury's verdict must be upheld if there is sufficient
6 evidence for a reasonable jury to have found in the nonmoving party's favor.  *Johnson v.*
7 *Paradise Valley Unified School Dist.* (9th Cir. 2001) 251 F.3d 1222, 1227.  The standard on a
8 motion for new trial is that a new trial may be granted if the jury verdict is against the clear
9 weight of the evidence.  *Molski v. M.J. Cable, Inc.* (9th Cir. 2007) 481 F.3d 724, 729.

10     Pursuant to Local Rule 7.1(h), there is a 25 page limit on all motions, including those at
11 issue in this ex parte application.  SDC could combined its post-trial motions into a single 25
12 page request for judgment as a matter of law, or alternatively a new trial.  However, SDC
13 intends to maximize its page limit by filing two separate motions, thereby allowing it 50 pages
14 to argue that the evidence presented at trial was insufficient to support United's claims.  There
15 is no reason why SDC needs an additional 30 pages (more than a single motion) to make this
16 argument – for a total of **80 pages.**

17     United recognizes that this was a several week long trial.  But the trial issues have been
18 extensively briefed by the parties on multiple occasions, including SDC's Motion for
19 Summary Judgment and/or Adjudication, SDC's *Daubert* motions, SDC's Memorandum of
20 Contentions of Fact and Law, SDC's Trial Brief, SDC's Motions in Limine, SDC's oral Rule
21 50 Motion for Judgment as a Matter of Law after presentation of United's evidence, and SDC's
22 Amended Rule 50(a)(1) Motion for Judgment as a Matter of Law after the close of all of the
23 evidence at trial.

24 ///
25 ///
26 ///
27 ///
28 ///

1   SDC will not be unfairly prejudiced by making its argument in 50 pages instead of 80
2   (and SDC likely should bring its motions in <u>one</u> 25 page motion). The Court is well aware of
3   the legal issues in the case and the evidence presented at trial. SDC's ex parte application
4   should be denied.

5   DATED: May 24, 2011         KIRBY NOONAN LANCE & HOGE LLP

                                By: /s/ *Jacob M. Slania*
                                    James R. Lance
                                    Jacob M. Slania
                                    Lauren E. Litteken
                                    Attorneys for Plaintiff
                                    UNITED NATIONAL MAINTENANCE, INC.