UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada Corporation,<br><br>        Plaintiff,<br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California Corporation,<br><br>        Defendants. | Civil No.07cv2172 AJB<br><br>ORDER SETTING HEARING AND ORAL ARGUMENT |

There are presently three submitted motions pending before the Court.[1] Upon review of the record and the parties extensive briefing, the Court hereby sets a hearing for ***August 1, 2012, at 2:00 p.m.*** for the parties to present oral argument in response to the following two issues.

Defendants argue that they were prejudiced by errors concerning the Court's ruling on the legal issue of duty. Specifically, Defendants argue: 1) the Court erred by determining that SDC's legal duty not to interfere with UNM's contracts was a factual question for the jury; and 2) that the jury's verdict is against the clear weight of the evidence because SDC is not a stranger to UNM's subcontracts under the applicable legal standards.

***1. Whether SDC's Legal Duty Not to Interfere with UNM's Contracts Was a Question of Law or Factual Question for the Jury***

---

[1] The pending motions are as follows: (1) SDC's Motion for a New Trial, [Doc. No. 239-1]; (2) SDC's Motion for Judgment as a Matter of Law, [Doc. No. 239-3]; and (3) United's Motion for Permanent Injunction, [Doc. No. 240].

As a preliminary matter, whether a defendant owes a duty is a question of law.[2] In order to be legally capable of committing the tort, the defendant must owe a duty to the plaintiff recognized by law and be subject to liability for breach of that duty. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 869 P.2d 454 Cal.,1994. A duty in tort owing from a defendant to a plaintiff can be created by law, by a defendant's assumption of that duty, or by a preexisting relationship between the plaintiff and the defendant.[3] The Court finds that upon further consideration of the parties arguments and cases cited, that the question of whether a defendant owes a tort duty to a plaintiff is a question of law to be decided by the Court. *Jacobsen v. Marin Gen. Hosp.*, 192 F.3d 881, 885 (9th Cir. 1999) (citing *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 588-590 (1989)). Submitting the case to the jury in the absence of a legal duty is prejudicial legal error because "[w]ithout such a duty, any injury is . . . [an] injury without wrong." *Moore v. Regents of the University of California*, 51 Cal.3d 120, 135 n.16 (1990). Based upon the foregoing, the parties should focus their oral argument on the Court's tentative ruling that whether a defendant owes a tort duty to a plaintiff is a question of law to be decided by the Court.

### 2. Whether SDC Was A Stranger to United's Contracts

The tort of intentional interference with contractual relations is committed only by "strangers - interlopers who have no legitimate interest in the scope or course of the contract's performance." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 514, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994)). SDC argues that they had a direct interest and involvement in the contract and therefore cannot be a stranger to the contract.  SDC contends that as a party to the prime contract, they cannot be a stranger to the subcontract that requires or contemplates the party's performance. SDC argues that California law has long recognized that the core of intentional interference business torts is interference with an economic relationship by a third-party stranger to that relationship, so that an entity with a direct

---

[2] *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 588, 257 Cal. Rptr. 98, 770 P.2d 278 (1989) (discussing whether a defendant owes a duty of care is a question of law).

[3] *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 590, 588, 257 Cal. Rptr. 98, 770 P.2d 278 (1989); *see also Aguirre-Alvarez v. Regents of the Univ. of California*, 67 Cal.App.4th 1058, 1063, 79 Cal.Rptr.2d 580 (1998).

interest or involvement in that relationship is not usually liable for harm caused by pursuit of its interests.

In support of this argument, SDC relies upon *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 834 (9th 2001). In *Marin Tug*, the Ninth Circuit found that Shell's status as a non-party to the disrupted relationships did not affect its status as a non-stranger to them: "We are not dissuaded from this conclusion by the fact that in some instances the actual contracts were between Marin Tug and the buyer, not with Shell." *Id.* at 834. The Ninth Circuit found Shell was not easily characterized as a stranger to that relationship, because such contracts, no less than those in which Marin Tug contracted directly with Shell, required direct, active involvement by Shell. *Id.* The Ninth Circuit also found that Shell's refusal to deal with Marin Tug was not independently unlawful, even though the effect of Shell's refusal to deal, was not only that Shell would no longer contract with Marin Tug, but also that Marin Tug could no longer do business with third-party fuel brokers and consumers who otherwise would have hired it to transport Shell Oil." *Marin Tug*, 271 F.3d at 834. Based upon the forgoing, SDC has moved the court for a new trial, however, if the Court finds that: 1) *Marin Tug* applies; 2) SDC was not a stranger to United's contracts; and 3) there was no duty not to interfere, is a new trial the appropriate remedy?

The Plaintiff will have thirty minutes to present oral argument on these issues and the Defendants will have thirty minutes to respond. The Plaintiff will have fifteen minutes to present their rebuttal argument. No further briefing on these issues is requested and none will be accepted by the Court.

IT IS SO ORDERED.

DATED: July 24, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge