UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NATIONAL MAINTENANCE, INC., a Nevada Corporation,<br><br>                Plaintiff,<br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC., a California Corporation,<br><br>                Defendant. | Civil No.07cv2172 AJB-JMA<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO RETAX COSTS; DENYING PLAINTIFF'S REQUEST TO DENY COSTS ENTIRELY |

    Defendant San Diego Convention Center Corporation, Inc. ("SDC") moves the Court to retax costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Civil Rule 54.1.h. (Doc. No. 273). Specifically, SDC seeks review of the following costs denied in the Clerk of Court's order: (1) $10,782.49 for hearing and trial transcript costs; (2) $21,350.40 for maintenance of a database containing e-discovery production; and (3) $1,968.74 for transcript and video editing for use at trial. Plaintiff United National Maintenance, Inc. ("United") opposes SDC's motion, and instead asks that the Court exercise its discretion in denying recovery of any costs by SDC. (Doc. No. 276). For the reasons set forth below, SDC's motion to retax costs is GRANTED IN PART and DENIED IN PART, and United's request for denial of all taxable costs is DENIED.

### ***Background***

    The complaint in this case was filed on November 13, 2007. (Doc. No. 1). United pled four

antitrust violations under the Sherman Act and three state law claims, including one under the California Business and Professions Code. The action arose in response to a July 1, 2007 policy by SDC that required all cleaning services at trade shows at the San Diego Convention Center be performed exclusively by SDC's in-house cleaning staff.

The case proceeded to trial on March 21, 2011. After a lengthy trial, on May 4, 2011, the jury returned a verdict for United on the Intentional Interference with Contract Claim. The jury did not reach a verdict on United's remaining claims. SDC subsequently filed a motion seeking a new trial and a motion for judgment as a matter of law. (Doc. No. 239). United also filed a motion for a permanent injunction (Doc. No. 240-1). By order entered September 5, 2012, the Court granted in part and denied in part SDC's motion for a new trial (Doc. No. 261), granted SDC's motion for judgment as a matter of law (Doc. No. 262), and denied United's motion for a permanent injunction (Doc. No. 263).

Thereafter, the Clerk issued an order taxing costs in favor of SDC and against United in the total amount of $62,532.02. (Doc. No. 272). SDC timely filed this motion to retax costs pursuant to Fed. R. Civ. P. 54 and Local Civil Rule 54.1.

### *Legal Standard*

Under Rule 54(d), this Court has broad discretion to vacate or amend the Clerk's decision to tax costs. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). In exercising this discretion, the Court is mindful that a losing party bears the burden of establishing a reason to avoid taxation of costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). Although a district court must "specify reasons" for its refusal to tax costs to the losing party, the Court need not "specify reasons for its decision to abide by the presumption and tax costs to the losing party." *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)*; Save Our Valley*, 335 F.3d at 945.

Under Rule 54(d), trial courts do not have discretion to tax whatever costs seem appropriate. Courts are limited by 28 U.S.C. § 1920 in which costs they can tax. Section 1920 "enumerates the expenses a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Alflex Corp. v. Underwriters Laboratories, Inc.* 914 F.2d 175, 176 (9th Cir. 1990) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. While courts are limited to the items enumerated as taxable costs under § 1920, they are free to interpret the meaning and scope of such items. *Alflex*, 914 F.2d at 177. Once it has been established that a certain item falls within the scope of § 1920, the power to tax such costs is qualified only by the requirement that they be necessarily obtained for use in the case. *Id*. Further guidance is provided by Civil Local Rule 54.1(b), which outlines specific items for which the Court customarily allows the award of costs "not otherwise allowed or prohibited by statute or by specific order."

## *Discussion*

### *A. Costs Associated with Hearing and Trial Transcripts*

SDC seek costs of $10,782.49 for hearing and trial transcripts. The Clerk of Court denied these costs under Civil Local Rule 54.1(b)(2)(a), which provides as follows:

> The cost of the original and one (1) copy of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial, furnished the court is taxable, when either requested by the court, or prepared pursuant to stipulation. Mere acceptance by the court does not constitute a request. Copies of transcripts for counsel's own use are not taxable in the absence of a special order of the court.

(Doc. No. 272 at 2).

Although hearing and trial transcripts were neither requested by the Court nor prepared pursuant to stipulation by the parties, the Court finds that the particular nature of this case necessitated the use of transcripts in several instances. Under 28 U.S.C. § 1920(2), courts may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Insomuch as the stated purpose of the local rules governing taxable costs is to "allow certain items of costs not otherwise allowed or prohibited by statute or by specific order," the local rules do not limit or expand the scope of 28 U.S.C. § 1920; they simply address additional items not specifically allowed or prohibited by the statute. In this instance, while SDC's transcript costs might not be considered taxable under the local rule, the Court finds that they are taxable under 28 U.S.C. § 1920(2) for the reasons set forth below.

At an early stage in this matter, it became apparent that it was an unusually complicated case with several difficult issues to be considered. As SDC points out, the transcripts were utilized in numerous ways throughout the litigation of this matter. Of particular note, the transcripts were relied upon and cited at length in the parties' complex post-trial motions. The Court found the transcripts to be of significant importance in that regard and others, both during trial and after. On the whole, the case was contentiously litigated and the parties often made arguments based upon statements made previously by opposing counsel and witnesses. In this situation, the Court finds that the parties could reasonably incur the expense of obtaining transcripts of proceedings for reference during the trial and motion briefing. Insomuch as the Court finds that the hearing and trial transcripts acquired by SDC during the course of litigation were necessarily obtained for use in the case, the Court grants SDC's motion to retax costs with regard to the $10,782.49 associated with hearing and trial transcripts.[1]

### *B. Costs Associated with Maintenance of Electronic Discovery Database*

SDC seeks $21,350.40 for costs associated with electronic copying of emails and maintenance of the emails within an electronic database. The Clerk of Court denied electronic maintenance costs under Local Rule 54.1(b)(7)(e) which allows costs of preparing material for electronic retrieval and demonstrations "only as it relates to exhibits admitted in evidence." (Doc. No. 272 at 6 (quoting Civ. L. Rule 54.1(b)(7)(e)).

Nevertheless, SDCCC contends that these costs should be allowed under 28 U.S.C. § 1920(4) and Local Rule 54.1(b)(6)(a). Under 28 U.S.C. § 1920(4), courts may tax as costs fees for "making copies of any materials where the copies are necessarily obtained for use in the case." Similarly, Local Rule 54.1(b)(6)(a) allows the taxing of costs associated with making copies so long as certain criteria are met. In relevant part, Local Rule 54.1(b)(6)(a) allows taxing costs when:

(1) copies were provided either to the court or to opposing counsel either by court order, rule or statute.

---

[1] In the event that the transcripts were not found to have been "necessarily obtained for use in the case," SDCCC has raised a persuasive argument that these costs should be considered taxable as "necessarily obtained for appeal" under Local Rule 54.1(b)(2)(b). The Court finds this argument has merit. In the Court's view, it appeared likely from the early stages of the case that this matter was destined to be appealed by the losing party. This became more apparent following trial and in light of the post-trial motions. For this reason, the Court finds that hearing and trial transcript costs also qualify as taxable costs pursuant to Local Rule 54.1(b)(2)(b).

   (2) copies were used as court exhibits, either admitted into evidence, or attached to a motion.

The rule further specifies that the "cost of copies submitted in lieu of originals because of the convenience of offering counsel or client are not taxable," nor is "the cost of copies obtained for counsel's own use." Civ. L. Rule 54.1(b)(6)(b)(1) and (3).

 While Local Rule 54.1(b)(6)(a)(1) allows costs for copies a party is required to provide to the court or opposing counsel, SDC has not alleged that it provided copies of these emails to the Court or opposing counsel. In actuality, it was *United's obligation* to provide the documents to SDC pursuant to the relevant rules of discovery, and SDC agreed to split those costs with United in order to get the documents in a more convenient form for their use. Had SDC not agreed to the electronic database, it would have been United who assumed the cost of producing the hard copies of the emails. SDC opted for the database in order to avoid the cost associated with reviewing voluminous paper copies. To the extent that SDC voluntarily assumed a portion of United's burden to provide copies of emails for the sake of convenience, the Court does not find these costs taxable as the local rules do not allow recovery of costs for copies acquired in lieu of the originals for the convenience of counsel.

 Furthermore, an overwhelming majority of the documents in the database were not used as evidence nor provided to the Court. This case was not dependent upon email evidence, and SDC only relied upon a very small portion of the electronically-produced documents as evidence in this case. In fact, the majority of the emails were never presented as evidence or referred to by SDC at all. As previously noted, copies are only taxable under 28 U.S.C. § 1920(4) where the copies are necessarily obtained for use in the case, and Local Rule 54.1(b)(6)(a)(2) only allows copies to the extent that they were used as court exhibits. In very large part, that is not the case with regard to the electronically produced emails. The local rules do not allow recovery of costs for copies obtained for counsel's own use or those acquired in lieu of the originals for the convenience of counsel. It is impossible to differentiate between the costs associated with just those emails used as evidence and those that were never used in the case. Insomuch as SDC opted to use an electronic database to acquire and store emails that were largely unused as evidence or relied upon in the case, the requested amount of $21,350.40 is denied.

 ***C. Costs Associated with Transcript and Video Editing for Use at Trial***

SDC seeks $1,968.74 in costs associated with editing deposition transcripts and video for use with multi-media trial presentation software. (Doc. No. 273-1 at 8). These items were created to impeach United's witnesses with text and video that would be digitally presented to the jury at trial. (*Id.*). The Clerk of Court denied the entirety of this amount insomuch as it found no provision in the local rules that allowed recovery of this cost. (Doc. No. 272 at 2).

There does not seem to be a provision of 28 U.S.C. § 1920 applicable to SDC's request. Rather SDC relies upon Local Rule 54.1(b)(7)(a) which provides the following:

> The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is taxable if such exhibits are reasonably necessary to assist the jury or the court in understanding the issues at the trial.

In this instance, the Court does not find the electronic impeachment devices "reasonably necessary" as required under the rule. Rather than relying upon the readily-available deposition transcripts to impeach witnesses, SDC opted to create electronic visual aids that would essentially serve the same purpose while creating additional costs. Additionally, a large portion of the electronic portions were never used at trial. While SDC contends that it is "immaterial that not all of the text and video clips were used at trial," the local rule only allows costs for items "to be used as exhibits... if such exhibits are reasonably necessary to assist the jury or the court in understanding the issues at the trial." As SDC admits, not all of the electronic impeachment devices were utilized, and the Court has no way to distinguish the costs of those devices that were used from those that were not used. While the costs have been apportioned to each witness, there is no division of the costs for segmenting the video depositions and the costs for creating power point slides from the deposition transcript.

For all of these reasons, the Court finds that awarding SDC's costs for editing deposition transcripts and videos is not justified by the local rule. Accordingly, SDC's request for $1,968.74 is denied.

### D. SDC's Objection to the Taxing of Costs Entirely

On October 15, 2012, the Clerk of Court entered an order taxing costs of $62,532.02 in favor of SDC. In this order, the Court has found an additional $10,782.49 in costs associated with hearing and

trial transcripts to be warranted based on the particular nature of the case. United argues, however, that the Court should exercise its discretion in this instance and deny all costs. (Doc. No. 276 at 6).

As an initial matter, the Court agrees with SDC's contention that this argument would have been more properly brought before the Court in a separate motion to retax costs under Local Rule 54.1(h). Seeking relief from the Clerk of Court's previous order within its response to SDC's motion does not provide the Court with a fully briefed version of the issue and United's opposition to it. Regardless, the Court is not inclined to deny all costs in this matter for the following reasons.

Proper grounds for denying costs include "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (quoting *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003)) (internal quotation marks omitted). The Court finds that, on the whole, these factors do not weigh in favor of denying costs. Admittedly, the issues in the case were certainly close and difficult, and United appeared to litigate this matter in good faith. However, these two factors would apply to a great many of the cases, and the remaining factors do not support a denial of costs. There is a presumption in favor of awarding costs to the prevailing party, and the Court is not convinced that awarding costs in this case would have a chilling effect on future antitrust litigants. United has not suggested that SDC has engaged in misconducted or acted improperly such that denial of costs would be an appropriate penalty. While there were certainly difficult issues litigated in this matter, the Court does not consider them to be landmark issues of national importance. Overall, the situation does not warrant denial of costs entirely. Accordingly, SDC's request is denied.

///
///
///
///
///

## *Conclusion*

For the reasons set forth above, SDC's motion to retax costs is hereby GRANTED IN PART AND DENIED IN PART. Pursuant to this order, United shall pay $10,782.49 in taxable costs to SDCCC in addition to the $62,532.02 in costs previously awarded by the Clerk of Court. Accordingly, the total costs taxed in favor of SDCCC is $73,314.51. United's request for denial of all taxable costs is DENIED.

IT IS SO ORDERED.

DATED: January 2, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge